

1330 Avenue of the Americas
New York, NY 10019

••••

300 Great Oaks Blvd., Suite 312
Albany, NY 12203

••••

1025 Connecticut Ave, NW
Suite 1000
Washington, DC 20036

P:  1-866-8-FedLaw
F:  (202) 688-1896
attorneys@fedemploylaw.com

ADMITTED TO PRACTICE
IN NEW YORK STATE

July 28, 2021

**VIA ECF**

Honorable Christian F. Hummel
U.S. Magistrate Judge
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

> RE: **Tromblee v. State of New York, et. al.**
> **Case No.: 1:19-CV-0638 (LEK/CFH)**

Dear Judge Hummel:

We write in opposition to Defendants' Letter Request (Dkt. 97) seeking additional time in the amount of seven hours, a total of fourteen hours, to depose our client, Plaintiff Mary Tromblee, pursuant to FED. R. CIV. P. 30(d)(1).  By this correspondence we also respond to NYS and NYSOPWDD's letter filed yesterday, July 27, 2021 (Dkt. 99), which appears to request the same relief.  (Dkt. 97).  Defendants argue that they should be entitled to additional time on the basis that there are four defendants, the allegations are numerous, and will require extensive questioning.  Defendants' Letter Request dated July 20, 2021. ("Def. Letter Request") at 2.  Plaintiff opposes the additional time on the basis that Defendants' request is: (i) premature; and, (ii) fails to establish good cause.  In addition to denying the Defendants' request, Plaintiff asks for leave to cross-move for a protective order excluding her harasser, defendant Chad Dominie, from being personally present at her deposition.[1]  Plaintiff's request is premised on the basis that Mr. Dominie's attendance is for the sole purposes of intimidating and perpetuating the sexually charged and harassing conduct toward Plaintiff; as supported by two prior restraining orders against Mr. Dominie, the deposition testimony of New York State Investigator, Margret Sheehan, who testified Mr. Dominie was perceived as intimidating, lead to OPWDD changing all of their locks, and Mr. Dominie's own testimony which established his lackadaisical approach to discovery, including signing a verification without first reviewing his discovery responses, is inconsistent meaningful participation, but rather to intimidate Plaintiff.

---

[1] We seek a conference on this issue pursuant to the Local Rule 7.1.  We had an initial good faith discussion with William White, attorney for Mr. Dominie, on July 27, 2021, wherein we attempted to come to a mutually agreeable resolution.  As of the date of this letter, we have not heard back yet, however, given the severity of the past sexual misconduct that Ms. Tromblee endured from Mr. Dominie her preference is to have him excluded from being in the same room with her during the deposition.

As Defendants recognize in their Letter Request, FED. R. CIV. P. 30(d)(1) provides, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." "The party seeking to extend the time permitted under Rule 30 must provide good cause to justify an enlargement." *Shad v. Northwell Health Inc.*, CV 16-6202 (DRH) (AKT), 2018 U.S. Dist. LEXIS 171327, at *3 (E.D.N.Y. Sept. 28, 2018) (citation omitted). Defendants have not met the threshold requirement of good cause and do not establish the need for an additional seven hours of questioning.

Specifically, Defendants argue that they should be permitted an additional seven hours because Plaintiff's complaint encompasses "numerous allegations" with "various requests for relief," "[e]ach cause of action relates to different facts and will require separate questioning from each attorney." Def. Letter Request at 2, 3. Notwithstanding he Defenses' representation, it is well established that a "determination of whether good cause exists is fact specific." *Lapointe v. Target Corp.*, 16-CV-216 (GTS/CFH), 2017 U.S Dist. LEXIS 219768 (N.D.N.Y. Mar. 6, 2017). In both *LaPointe* and *New Colt Holdings Corp. v. RJG Holdings*, relied upon by Defendants, as in other cases on this issue, a deposition had already occurred and then defense counsel presented a fact specific argument that they should be permitted to question a deponent about certain topics not addressed in the earlier deposition. *See, e.g.*, *Lapointe*, 2017 U.S Dist. LEXIS 219768 (holding *after a seven hour deposition had occurred* that based on the Court's review of a 508 page deposition transcript and a consideration of all the appropriate factors defendant provided several specific topics of questioning and alleges that the Plaintiff was evasive/nonresponsive) that the Defendant's request for an additional seven hours was excessive and found an additional three hours to be reasonable under the circumstances); *see also New Colt Holdings Corp. v. RJG Holdings of Fla., Inc.*, Civ. No. 3:02cv173 (PCD), 2003 U.S. Dist. LEXIS 18036 (D. Conn. Mar. 26, 2003) (holding *after deposition occurred* and based on conduct at the prior deposition the motion for leave to continue the deposition would be granted).

Unlike in *Lapointe* and *New Colt Holdings Corp.*, the Court here has no such knowledge that Defendants cannot successfully depose Ms. Tromblee in the allotted time, nor have Defendants put forth, or adequately articulated, any evidence of the same. Rather, Defendants merely declare, *ipso facto,* they should be entitled to an additional seven hours to depose Ms. Tromblee; conspicuous by its omission is the requisite basis. *See, e.g. Williams v. Fire Sprinkler Assocs.*, CV 15-3147, 2017 U.S. Dist. LEXIS 45030, at *11-12 (E.D.N.Y. Mar. 27, 2017) ("Similar to their failure to provide an adequate rationale to support "good cause," [movants] offer no basis for their calculation of four additional hours of testimony. The Court therefore has not been provided with grounds to warrant additional testimony from [the witness]."). Where the basis for more time is "conclusory and perfunctory" there is not an adequate basis to permit additional testimony. *Carmody v. Vill. of Rockville Ctr.,* 2007 U.S. Dist. LEXIS 54736 at *13 (E.D.N.Y. 2007); *see also Sec. Ins. Co. v. T rustmark Ins. Co.,* 218 F.R.D. 29, 32 (D. Conn. 2003) (denying defendant's request for additional deposition time where "[a] review of the deposition transcript and the scope of the notice of deposition [did] not support defendant's argument that more time [was] justified"). The application to extend the time for a deposition should be made after the deposition of the witness or party at issue has been conducted. *See, e.g., Bender v. Del Valle,* 2007 U.S. Dist. LEXIS 46045, 2007 WL 1827839, at *3 (S.D.N.Y. June 25, 2007) (rendering a decision after reviewing the transcripts of the prior depositions), *see also Calderon v. Symeon,* 2007 U.S. Dist. LEXIS 20510, at *4 (D. Conn. Feb. 2, 2007); *Sec. Ins. Co.,* 218 F.R.D. at 32.

2

In an isolated example, *Amley v. Sumitomo Mitsui Banking Corp.*, Case No. 19-cv-03777-CM, 2021 U.S. Dist. LEXIS 3494 (S.D.N.Y. Jan. 4, 2021), a ruling was made prior to a deposition of the plaintiff, however, the case is distinguishable as in this case counsel was attempting to renege on a prior agreement to permit Plaintiff to be deposed for a second day by demanding a *quid pro quo* of having a prior defense witness be deposed for an additional day. This greatly differs from the present matter where Plaintiff consistently opposed any such enlargement whenever the issue was raised and has never sought any *quid pro quo* arrangement as the parties in *Amley* had. In *Amley*, the court granted the enlargement after finding that the plaintiff had agreed to the enlargement but was attempting to "hold the Amley deposition hostage to his desire for a *quid pro quo*." *Id.* at *1. Such is not the case here.

Further, contrary to Defendants' assertion, "actions such as these, under Title VII . . . are one of the most common actions filed in this court." *Carmody*, 2007 U.S. Dist. LEXIS 54736, at *13. Courts have held that "where the witness does not need to be examined concerning a large number of documents and there is no need to use an interpreter, factors relevant to the determination of good cause would ordinarily include whether the time previously afforded for the deposition was used efficiently and whether there are additional relevant areas of inquiry." *Margel v. E.G.L. Gem Lab Ltd.*, 04 Civ. 1514 (PAC)(HBP), 2008 U.S. Dist. LEXIS 41754, at *24 (S.D.N.Y. May 29, 2008).

Defendants also argue that under the traditional seven-hour rule, each defense attorney will only be allowed 1.75 hours of time if split equally and thus would not be a "fair examination" of Plaintiff. Def. Letter Request at 3. However, this is in clear conflict with the Advisory Committee Notes for FRCP 30 that Defendants reference which holds that "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest." *See* FRCP 30 Advisory Committee Notes for Subdivision (d). Defendants assert their interests are not entirely consistent, but they need not be. Their interests are consistent *enough* such that a majority of the questioning could be conducted by one or two defense attorneys, leaving sufficient time for the remainder to ask more pointed questions relevant to their individual client, if needed.

While Defendants' request remains both speculative and premature, Plaintiff argues that given what is known at present, it is unreasonable to suggest that each defense attorney would require 3.5 hours of questioning each in order to hold a "fair examination" of Ms. Tromblee. Indeed, Defendants did not even attempt to proffer the areas of inquiry, that differ so substantially amongst the parties, that would necessitate an enlargement to fourteen hours so that each could receive an equal amount of time for questioning.[2] The law places the burden on Defendants to demonstrate good cause. *Shad*, 2018 U.S. Dist. LEXIS 171327, at *3. As Defendants have not articulated sufficient justification for the arbitrary request, Defendants correspondingly fail to meet this burden.

---

[2] Plaintiff notes that if Defendants are permitted to extend the time for Ms. Tromblee's deposition, it is possible that Defendants may not be as motivated to "seek to minimize the deposition and avoid repetitive questioning when possible" (Def. Letter Request at 3). Conversely, if the request is denied, Defendants would have the proper motivation to get through Ms. Tromblee's deposition as efficiently as possible (and thus subjecting Ms. Tromblee to the least amount of trauma in re-living the sexual harassment). If further questioning was required, a request could be made at that time which demonstrates a need for the same.

Additionally, Defendants are collaterally estopped from questioning Ms. Tromblee on issues previously decided upon by the arbitrator, thereby reducing the number of issues appropriate for examination. More specifically, on July 16, 2019, Mary L. Crangle, Arbitrator, issued a Decision and Award in the Matter of the Arbitration between the Civil Service Employees Association, Inc. and the State of New York (OPWWD – Capital District DDSO). Under "Relevant Provisions of the Parties' Agreement – Article 33 – Discipline": "33.4(g)(3) The disciplinary arbitrator's decision with respect to guilt or innocence, penalty, [and] probable cause for suspension . . . shall be final and binding upon the parties." Annexed hereto is a true and accurate copy of the Arbitration Decision at **Attachment "A,"** p. 9. Final arbitral awards are afforded the same preclusive effects as are prior court judgments. *Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012) (affirming district court's order giving preclusive effect to arbitral determination that former company president seeking indemnification in a sexual harassment suit had willfully violated anti-harassment policy), *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (affirming the district court's application of defensive issue preclusion to arbitral determination of claims arising under the Securities Exchange Act), *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 267-68 (2d Cir. 1997) (holding that, under New York state law, "res judicata and collateral estoppel apply to issues resolved by arbitration where there has been a final determination on the merits, notwithstanding a lack of confirmation of the award") (quotations and citations omitted).

Ms. Crangle noted that "[a]ll of the Charges now at issue in this matter describe conduct by the Grievant that is alleged to violate the State's policies prohibiting sexual harassment. Charges 1, 4, 5, 6, 9 and 10 concern the Grievant's interactions with a co-worker, Mary Tromblee." **Attachment "A**," p. 10. Ms. Crangle concluded that "the State has proven by the requisite preponderance of the evidence the allegations in Charges 1, 4, 5 and 10 and therefore these Charges are sustained." *Id.* at p. 16. The Arbiter went to further to find that OPWDD supervisors were both aware of Mr. Dominie's conduct and failed to take corrective action as early as January 2017. *Id.* Accordingly, because of the "final and binding" nature of the decision (*id.* at p. 9) and the preclusive effect that federal courts have given to such arbitral awards, Defendants should be precluded from questioning Ms. Tromblee during her deposition about matters for which a finding of fact has already been rendered. *See Manganella*, 700 F.3d at 591, *Boguslavsky*, 159 F.3d at 720 *Jacobson*, 111 F.3d at 267-68.

Defendants should also be precluded from asking Ms. Tromblee questions about her medical history that relate to treatments or diagnoses she received more than one year before her employment with New York State Office for People with Developmental Disabilities ("NYSOPWDD") at the Glens Falls location which only further limits the need for additional time. It has been held that "plaintiff's emotional distress claim d[oes] not give defendants 'an unfettered right to pursue discovery into [the plaintiff's] entire medical history.'" *Manessis v. New York City Dep't of Transp.*, 02 Civ. 359 (SAS) (DF), 2002 U.S. Dist. LEXIS 17884 at *5 (S.D.N.Y. 2002) (citations omitted). Defendants do not have "a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress, particularly with respect to information that the governing law treats as especially sensitive." *Evanko v. Elec. Sys. Assoc., Inc.*, 91 Civ. 2851 (LMM), 1993 U.S. Dist. LEXIS 218 at *5 (S.D.N.Y. Jan. 8, 1993).

New York federal courts have limited the scope of discovery into a plaintiff's medical history, particularly in the context of sexual harassment cases, in order to protect the plaintiff's

4

privacy interests while allowing defendants to conduct relevant discovery. *See, e.g.*, *EEOC v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 28 (W.D.N.Y. 2009) (limiting the scope of discovery into claimant's medical history from one year prior to through one year subsequent to the claimant's employment with defendant), *Chiquelin v. Efunds Corp.*, 02 Civ. 5152 (LAP)(DFE), 2003 U.S. Dist. LEXIS 10687 at *6 (S.D.N.Y. June 4, 2003) (limiting the scope of discovery into plaintiff's medical history to one year prior to plaintiff's employment with defendant).

By this letter, Plaintiff also request leave to file for a protective order to preclude Mr. Dominie from attending Ms. Tromblee's deposition. In addition to requesting that our client be available for an additional seven hours, despite having not even taken her deposition, there is now an apparent attempt to bully and intimidate her by having her sexual harasser present during her questioning. Mr. Dominie pleaded guilty to Harassment 2nd: Physical Contact on April 16, 2018 (**Attachment "B"**); there was a temporary and final order of protection dated November 20, 2017, and April 16, 2018, respectively (**Attachment "C"**); he has employed intimidation tactics in prior questioning during his interrogation by New York State investigator Margaret Sheehan and upon information and belief, during the arbitration proceedings; his behavior warranted NYSOPWDD management to implement safety protocols at the Glens Falls office, including keeping the entry doors locked, revoking Mr. Dominie's keys, and encouraging use of a "buddy system" in the area (**Attachment "D"**); and Mr. Dominie testified at his recent deposition that he had not previously reviewed certain discovery responses which seems to signal that his new found interest in the discovery process is to intimidate our client, a sexual harassment survivor. While we had previously discussed with William White, Esq. the possibility of Mr. Dominie viewing the deposition via video stream at a defense counsel's office, given the prior history of violence, Ms. Tromblee is not willing to permit this to occur.

The law on this point is clear. FED. R. CIV. P. 26(c)(1)(E) permits a party seeking to exclude a person from a deposition to move for a protective order "designating the persons who may be present while the discovery is conducted." To meet this burden, the moving party must show "good cause" that an order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Kent v. New York State Pub. Emples. Fedn.*, 2019 U.S. Dist. LEXIS 18719 (N.D.N.Y. 2019). '[I]f the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order.'" *Rofail v. United States*, 227 F.R.D. 53, 55 (E.D.N.Y. 2005) (*quoting Hasbrouck v. BankAmerica Hous. Svcs.*, 187 F.R.D. 453, 455 (N.D.N.Y. 1999) (additional citations omitted)). "'Such countervailing interests might include whether the order will prevent the threatened harm, whether there are less restrictive means of preventing the threatened harm, the interests of the party opposing the motion, and the interests of the public.'" *Am. News & Info. Svcs., Inc. v. Rovella*, 3:15-CV-1209 (RNC), 2017 U.S. Dist. LEXIS 140059, 2017 WL 3736700, at *3 (D. Conn. Aug. 30, 2017) (*quoting Dacosta v. City of Danbury*, 298 F.R.D. 37, 39 (D. Conn. 2014)) (citations omitted).

Plaintiff has successfully demonstrated good cause to exclude Mr. Dominie from her deposition in order to protect her from "annoyance, embarrassment, oppression, or undue burden or expense." Mr. Dominie's exclusion will prevent the threatened harm, i.e., the intimidation of Ms. Tromblee and potential violence toward her during the deposition. While Plaintiff acknowledges a party's right to attend an opposing party's deposition, such right is not absolute and may be revoked when justice so requires, as is the case here. *See Galella v. Onassis*, 487 F.2d 986 (2d. Cir. 1973)

(exclusion of a party from a deposition where the party's conduct could be deemed as an irrepressible intent to continue harassment). Ms. Tromblee's interests in excluding Mr. Dominie outweigh Mr. Dominie's interest in attending Ms. Tromblee's deposition. Accordingly, Plaintiff respectfully moves for a protective order to that effect.

Based upon the foregoing, Plaintiff respectfully requests that the Court deny Defendants' request for an order mandating an additional seven hours for Ms. Tromblee's deposition and grant Plaintiff's request for a protective order to exclude Mr. Dominie from attending the deposition.

Respectfully Submitted,
SOLOMON LAW FIRM, P.L.L.C.

By: *(signature: Kathryn Barcroft)*

_____

Kathryn Barcroft, Esq.
Ariel Solomon, Esq.
*Attorneys for Plaintiff*
300 Great Oaks Blvd Ste 312
Albany, New York 12203
Telephone: (866) 833-3529
asolomon@fedemploylaw.com
kbarcroft@fedemploylaw.com

6