UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARY TROMBLEE,

                Plaintiff,

       v.

THE STATE OF NEW YORK,
NEW YORK STATE OFFICE
FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES,
et al.

               Defendants.
_____

**1:19-cv-00638-BKS-CFH**

<u>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**</u>

SOLOMON LAW FIRM, P.L.L.C.

By: _____

Kathryn Barcroft, Esq.
Ariel Solomon, Esq.
*Attorneys for Plaintiff*
300 Great Oaks Blvd Ste 312
Albany, New York 12203
Telephone: (866) 833-3529
asolomon@fedemploylaw.com
kbarcroft@fedemploylaw.com

## TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………………..i

TABLE OF AUTHORITIES………………………………………………………………....ii

PROCEDURAL BACKGROUND…………………………………………………………...1-8

ARGUMENT………………………………………………………………………………...8-13

SANCTIONS………………………………………………………………………………13-20

CONCLUSION……………………………………………………………………………..20-21

TABLE OF AUTHORITIES

**CASES**

*Aetna Life Ins. Co. v. Licht*,
    03 Civ. 6764 (PKL), 2005 U.S. Dist. LEXIS 1119 (S.D.N.Y. Jan. 27, 2005) …..15, 17

*Agiwal v. Mid Island Mortgage Corp.*,
    555 F.3d 298 (2d Cir. 2009)……………………………………………………14-15

*Ali v. Dainese USA, Inc.*,
    19 Civ. 2422 (KPF), 2021 U.S. Dist. LEXIS 209527 (S.D.N.Y. Oct. 29, 2021)……16

*Alvarado* v. *Manhattan Worker Career Ctr.*,
    01 Civ. 9288 (CBM), 2003 U.S. Dist. LEXIS 1216  (S.D.N.Y. Jan. 28, 2003)……..15

*Arista Records LLC v. Usenet.com, Inc.*,
    608 F. Supp. 2d 409 (2009)……………………………………………………17

*Aristidou v. Aviation Port Servs., LLC*,
    18-CV-4040 (MKB) (RER), 2020 U.S. Dist. LEXIS 31348 (E.D.N.Y. Feb. 21,
    2020)………………………………………………………………………17

*Ashkinazi* v. *Sapir*,
    02 Civ. 00002 (RCC) (MHD), 2005 U.S. Dist. LEXIS 6900 (S.D.N.Y. Apr. 20,
    2005)………………………………………………………………………15

*A.V. by Versace, Inc.* v. *Gianni Versace, S.p.A.*,
    96 Civ. 9721(PKL)(THK), 98 Civ.    0123(PKL)(THK), 2002 U.S. Dist. LEXIS 849
    (S.D.N.Y. Jan. 15, 2002)…………………………………………………15-16

*Bambu Sales, Inc. v. Ozak Trading, Inc.*,
    58 F.3d 849 (2d Cir. 1995)………………………………………………..16

*Bowne of New York City, Inc. v. AmBase Corp.*,
    150 F.R.D. 465 (S.D.N.Y. 1993)……………………………………………12

*Ceglia v. Zuckerberg*,
    10-CV-00569A(F), 2012 U.S. Dist. LEXIS 3035 (W.D.N.Y. Jan. 10, 2012)………15

*City of Almaty v. Ablyazov*,
    1:15-CV-05345 (AJN) (KHP), 2019 U.S. Dist. LEXIS 112673 (S.D.N.Y. July 3,
    2019)………………………………………………………………..17-18

*Condit v. Dunne*,
    225 F.R.D. 100 (S.D.N.Y. 2004)……………………………………………19

*DMAC LLC v. City of Peekskill*,
      09-cv-5093, 2012 U.S. Dist. LEXIS 138605 (S.D.N.Y. Sept. 17, 2012)…………19

*EEOC v. Local 638*,
      81 F.3d 1162 (2d Cir. 1996)…………………………………………………………15

*Guggenheim Capital, LLC v. Birnbaum*,
      722 F.3d 444 (2d Cir. 2013)………………………………………………...17-18

*Hassan v. Town of Brookhaven*,
      2015 U.S. Dist. LEXIS 69591 (E.D.N.Y. May 29, 2015)……………………..10-12

*Hawley v. Mphasis Corp.*,
      302 F.R.D. 37 (S.D.N.Y. 2014)…………………………………………………...19

*John B Hull, Inc.*, v. *Waterbury Petroleum Prods., Inc.*,
      845 F.2d 1172 (2d Cir. 1988)………………………………………………………15

*Joint Stock Co. Channel One Russia Worldwide*,
      16-CV-1318 (GBD) (BCM), 2018 U.S. Dist. LEXIS 168847 (S.D.N.Y. Sept. 28,
      2018)………………………………………………………………………………17-18

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*,
      03 Civ. 5562 (JGK) (AJP), 2005 U.S. Dist. LEXIS 16772 (Aug. 16, 2005)…14-15, 17

*King v. Allied Vision Ltd.*,
      65 F.3d 1051 (2d Cir. 1995)………………………………………………………15

*Liberty Mut. Ins. Co. v. Kohler Co.*,
      08-CV-867, 2010 U.S. Dist. LEXIS 45797 (E.D.N.Y. May 11, 2010)……………9

*Medina v. Gonzalez*,
      2010 U.S. Dist. LEXIS 101601 (S.D.N.Y. Sept. 23, 2010)………………………16

*Mirra v. Jordan*,
      13-CV-5519, 2016 U.S. Dist. LEXIS 28793 (S.D.N.Y. Feb. 23, 2016)…………..9

*Mule v. 3-D Bldg. & Constr. Mgmt. Corp.*,
      18-CV-1997 (JS) (AKT), 2021 U.S. Dist. LEXIS 124711 (E.D.N.Y. July 2, 2021)…18

*Orbit One Commc'ns, Inc. v. Numerex Corp.*,
      271 F.R.D. 429 (S.D.N.Y. 2010)…………………………………………………19

*Ottoson v. SMBC Leasing & Fin., Inc.*,
      268 F. Supp. 3d 570 (S.D.N.Y. 2017)……………………………………………19

*Quiles v. Beth Israel Med. Ctr.*,
     168 F.R.D. 15 (S.D.N.Y. 1996)…………………………………………………14

*Raymond v. City of New York*,
     15 Civ. 6885 (LTS) (SLC), 2020 U.S. Dist.  LEXIS 38821 (S.D.N.Y. Mar. 5,
     2020)………………………………………………………………………18-19

*Reilly* v. *Natwest Mkts. Group Inc.*,
     181 F.3d 253 (2d Cir. 1999)……………………………………………..15

*Safeco Ins. Co. of Am. v. M.E.S., Inc.*,
     289 F.R.D. 41 (E.D.N.Y. 2011)…………………………………………12

*Salahuddin v. Harris*,
     782 F.2d 1127 (2d Cir. 1986)……………………………………………16

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*,
     490 F.3d 130 (2d Cir. 2007)……………………………………………..15

*Source Enters. v. Tanners Ave. Corp.*,
     04 Civ. 1788 (HB), 2004 U.S. Dist. LEXIS 22188  (S.D.N.Y. Nov. 3, 2004)…14-15

*Southern New England Telephone Company v. Global NAPS Inc.*,
     624 F.3d 123 (2d Cir. 2010)……………………………………………..15-16

*Thompson v. Jamaica Hosp. Med. Ctr.*,
     13 Civ. 1896 (RWS), 2015 U.S. Dist. LEXIS 157304 (S.D.N.Y. Nov. 20,
     2015)………………………………………………………………..16

*Trs. of the Mosaic & Terrazzo Welfare, Pension, Annuity, & Vacation Funds v. Elite Terrazzo
     Flooring, Inc.*,
     18 CV 1471 (CBA)(CLP), 2020 U.S. Dist. LEXIS 30374 (E.D.N.Y. Feb.  20,
     2020)………………………………………………………………16

**FEDERAL RULES**
FED. R. CIV. P. 26………………………………………………………..9, 12
FED. R. CIV. P. 37…………………………………………………1, 9, 14-15, 17-18

**SECONDARY SOURCES**
*7 Moore's Federal Practice* (3d ed. 2005)………………………………14-15, 17

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Mary Tromblee ("Plaintiff") respectfully submits this Memorandum in support of her motion to compel New York State and New York State Office for People with Developmental Disabilities ("NYS" and "NYSOPWDD" or the "State Defendants") to comply with Plaintiff's discovery requests and produce responsive documents and written discovery responses. This motion is necessary because State Defendants have failed to comply with a Court Order in this case to produce all responsive documents.   There has been testimony and documents cited and relied upon in the State Defendants' investigative reports related to Plaintiff's claims in this matter that have been withheld from production. Plaintiff's counsel has attempted to resolve any discovery issues with letters, emails, and phone calls after testimony at depositions identified that documents exist which have not been produced.

## I.        PROCEDURAL BACKGROUND

Pursuant to Local Rule 37.1, undersigned counsel certifies that she conferred in a good-faith effort to resolve this dispute prior to filing this motion, as described in this section.

Plaintiff served her first set of discovery requests on Defendants New York State/OPWDD ("State Defendants"), including certain Requests for Production, which are at issue in this motion, on February 3, 2020. *See* **Declaration of Kathryn L. Barcroft dated January 3, 2021 (hereinafter the "Barcroft Decl.") ¶ 5, Exhibit 1**. Despite the 30-day period to respond, the State Defendants, nearly seven months later, produced their written responses to Plaintiff's First Requests for Production on or about September 9, 2020, as well as some documents responsive to the February 2020 requests. ***Id.*** **at ¶ 6, Exhibit 2**. Plaintiff had served a First Supplemental Request for Documents on September 2, 2020, about a week prior to this. ***Id.*** **at ¶ 7, Exhibit 3**.

1

While the State Defendants produced additional documents in February and March 2021, written responses to Plaintiff's First Supplemental Request for Documents were not provided until on or about April 1, 2021, again several months later - six months from the initial written document requests.[1] *Id.* **at ¶ 8, Exhibit 4**. Plaintiff then served a Second Supplemental Requests for Production on October 19, 2021. *Id.* **at ¶ 10, Exhibit 5**. As of the date of this motion, State Defendants *never* provided written responses to Plaintiff's October 19, 2021 requests despite a due date of November 18th. *Id.* **at ¶ 11**.

***Documents Not Produced***

While documents were produced by the State Defendants in various productions, many documents were duplicative or incomplete, and several deficiencies remain which have yet to be cured by the State Defendants despite efforts by Plaintiff to resolve these matters in good faith incurring significant costs in doing so. *Id.* **at ¶ 12**.  Set forth below are certain documents that remain outstanding that as a result of deposition testimony and documents citing the contents remain outstanding despite the fact that the State Defendants have recently stated that no responsive documents exist[2]:

1. Documents related to the termination or investigation of Marcia Marcotte, Plaintiff's sister, and part of her retaliation claim. *Id.* **at ¶ 13, Exhibit 6, p. 1**. Based on documents produced as part of a supplemental production, Plaintiff's counsel has knowledge that Ms. Marcotte was interrogated and yet does not have a copy of the interrogation. *Id.* There are also references in the supplemental documents produced to a Corrective Action Plan and notes related to an Incident Review Committee as referenced in Defendant State's production. *Id.* State Defendants failed to produce any such documents.[3] *Id.* **at ¶ 14, Exhibit 6, p. 1**.

---

[1] "This letter is in response to your Supplemental Request for Documents to State Defendants." *Id.* **at ¶ 8, Exhibit 4, p. 1**.

[2] On November 1, 2021, prior to the discovery deadline in this case, the undersigned sent State Defendants' former counsel an email noting deficiencies in their most recent October 28, 2021, production

[3] State Defendants' former counsel, Christopher Liberati-Conant, the third of four counsels for NYS in this case, provided that he never represented that there were no further documents responsive to Plaintiff's requests, and that State Defendants will supplement as warranted. *Id.* **at ¶ 15, Exhibit 6, p. 1**. To date, State Defendants have yet to cure these deficiencies and never provided a response regarding these outstanding documents clearly identified by

2. Attachments to various New York State investigative reports. (*Id.* **at ¶¶ 17, 18, 43, Exhibit 7),** including: "Staffing list for OPWDD Glens Falls Office" (relied upon in the April 16, 2018, May 3, 2018, and Revised April 25, 2018, reports); (ii) "Timesheets for confirming Complainant [Ms. Tromblee] and Respondent [Defendant Dominie] did work together on all dates (Defendant Dominie's time sheets were not produced – relied upon in the April 16, 2018, May 3, 2018, and Revised April 25, 2018, reports); Personnel History File for Shannon Earle (relied upon in the November 9, 2018, and the Revised November 15, 2018, reports); Personnel History File Dr. Paul Byron (relied upon in the November 9, 2018, the Revised November 12, 2019, and the Revised November 15, 2018, reports); and NYS Inspector General Investigation No. 3902-031-2017 of Jeff Monsour (referenced in May 3, 2018, November 9, 2018, and revised November 15, 2018 reports). Also, a text message between Leyna Marcotte and Elysse Lavin, inappropriate text messages between Mr. Dominie and Mr. Stander referenced in Mr. Stander's interrogation; and outlines of Ms. Sheehan's interviews/interrogations similar to the one produced and used for Plaintiff's interview. *Id.* at ¶ **43, Ex. 17.**[4] To date these documents have not been produced and there is no explanation as to why these documents do not exist when there are identified and relied upon by Ms. Sheehan as part of her investigative reports for NYS.[5]

3. Stephen Cernak, an IT employee who witnessed some examples of the sexual harassment by Defendant Dominie against Plaintiff testified that with respect to an incident involving Mr. Dominie and Ms. Tromblee and regarding a reply email from Mr. Dominie's supervisor Mr. Stander the following: I "would have to go back in, and I could pull the record on the e-mails and verify. Everything is backed up, so any time that we need any of these e-mails, I can retrieve them, anything from the time our exchange server has been started I can have it pulled. I do believe an e-mail was sent . . . **See Barcroft Decl., Exhibit 18**). There is no copy of the email nor any reply that Mr. Cernak had been asked to check his email.

4. Annette Abare, Plaintiff's union representative who knew about Plaintiff's allegations and testified Lynx messages (a former messaging system at NYSOPWDD) from Chad Dominie to Angela Erfelt where Mr. Dominie asked Ms. Erfelt to f**k, as testified to by Ms. Abare. (A true and correct copy of Ms. Abare's testimony is attached hereto as **Exhibit 19**). The Lynx message was not produced.

---

Plaintiff's counsel. *Id.* **at ¶ 16**. These documents should have been relied upon in the termination of Ms. Marcotte by management at OPWDD and directly relate to Ms. Tromblee's retaliation claims. As such, Plaintiff requests an adverse inference that the content of these investigative documents was unfavorable to the State Defendants with respect to the retaliation allegations as specified in Paragraphs 100 to 178, 233 to 238 of Plaintiff's Second Amended Complaint.

[4] In a good faith letter and later on December 7, 2021, the undersigned sent an email to State Defendants' counsel noting the deficiencies in production, namely the various documents relied upon in NYS State Investigator Margaret Sheehan's investigatory reports, and her testimony about the same. *Id.* **at ¶ 22, Exhibit 10, 17.**[4] Plaintiff request and adverse inference that these documents not produced are unfavorable to the State Defendants with respect to Ms. Tromblee's causes of action relating to the sexual harassment and retaliation claims. *Id.* **at ¶ 23.**

[5] If these documents were destroyed despite their existence in these reports Plaintiff requests leave to make a spoliation motion.

5. David Albano, Human Resource Specialist 3 (Labor Relations), who led Mr. Dominie's arbitration matter, had certain documents which were requested including a file related to Mr. Dominie's arbitration, any and all invitations or reminders on his Outlook calendar for preparation sessions, hearings, meetings, telephone conversations, or the like pertaining to the 2019 arbitration of Mr. Dominie, and any and all communications to or from David Albano relating to Chad Dominie's 2019 arbitration. (**Barcroft Decl., Exhibit 20**). To date these documents have not been produced nor is there an explanation regarding the failure to do so.

6. Plaintiff also identified documents not produced in response to initial and supplemental document requests which were without valid objections including: any complaints made against defendant Alexis Barlow, Ms. Tromblee's supervisor (**Barcroft Decl. at ¶ 43(18)**); record of internet sites visited by Mr. Dominie that were sexual in nature or social media or other sites visited with respect to Ms. Tromblee (*id.* **at ¶ 43(22-23; 9-10)**); correspondence between Kristi Beitter (Ms. Barlow's direct supervisor at NYSOPWDD) and Ms. Barlow including Lynx messages, text messages, emails, written correspondence (*id.* **at ¶ 43(31)**); communications between Mr. Dominie and Ms. Barlow and Mr. Domine and Mr. Stander related to pornography or sexual matters or communications that refer to Ms. Tromblee (*id.* **at ¶ 43(11)**; responsive documents on state issued phones of supervisors (defense counsel stated in response to certain requests its Plaintiff's responsibility to subpoena the carrier rather than producing anything from these phones) (*id.* **at ¶ 43(12)**); copies of surveillance footage, badge swipes, clock rings, visitor logs or other information maintained by NYSOPWDD to monitor when an individual has entered or exited the Glens Falls office as has been testified to by witnesses (*id.* **at ¶ 43(18)**); complaints or reports made by *any* employee at NYSOPWDD's Glens Falls office in which allegations of sex-based harassment and/or a hostile work environment were raised (*id.* **at ¶ 43(20)**). In response to these various requests the State Defendants replied *inter alia* that there were no responsive documents or that responsive documents should be subpoenaed from third parties. *Id.*

In addition to the State Defendants' failure to timely produce discoverable documents, they also failed to identify or produce a witness with knowledge for a 30(b)(6) deposition related to discovery searches and information until December 28, 2021. *Id.* **at ¶ 26, Exhibit 11, p. 1**. Initially, the State Defendants produced a 30(b)(6) witness but indicated that she did not have knowledge of document or ESI search information topics in the Notice but that they would locate the appropriate OPWDD witness, which did not happen and Plaintiff's counsel was provided the

name of a third party witness, whom they subpoenaed, and appeared on November 12, 2021.[6] The witness lacked any knowledge relevant to the noticed deposition topics despite the representations to the contrary by State Defendants' former counsel that this witness should be subpoenaed for the remaining 30(b)(6) topics. *Id.* **at ¶ 27**. After testimony about the witnesses' lack of knowledge, counsel for this third-party witness, Ms. Lauren Holupko, stated that had told the State Defendants' counsel that this witness had no knowledge and yet the witness was produced anyway – and, in fact, the testimony of the witness redirected the inquiry back to NYSOPWDD *Id.* **at ¶ 18.** The correct 30(b)(6) witness which should have been identified over a year ago. This required the parties to attempt to schedule a new 30(b)(6) deposition with an appropriate representative, which could not be done unless and until the representative was identified by State Defendants which happened on December 28th, and on the date of filing for the instant motion counsel represented that the 30(b)(6) witness with knowledge is an OPWDD employee. *Id.*

    Counsel's representations about documents and witnesses have been contradictory – for example, December 3, 2021, the undersigned and State Defendants' counsel had a telephone conversation regarding Plaintiff's good faith letter and outstanding supplemental demands. *Id.* **at ¶ 28, Exhibit 15, p. 2**. During this call, State Defendants' counsel informed the undersigned that he would be producing a "substantial" supplemental production to Plaintiff addressing many of the noted deficiencies, which he hoped to do no later than December 10, 2021, and that there would be a significant amount to produce. *Id.* **at ¶ 28, Exhibit 15, p. 2.** State Defendants' counsel

---

[6] Plaintiff sent an initial Notice of 30(b)(6) Deposition to the State Defendants on December 4, 2020 (*id.* **at ¶ 27, n.2, Exhibit 12**), a second Notice on May 20, 2021 (*id.* **at ¶ 27, n.2, Exhibit 13**), and was further required to prepare and send a subpoena to obtain the testimony of the unknowledgeable 30(b)(6) deponent on October 12, 2021 (*id.* **at ¶ 27, n.2, Exhibit 14**). Thus, State Defendants had ample notice of Plaintiff's intent to depose a knowledgeable representative, yet failed to do so within the discovery period, despite NYSOPWDD being the correct deponent.

seemed to be engaging in gathering responsive documents, stating, in a December 13, 2021, *inter alia*, that because the responses may obviate the need for a new 30(b)(6) deposition, "our focus has been on getting the responses rather than trying to identify an additional 30(b)(6) witness." *Id.* **at ¶ 25, Exhibit 16, p. 2**. While acknowledging that he provided the December 10, 2021, date to the undersigned for when she could expect to receive the outstanding documents, and despite their "focus" being on getting the responses (*id.* **at ¶ 30, Exhibit 15, p. 2**), State Defendants' counsel never produced the same. *Id.* **at ¶ 31**. This was despite representations, again, that there were "substantial" documents gathered for him to review (*id.* **at ¶ 31, Exhibit 16, p. 1**) and he would try to get a production for the undersigned, if not on Friday, December 10, 2021, then by Monday, December 13, 2021. *Id.* **at ¶ 31**.[7]  The intent to file an extension request for any motion to compel as well as to request a discovery hearing was then communicated to State Defendants' counsel. *Id.* **at ¶ 32, Exhibit 15, p. 2**. This request was filed on December 13, 2021. **Dkt. 119**. At no time prior to the discovery hearing did State Defendants' counsel advise the Court or the undersigned there were no responsive documents, forcing increased costs/fees as a result and the instant motion to compel as well as a court appearance requesting an extension of the deadline. *Id.* **at ¶ 34**.

On December 21, 2021, the parties attended discovery hearing. *Id.* **at ¶ 35**. On December 27, 2021, the Court issued a Text Order (**Exhibit 11 to Barcroft Decl.**) in response, providing, in pertinent part, that "Deft OPWDD is to serve its discovery responses to plaintiff and to identify any additional 306b witnesses by 12/28/2021." *Id.* **at ¶ 36**. Towards the close of business on December 28, 2021, State Defendants' counsel sent an email to the undersigned, in relevant part, that he was "still awaiting the additional documents that have been gathered and are being

---

[7] The undersigned responded on the same day, again clarifying that regardless of the responses, Plaintiff was still seeking to depose the correct 30(b)(6) witness. *Id.* **at ¶ 32, Exhibit 15, p. 1**.

prepared by my colleague. I will forward them to you as soon as I have them." *Id.* **at ¶ 37, Exhibit 16, p. 2**. In response, counsel for Plaintiff asked whether all the documents would be produced by day's end in accordance with this Court's Order. *Id.* State Defendants' counsel responded that the documents were not yet ready to be sent to Plaintiff but that he would forward them as soon as possible. *Id.* It was also in this message that State Defendants finally disclosed the identity of their new 30(b)(6) deponent. *Id.* **at ¶ 38, Exhibit 16, p. 2**. Plaintiff's counsel reminded the State Defendants' counsel of the court's ordered deadline, which State Defendants' counsel acknowledged in his subsequent email. *Id.* **at ¶ 39, Exhibit 16, p. 2**. Notwithstanding a Court Order, there was no production on December 28, and the State Defendants failed to comply. *Id.* **at ¶ 40**.

On December 29, 2021, the day following the Court Ordered deadline, State Defendants' counsel informed the undersigned via email that while he previously represented that his party would produce a "substantial amount of documents that are responsive" to Plaintiff's outstanding requests, he was unaware until this date that these documents were already produced by his predecessors and thus State Defendants "have no documents which are responsive to [Plaintiff's] outstanding demands that have not already been produced other than a relatively small number of documents which are subject to attorney client privilege."[8] *Id.* **at ¶ 36, Exhibit 16, p. 1**. The State Defendants never provided an updated privilege log to substantiate the documents' alleged privileged status, again failing to comply with the Court's Order. *Id.* **at ¶ 42**.

Counsel late in the afternoon of the deadline to file the instant motion to compel finally responded that the 30(b)(6) deponent is a Senior Administrative Analyst and is *employed by*

---

[8] Plaintiff fails to understand how State Defendants' counsel went unaware for *weeks* that the documents being assembled by his office for supplemental production were already produced in this case despite this being their "focus."

*OPWDD*, despite having caused costs and delays for over a year forcing a subpoena of a third party -- switching a party for a non-party without explanation. While State Defendants complied with the portion of the Court's Order requiring that they identify a 30(b)(6) deponent by December 28, 2021 (albeit towards the close of business on the final day permitted by the Order), to prevent further discovery issues following the resolution of this motion, Plaintiff additionally requests that the Court order the expeditious scheduling of the 30(b)(6) deposition and order that any discovery deficiencies uncovered during the deposition be cured by State Defendants no later than one week following the deposition.

Plaintiff further respectfully requests that the Court grant her Motion to Compel in its entirety and award costs and sanctions as deemed appropriate, including adverse inferences, attorney's fees and costs associated with filing this motion. Adverse inferences regarding the content of these documents should be entered in favor of the Plaintiff.

## I.  **ARGUMENT**

A party may motion a court for an order compelling the production of discovery materials which have been wrongly withheld. The court has wide discretion in granting such a motion to compel. Here, despite the State Defendants' recent assertion that no documents responsive to Plaintiff's outstanding document requests exist, there is a good faith basis to believe their response is evasive or incomplete, namely the deposition testimony of various non-party witnesses for the State Defendants and reference to documents Plaintiff seeks in documents that the State Defendants already produced such as investigative reports into Ms. Tromblee's allegations that were produced by the State Defendants. Since these documents exist – there seems to be no explanation for the failure to produce other than that the documents were not maintained or were

destroyed. Accordingly, Plaintiff respectfully requests that the Court grant her motion in its entirety.

FED. R. CIV. P. 37 provides, in part, "a party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery" by motion if the parties have conferred in good faith and the opposing party "fails to make a disclosure required by Rule 26(a)." FED. R. CIV. P. 37(a). Further, "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose." FED. R. CIV. P. 37(a)(3). The decision to grant or to deny a motion to compel discovery rests within the sound discretion of the district court. *See Mirra v. Jordan*, No. 13-CV-5519, 2016 U.S. Dist. LEXIS 28793, at *2 (S.D.N.Y. Feb. 23, 2016); *Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 U.S. Dist. LEXIS 45797, at *2 (E.D.N.Y. May 11, 2010).

On or about December 3, 2021, State Defendants' counsel informed the undersigned that he would have a "substantial" supplemental production to turn over to Plaintiff by December 10, 2021. **Barcroft Decl., ¶ 28**. Despite this representation, State Defendants' counsel have since failed to provide Plaintiff with any supplemental documents. *Id.* at ¶ 44. On December 29, 2021, a day *after* the Court ordered that any outstanding documents be produced, State Defendants' counsel sent an email to the undersigned, reading in relevant part: "our review of the file indicates that we have no documents which are responsive to your outstanding demands that have not already been produced other than a relatively small number of documents which are subject to attorney client privilege." *Id.* **at ¶ 41, Exhibit 16, p. 1**. While State Defendants' counsel represents that no responsive documents exist, Plaintiff has a good faith basis for her belief to the contrary, namely the deposition testimony of various non-party witnesses, which is set forth in Plaintiff's Good Faith letter to which no response was provided, as well as NYS investigative

reports, documents produced related to the Marcia Marcotte investigation/termination, and testimony regarding Chad Dominie visiting pornographic sites while at the State of New York. *Id.* **at ¶ 43(9), n.3, Exhibit 21.**

Courts have held that while "[a] party's response that it has searched its records and concluded that 'no such responsive documents exist' may satisfy that party's discovery obligation," there may still be a motion to compel if there is a "good faith basis for claiming that the response is evasive or incomplete." *Hassan v. Town of Brookhaven*, 2015 U.S. Dist. LEXIS 69591, at *10-11 (E.D.N.Y. May 29, 2015). Additionally, failure to comply with a Court ordered deadline in and of itself demonstrates bad faith and is illustrative of the State Defendants failure to timely respond or not respond at all to discovery requests.

On July 22, 2021, Plaintiff deposed Margaret Sheehan, Director of Affirmative Action/EEO & ADA Coordinator who led the investigations into the various internal complaints in this case. Ms. Sheehan acknowledged the existence of (i) time sheets belonging to Ms. Tromblee and Mr. Dominie which she reviewed to confirm the dates and times they worked together – we do not have Mr. Dominie's (*id.* **at ¶ 43(a) Exhibit 17**); the exhibits to Ms. Sheehan's investigative reports, including text messages between witnesses to the allegations in the reports (*id.*); inappropriate text messages between Mr. Dominie and Mr. Stander referenced in Mr. Stander's interrogation (*id.)*; and outlines of Ms. Sheehan's interviews/interrogations similar to the one produced and used for Plaintiff's interview (*id.*). These documents were never produced.

On September 27, 2021, Plaintiff deposed Stephen Cernak, an IT employee who witnessed some examples of the sexual harassment by Defendant Dominie against Plaintiff. Mr. Cernak acknowledged the existence (and retrievability) of emails where Mr. Cernak reported what he

witnessed to Mr. Stander and Mr. Stander's response to the same. *Id.* **at ¶ 43(b), Exhibit 18**. These emails were never produced.

On October 6, 2021, Plaintiff deposed Annette Abare, Plaintiff's union representative who knew about Plaintiff's allegations. Ms. Abare acknowledged the existence of Lynx messages (a former messaging system at NYSOPWDD) from Defendant Dominie to Angela Erfelt (a former Agency employee) where Defendant Dominie asked Ms. Erfelt to "f**k." *Id.* **at ¶ 43(c), Exhibit 19**. These messages were never produced.

On November 2, 2021, Plaintiff deposed David Albano, Human Resource Specialist 3 (Labor Relations), who led Defendant Dominie's arbitration matter. Mr. Albano acknowledged the existence of (i) scheduled conference calls and other reminders related to Plaintiff's case in Mr. Albano's Outlook calendar (*id.* **at ¶ 43(d), Exhibit 20**); and potentially additional emails to and from Mr. Albano related to Mr. Dominie's 2019 arbitration (*id.*). These documents were never produced.

Additionally, there are documents produced that reference an interrogation of Marcia Marcotte and a Corrective Action Plan and notes related to an Incident Review Committee as referenced in Defendant State's production in response to Plaintiff's Second Supplemental Requests, to which there was no written response and prior State Defendants' counsel indicated there may be a supplemental production forthcoming. *Id.* **at ¶ 13, Exhibit 6**. These documents were never produced nor was a written response.

Given that the four non-party witnesses identified above all testified to the existence of documents which have not been produced, that there are documents that identify documents relied upon, this is a sufficient basis for which Plaintiff disputes State Defendants' assertion that no other responsive documents exist, demonstrating an incomplete disclosure by the party and thus

proper grounds for bringing the instant motion. *Hassan*, 2015 U.S. Dist. LEXIS 69591, at *10-11.

Moreover, it should be noted that State Defendants' counsel indicated in his December 29, 2021, email that his office collected "a relatively small number of [responsive] documents which are subject to attorney client privilege." However, State Defendants failed to produce an updated privilege log to reflect these newly discovered, unproduced, responsive documents as required by the Federal Rules. FED. R. CIV. P. 26(b)(5) ("When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must:(i) expressly make the claim and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."). A privilege log "must be 'adequately detailed' and used 'in conjunction with evidentiary submissions to fill in any factual gaps.'" *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 289 F.R.D. 41, 47 (E.D.N.Y. 2011) (*citing Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)).

Because the State Defendants acknowledged the existence of responsive documents which fall under the attorney-client privilege, Plaintiff respectfully requests that the Court compel production of an adequately detailed privilege log regarding these documents.

In addition to compelling the production of documents from the various depositions and the detailed privilege log noted above, Plaintiff further requests that the Court compel State Defendants to produce responsive documents to the outstanding requests from Plaintiff's original and supplemental document requests. These requests were renewed by means of Plaintiff's November 15, 2021, good faith letter. Again, given the discrepancies between State Defendants

counsel's representations and the various witnesses' testimonies, Plaintiff has a good faith basis to believe that State Defendants produced incomplete responses.

Regarding State Defendants' prolonged delay of identifying a proper 30(b)(6) deponent, while the State Defendants did finally disclose the name of its new 30(b)(6) witness on the final date permitted by this Court's December 27, 2021, Order, Plaintiff requests that State Defendants be compelled to work promptly with Plaintiff and fellow counsel to schedule the deposition, as well as be compelled to produce any responsive documents uncovered during the deposition no later than one week following the deposition.  Plaintiff's counsel has expended significant effort to obtain the identity of this witness, been required to subpoena and bear the costs of the wrong witness, and then learning after an extended time period and representations to the contrary that there is a 30(b)(6) witness at NYSOPWDD.

Based on the foregoing, Plaintiff respectfully requests that the Court grant her Motion to Compel in its entirety by (i) compelling the production of the above-listed documents; (ii) compelling the production of an adequately detailed privilege log for the newly discovered responsive documents; and (iii) compelling State Defendants to produce any newly uncovered responsive documents during the 30(b)(6) deposition to Plaintiff no later than one week following the deposition; (iv) award of sanctions due to non-compliance with a Court Order and failure to produce documents or identify a 30(b)(6) witness.

## II.    **SANCTIONS**

Where a party fails to adhere to a court order, the tribunal has wide discretion to order appropriate sanctions to deter such wrongful conduct in the future. The court may consider a range of sanctions depending on select factors, but if a Motion to Compel is granted, reasonable fees incurred in pursuing the motion should be awarded. However, further relief is available in the

court's discretion. Here, Plaintiff proffers that State Defendants' failure to produce all responsive documents in accordance with this Court's Order, and failure to produce documents that exist and were relied upon by NYS but were not produced, warrants that they should not only compensate Plaintiff for fees/costs in pursuing this motion.

Additionally, Plaintiff's counsel has drafted multiple emails, letters, and participated in calls to attempt to ascertain the production of documents by the State Defendants which their counsel had represented were "substantial" and then produced nothing after weeks of delay. ***See Barcroft Decl. generally.*** As a result, Plaintiff respectfully requests that the Court award her (i) reasonable costs/fees incurred in pursuing this motion (ii) adverse inferences, as described herein, and (iii) any other relief deemed appropriate by the Court.

Federal Rule of Civil Procedure 37 permits "the imposition of sanctions, including attorneys' fees and costs, for certain discovery abuses.'" *Source Enters. v. Tanners Ave. Corp.*, 04 Civ. 1788 (HB), 2004 U.S. Dist. LEXIS 22188, at *10-11 (S.D.N.Y. Nov. 3, 2004) (citations omitted; FED. R. CIV. P. 37). FED. R. CIV. P. 37(b)(2) provides, in pertinent part, that where

> "a party fails to obey an order to provide or permit discovery," the court may sanction that party by requiring "that party failing to obey the order … pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Other sanctions are also available, including the imposition of adverse inferences against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(i).

A decision concerning "whether to impose sanctions, and the particular type of sanctions to be imposed, are matters generally entrusted to the trial court's broad discretion." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*, 03 Civ 5562 (JGK) (AJP), 2005 U.S. Dist. LEXIS 16772, at *31-34 (Aug. 16, 2005) (*citing 7 Moore's Federal Practice* § 37.50[1][b] (3d ed. 2005); *Quiles v. Beth Israel Med. Ctr.*, 168 F.R.D. 15, 18 (S.D.N.Y. 1996). In the determination of whether to impose sanctions pursuant to Rule

37(b)(2)(A), district courts consider several factors, including the following: "(1) the wilfulness [sic] of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *Ceglia v. Zuckerberg*, 10-CV-00569A(F), 2012 U.S. Dist. LEXIS 3035, at *26 (W.D.N.Y. Jan. 10, 2012) (*citing Southern New England Telephone Company v. Global NAPS Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (*quoting Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (further internal citation omitted)).[9]

In the instant matter, a Text Order on December 27, 2021, in response to the discovery hearing held on December 21, 2021, provided, in pertinent part, that "Deft OPWDD is to serve it's discovery responses to plaintiff and to identify any additional 306b witnesses by 12/28/2021." Notwithstanding this Order, as of this date of this filing, the State Defendants failed to produce any documents.[10] Accordingly, this Court has wide discretion to sanction their noncompliance with its Order. *See* FED. R. CIV. P. 37(b)(2); *JSC Foreign Econ. Ass'n Technostroyexport*, 2005 U.S. Dist. LEXIS 16772, at *31-34 (*citing 7 Moore's Federal Practice* § 37.50[1][b] (3d ed. 2005).[11]

---

[9] "'Because the text of the rule requires only that the district judge's orders be "just," however, and because the district court has "wide discretion in imposing sanctions under Rule 37," these factors are not exclusive, and they need not each be resolved against the party' against whom sanctions are imposed in order to be within the district court's discretion." *Ceglia*, 2012 U.S. Dist. LEXIS 3035, at *26-27 (*citing Southern New England Telephone Co.*, 624 F.3d at 144 (*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007).

[10] "'A court may . . . hold a party in contempt for violation of a court order when "the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply."'" *Ceglia*, 2012 U.S. Dist. LEXIS 3035, at *27 (*citing Southern New England Telephone Co.*, 624 F.3d at 144-45 (*quoting King v. Allied Vision Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *EEOC v. Local 638*, 8 F.3d 1162, 1171 (2d Cir. 1996)). State Defendants' counsel provided no valid reason for non-compliance other than what seemed to be not reasonable diligence to comply.

[11] *See also Ashkinazi*, 2005 U.S. Dist. LEXIS 6900, at *4; *Aetna Life Ins. Co. v. Licht*, 03 Civ. 6764 (PKL), 2005 U.S. Dist. LEXIS 1119, at *1 (S.D.N.Y. Jan. 27, 2005); *Source Enters.*, 2004 U.S. Dist. LEXIS 22188, at *4 (*quoting John B Hull, Inc.*, v. *Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)); *Alvarado* v. *Manhattan Worker Career Ctr.*, 01 Civ. 9288 (CBM), 2003 U.S. Dist. LEXIS 1216, at *1 (S.D.N.Y.

The State Defendants' noncompliance with Order may considered willful when "the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Ali v. Dainese USA, Inc.*, 19 Civ. 2422 (KPF), 2021 U.S. Dist. LEXIS 209527, at *31-32 (S.D.N.Y. Oct. 29, 2021) (*citing Thompson v. Jamaica Hosp. Med. Ctr.*, No. 13 Civ. 1896 (RWS), 2015 U.S. Dist. LEXIS 157304, at *3 (S.D.N.Y. Nov. 20, 2015)). Courts have held that "discovery orders are meant to be followed,' *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 853 (2d Cir. 1995).[12]

Here, the Court Order setting the date of December 28, 2021, for State Defendants to produce discovery responses was clear. Further, State Defendants' counsel fully understood the ordered deadline.[13]as evidenced by his reply email to the undersigned on December 28, 2021. **Barcroft Decl., ¶ 39, Exhibit 11, p. 1**. Despite State Defendants' counsel acknowledging this obligation, it failed to produce the ordered documents. State Defendants' counsel did not follow up with the undersigned to inform her that the documents were not actually being produced by the Court ordered deadline as indicated, nor did he provide any justification for this such that the failure was out of his control, since this was allegedly being worked on by his colleague.[14] *Id.* Accordingly, this Court could find a willful noncompliance with the Order.

Additionally, the failure to produce documents that exist and were relied upon by NYS is additionally troubling as the State Defendants' counsel had in discovery responses indicated that

---

Jan. 28, 2003) (*quoting Reilly* v. *Natwest Mkts. Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999)); *A.V. by Versace, Inc.* v. *Gianni Versace, S.p.A.*, 96 Civ. 9721(PKL)(THK), 98 Civ. 0123(PKL)(THK), 2002 U.S. Dist. LEXIS 849, at *7 (S.D.N.Y. Jan. 15, 2002)).

[12] *See also Trs. of the Mosaic & Terrazzo Welfare, Pension, Annuity, & Vacation Funds v. Elite Terrazzo Flooring, Inc.*, 18 CV 1471 (CBA)(CLP), 2020 U.S. Dist. LEXIS 30374, *16-17 (E.D.N.Y. Feb. 20, 2020) (citing *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (*quoting Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986)).

[13] Ms. Barcroft: The Judge had set a deadline of today for NYS to produce all documents . . . . Mr. Rock: I realize that Kathryn and I am certainly hopeful of getting you the documents today."

[14] Although it has been held that even partial disclosures in response to discovery orders are insufficient to avoid sanctions. *Medina v. Gonzalez*, 2010 U.S. Dist. LEXIS 101601, at *68-69 (S.D.N.Y. Sept. 23, 2010).

certain documents did not exist that were later clearly found to exist. *See, e.g. Ali*, 2021 U.S. Dist. LEXIS 209527, at *34 ("Plaintiff's noncompliance was within her control. Despite Plaintiff's various excuses for her failure to provide the text messages, litigation materials, and job rejection notices…the fact remains that Plaintiff agreed to produce each of these categories of documents, was ordered by the Court to complete her document production by November 6, 2020, and then failed to disclose the documents until [after the ordered date].").   Once Plaintiff's counsel determined this in depositions, requests were made on the record, and in subsequent written communications.

Courts have permitted adverse inferences as "lesser sanctions" compared to the more "severe sanctions" such as dismissal. *See Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 434 (S.D.N.Y. 2009); *see also Aristidou v. Aviation Port Servs., LLC*, No 18-CV-4040 (MKB) (RER), 2020 U.S. Dist. LEXIS 31348, at *41 (E.D.N.Y. Feb. 21, 2020).   Courts have also imposed expense shifting sanctions on the party against whom a motion to compel disclosures or discovery is resolved with "the reasonable expenses incurred in making the motion, including attorney's fees." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*, 03 Civ. 5562 (JGK) (AJP), 2005 U.S. Dist. LEXIS 16772, at *39-40 (Aug. 16, 2005) (citing 7 Moore's Federal Practice § 37.23[1] (3d ed. 2005) (*quoting* Fed. R. Civ. P. 37(a)(4)(A)).[15]

As for adverse inference instructions, such instructions may be granted for the non-production of evidence upon a showing "(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had

---

[15] Rule 37 provides that a court "shall" award reasonable fees to the movant if the motion to compel is granted. *JSC Foreign Econ. Ass'n Technostroyexport*, 2005 U.S. Dist. LEXIS 16772, at *40 (*citing Aetna Life Ins. Co. v. Licht*, 2005 U.S. Dist. LEXIS 1119, at *1 (S.D.N.Y. Jan. 27, 2005). "Numerous decisions note that Rule 37(a) 'provides, in fact, that the losing party on a motion to compel must pay reasonable expenses, barring extenuating circumstances.'" *JSC Foreign Econ. Ass'n Technostroyexport*, 2005 U.S. Dist. LEXIS 16772, at *40-43 (citing various cases). Thus, Plaintiff requests that if her Motion to Compel is granted, she be granted, at minimum, reasonable fees associated with filing this motion.

a culpable state of mind; and (3) that the missing evidence is relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *City of Almaty v. Ablyazov*, 1:15-CV-05345 (AJN) (KHP), 2019 U.S. Dist. LEXIS 112673, at *24 (S.D.N.Y. July 3, 2019) (*citing Joint Stock Co. Channel One Russia Worldwide*, 16-CV-1318 (GBD) (BCM), 2018 U.S. Dist. LEXIS 168847, at *6-7 (S.D.N.Y. Sept. 28, 2018); *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013).

Here, State Defendants unequivocally had an obligation to timely produce the above-requested materials, with a Court Order dated December 27, 2021, which instructed that State Defendants provide all responsive documents by December 28, 2021. Additionally, as set forth herein there was no effort to timely produce documents as there were no written responses provided to supplemental document requests, no substantive reply to Plaintiff's good faith letter, and no response to on the record requests at depositions to produce certain documents once the existence of the documents became known.

Next, State Defendants had the requisite culpable state of mind when they failed to produce the ordered discovery materials. The mental state required under the Federal Rules in order to be awarded an adverse inference for the non-production of electronically stored information ("ESI") is that the party "acted with the intent to deprive another party of the information's use in the litigation[.]" FED. R. CIV. P. 37(e)(2). However, as to tangible evidence, the standard is simply negligence. *See Mule v. 3-D Bldg. & Constr. Mgmt. Corp.*, CV 18-1997 (JS) (AKT), 2021 U.S. Dist. LEXIS 124711, at *27-30 (E.D.N.Y. July 2, 2021). The discovery materials currently in dispute involve both ESI (electronic communications such as emails, text messages, and instant messages, computer records, etc.) and tangible evidence (physical files and

18

tangible versions of communications, outlines, minutes, complaints, etc.).[16] Here, the Court can infer that State Defendants had the requisite culpable state of mind in failing to produce the above-requested discovery materials. *Raymond v. City of New York*, CIVIL ACTION NO.: 15 Civ. 6885 (LTS) (SLC), 2020 U.S. Dist. LEXIS 38821, at *43-44 (S.D.N.Y. Mar. 5, 2020) (awarding adverse inference instruction where the non-produced evidence was known to exist in the party's custody, the party agreed to produce the evidence, then later said they did not have the evidence).[17]

Last, the evidence requested above is undoubtedly relevant to Plaintiff's claims. Courts have held "[in] this respect, 'relevance' means relevance for purposes of discovery, which is 'an extremely broad concept.'" *Hawley v. Mphasis Corp.,* 302 F.R.D. 37, 46 (S.D.N.Y. 2014) (*citing Orbit One Commc'ns, Inc. v. Numerex Corp*., 271 F.R.D. 429, 436-37 (S.D.N.Y. 2010) (*quoting Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004)). Plaintiff proffers that all requested discovery materials meet this standard as related to Ms. Tromblee's claims.

Accordingly, the Court should award an adverse inference. *See Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 584 (S.D.N.Y. 2017) ("An adverse inference instruction is warranted here because Defendants have provided sufficient evidence that additional communications between Plaintiff and her witnesses likely existed, were not produced, and were relevant."); *DMAC LLC v. City of Peekskill*, No. 09-cv-5093, 2012 U.S. Dist. LEXIS 138605, at *4 (S.D.N.Y. Sept. 17, 2012) (granting motion for sanctions where moving party "proffered sufficient evidence from which a reasonable factfinder could infer that additional relevant e-mails-favorable to plaintiffs-existed but were not produced" and awarding an adverse inference

---

[16] For many of the materials requested, Plaintiff is uncertain of what format (electronic, physical, or both) the evidence may be in. However, there are at least two tangible pieces of evidence Plaintiff is certain of – Margaret Sheehan's physical file on Plaintiff's case and David Albano's physical file on Mr. Dominie's arbitration matter.

[17] Based upon the four non-party witnesses' testimony and reference to sought after documents in State Defendants' production demonstrating the existence of certain requested discovery materials, and State Defendants' counsel current representations that no further responsive documents exist, it must be inferred that State Defendants are either intentionally withholding the documents or were negligent in their preservation and/or search.

instruction stating that the destroyed "e-mails would have been favorable to [the non-spoliating party's] case[.]").

Here, there are various adverse inferences regarding the non-production of documents that were testified about or identified in documents already produced:  adverse inference that the content of the Marcia Marcotte investigative documents was unfavorable to the State Defendants with respect to the retaliation allegations against Plaintiff's family members; that the content of various documents relied upon but not produced by the State Defendants in connection with Ms. Sheehan's various reports relating to the sexual harassment and retaliation claims of Ms. Tromblee was unfavorable to the State Defendants; with respect to the deposition testimony that clearly sets forth certain other documents being withheld -- such as a text message from the sexual harasser to another employee; timesheets for Mr. Dominie such that he and Ms. Tromblee were working together and various dates; personnel files of management officials who were decision makers at NYS and may have a history of wrongdoing; as well as additional documents identified herein -- the content of which should be determined to be unfavorable to the State Defendants.

In sum, Plaintiff respectfully requests that the Court award her (i) reasonable fees incurred in pursuing this motion (ii) adverse inferences, as described above, and (iii) any other relief deemed appropriate by the Court.


III.     **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion to Compel the State Defendants to produce the above requested discovery materials and enter an

award against Defendants and their counsel to compensate Plaintiff for expenses and attorneys' fees associated with filing this motion.[18]


DATED: January 3, 2022                              Respectfully submitted,

                                                   SOLOMON LAW FIRM, P.L.L.C.

                                          By:      _____
                                                   Kathryn Barcroft, Esq.
                                                   Ariel Solomon, Esq.
                                                   *Attorneys for Plaintiff*
                                                   300 Great Oaks Blvd Ste 312
                                                   Albany, New York 12203
                                                   Telephone: (866) 833-3529
                                                   asolomon@fedemploylaw.com
                                                   kbarcroft@fedemploylaw.com


To:    Robert Rock, Esq.
       N.Y.S. Office of the Attorney General
       The Capitol, Justice Building 4th Fl.
       Litigation Bureau
       Albany, New York 12224

       Benjamin W. Hill, Esq.
       Capezza Hill LLP
       Attorneys for Defendant Liam Stander
       30 South Pearl Street, Suite P-110
       Albany, New York 12207

       Ryan T. Donovan, Esq.
       Harris, Conway and Donovan, PLLC
       Attorney for Defendant Alexis Barlow
       50 State Street, 2nd Floor
       Albany, New York, 12207

       William White, Esq.
       Brennan & White, LLP
       Attorneys for Defendant, Chad Dominie
       163 Haviland Road
       Queensbury, New York 12804

---

[18] Plaintiff can provide a statement of fees incurred in filing this motion if and when required.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 3, 2022, a true and accurate copy of the foregoing

was electronically filed with the Clerk's Office served using this Court's CM/ECF system,

which will then serve a notice of electronic filing (NEF) on the Judge and the following:

Robert Rock, Esq.
N.Y.S. Office of the Attorney General
The Capitol, Justice Building 4th Fl.
Litigation Bureau
Albany, New York 12224

Benjamin W. Hill, Esq.
Capezza Hill LLP
Attorneys for Defendant Liam Stander
30 South Pearl Street, Suite P-110
Albany, New York 12207

Ryan T. Donovan, Esq.
Harris, Conway and Donovan, PLLC
Attorney for Defendant Alexis Barlow
50 State Street, 2nd Floor
Albany, New York, 12207

William White, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804

Alyssa Cohorn
SOLOMON LAW FIRM, PLLC