**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MARY TROMBLEE,

                            Plaintiff,

                                                                                    **1:19-cv-00638 (LEK-CFH)**

-against-


THE STATE OF NEW YORK, et al.

                            Defendants.
_____

**DECLARATION OF KATHRYN L. BARCROFT**
**IN SUPPORT OF MOTION TO COMPEL AND OTHER RELIEF**

1.      My name is Kathryn Lynne Barcroft, I am an attorney and counselor of law duly admitted to practice law before the Courts of the State of New York.

2.      I am an attorney of record for Plaintiff Mary Tromblee in the instant matter. Accordingly, this Declaration is based on personal knowledge of the matters set forth herein.

3.      I submit this Declaration in support of Plaintiff's Motion to Compel and for Sanctions as a result of Defendants New York State and New York State Office for People with Developmental Disabilities ("State Defendants") counsel's failure to cooperate with the discovery process despite attempts to secure necessary documents relevant to our client's case.

4.      This Court ordered that State Defendants produce all responsive documents to Plaintiff and to identify any additional 30(6)(b) witnesses by December 28, 2021.  Despite the Order, State Defendants served nothing on this date and then the next day, after representations to the contrary, stated that they have no documents which are responsive to Plaintiff's outstanding demands that have not already been produced other than a relatively small number of documents which are subject to attorney client privilege. There was no privilege log attached

1

to the email, no explanation as to why the State Defendants did not comply with the Order, or why there are documents identified during depositions and in reports by a State Investigator that as existing and been relied upon that were not produced, and why no written responses were provided to Plaintiff's Second Supplemental Document Requests.

***HISTORY OF DISCOVERY WITH STATE DEFENDANTS***

5.       Plaintiff served her first set of discovery requests on State Defendants, including Requests for Production, which are part of the document requests at issue in this motion, on or about February 3, 2020. A true and correct copy of the discovery requests are attached hereto as **Exhibit 1**.

6.       The State Defendants, nearly seven months later, produced written responses to Plaintiff's First Requests for Production on or about September 9, 2020, as well as some documents. A true and correct copy of the State Defendants' discovery responses are attached hereto as **Exhibit 2**.

7.       In the meantime, Plaintiff had served a First Supplemental Request for Documents on or about September 2, 2020. A true and correct copy of the First Supplemental Request for Documents is attached hereto as **Exhibit 3**.

8.       State Defendants started producing documents in or around February and March 2021 and then provided written responses to Plaintiff's First Supplemental Request for Documents on or about April 1, 2021, again approximately six months after the September documents requests, as well as additional documents.  A true and correct copy of the State Defendants' responses are attached hereto as **Exhibit 4**.

9.       State Defendants again produced supplemental documents in or around September and October 2021.

2

10.     Plaintiff then served her Second Supplemental Requests for Production on or about October 19, 2021. A true and correct copy of the Plaintiff's Second Supplemental Requests for Production is attached hereto as **Exhibit 5**.

11.     Upon information and belief, as of the date of this Declaration, State Defendants never provided written responses to each of Plaintiff's October 19, 2021 Second Supplemental Document Requests despite the Court Ordered deadline of December 28, 2021.

12.     While various documents have been produced by the State Defendants in productions, many documents were duplicative or incomplete, and objections/responses were relied upon by Plaintiff's counsel that were later revealed, after deposition testimony, to be inaccurate as documents existed that were not produced.  Several deficiencies remain which have yet to be cured by the State Defendants.

13.     On or about November 1, 2021, the undersigned sent State Defendants' former counsel, Christopher Liberati-Conant, an email noting deficiencies in the State Defendants' most recent October 28, 2021 document production, responsive to the Second Supplemental Requests, including documents related to the termination or investigation of Marcia Marcotte, Plaintiff's sister, a copy of the interrogation of Ms. Marcotte, documents produced in response to a Corrective Action Plan, as well as reports or notes related to an Incident Review Committee as referenced in Defendant State's production. A true and correct copy of this email is attached hereto as **Exhibit 6**. These documents were unknown until this date as they were referenced in the production provided to the Second Supplemental production.

14.     State Defendants failed to produce any such documents and Plaintiff requested that if no documents exist, to inform Plaintiff of the same, or if they did, to produce them prior to Ms. Marcotte's deposition being held the following day. ***Id.***

15.     State Defendants' former counsel stated 30 days had not yet elapsed since Plaintiff's October 19, 2021, demands, that he never represented that there were no further documents responsive to Plaintiff's requests, and State Defendants will supplement as warranted. *Id.*

16.     To date, State Defendants have yet to cure these deficiencies despite Mr. Liberati-Conant's representations in the email response and the documents are identified in other documents related to the investigation that led to Ms. Marcotte's termination.

17.     On or about November 15, 2021, the undersigned sent a letter to the State Defendants' new counsel Robert Rock, the fourth attorney for the State Defendants in this case after Harris Dague, Kyle Sturgess, and Christopher Liberati-Conant, detailing various other deficiencies in their productions, including, *inter alia,* attachments to various New York State investigative reports, documents referenced and requested during depositions that witnesses testified could be searched, and outstanding documents in various production requests, including Plaintiff's supplemental requests to which written responses were due on or about November 18, 2021, and have still not been received. A true and correct copy of the good faith letter is attached hereto as **Exhibit 7**.

18.     Also in the good faith letter, the undersigned detailed how ITS counsel Lauren Holupko stated that her predecessor had conveyed to New York State, presumably Mr. Liberati-Conant, that the witness subpoenaed could not testify as to the noticed topics, yet this information was never provided to the undersigned, and the witness remained the identified individual to be deposed. *Id.*[1]

---

[1] While an initial deponent 30(b)(6), Heidi Lynn Wagner was deposed on September 20, 2021, we were required to wait on the State Defendants to provide the name of an NYSOPWDD who could testify on the other IT related

4

19.     Further, the undersigned was informed that the court reporter would still need to charge the Plaintiff for her time, in spite of the deposition not being fruitful. *Id.* The undersigned requested that the State Defendants reimburse for fees incurred at this deposition during a phone call on or about December 3, 2021, and again in an email dated on or about December 13, 2021. A true and correct copy of an email memorializing this conversation is attached hereto as **Exhibit 15, p. 1.** As of the date of this filing, the undersigned has received no response on this matter, nor has there been any agreement to reimburse for the deposition of this witness identified by the State.

20.     While the undersigned was under the impression that witnesses were being asked to search for documents to be produced, as recently as on about December 8, 2021, a witness testified that she was not asked to search for anything. A true and correct copy of this testimony is attached hereto as **Exhibit 8**.

21.     Plaintiff also sent a follow-up email, dated or about November 30, 2021, requesting a telephone conference and forwarding additional information regarding outstanding requests. A true and correct copy this email is attached hereto as **Exhibit 9, p.2-3**.

***FAILURE TO PRODUCE DOCUMENTS, OR EXPLAIN NON-EXISTENCE, OF DOCUMENTS RELIED UPON BY STATE INVESTIGATOR***

22.     On or about December 7, 2021, the undersigned sent an email to State Defendants' counsel again noting deficiencies in production, emphasizing the various

---

topics that Ms. Wagner could not provide testimony.  There was significant delay and then there was a representation that no OPWDD employee could testify on the topics and that a third party subpoena would need to be served.

attachments to Margaret Sheehan's investigatory reports.[2] A true and correct copy this email is attached hereto as **Exhibit 10**.

23.    Documents relied upon by Ms. Sheehan but not produced by State Defendants include, *inter alia*: (i) "Staffing list for OPWDD Glens Falls Office" (relied upon in the April 16, 2018, May 3, 2018, and Revised April 25, 2018, reports); (ii) "Timesheets for confirming Complainant [Ms. Tromblee] and Respondent [Defendant Dominie] did work together on all dates (Defendant Dominie's time sheets were not produced – relied upon in the April 16, 2018, May 3, 2018, and Revised April 25, 2018, reports); Personnel History File for Shannon Earle (relied upon in the November 9, 2018, and the Revised November 15, 2018, reports); Personnel History File Dr. Paul Byron (relied upon in the November 9, 2018, the Revised November 12, 2019, and the Revised November 15, 2018, reports); and NYS Inspector General Investigation No. 3902-031-2017 of Jeff Monsour (referenced in May 3, 2018, November 9, 2018, and revised November 15, 2018 reports).

24.    While some of the other documents relied upon by Ms. Sheehan were produced throughout State Defendants' various productions, they were not produced in conjunction with the reports themselves. Rather, given the fragmented production, it remains unclear whether the versions produced by State Defendants were the true and complete versions relied upon by Ms. Sheehan in reaching her findings.

25.    To date, the deficiencies have yet to be cured, and there is no explanation as to why certain documents relied upon by Ms. Sheehan are not available for production when the State was on notice of the sexual harassment of Plaintiff.

---

[2] "I had mentioned this to [former State Defendants' counsel]. I know that you mentioned you are reviewing emails, can you please also make sure that all of the attachments referenced in Ms. Sheehan's report are also produced as part of the State's next production." *See* **Exhibit 10**.

***STATE DEFENDANTS DELAY/INCORRECT INFORMATION FOR 30(b)(6) WITNESS***

26.     After these efforts, and a Court Order, the State Defendants did not produce documents, this time in contravention of the Court's Order set for December 28, 2021, pursuant to which they were ordered to produce all outstanding documents and to identify or produce a witness with knowledge for a 30(b)(6) deposition, despite our request that they comply with the Order. A true and correct copy of the Order and correspondence is attached hereto as **Exhibit 11, which includes the Order and Email Re: Compliance with the Order**.

27.     After a several month delayhe State Defendants produced a 30(b)(6) witness on November 12, 2021,[3] who lacked any knowledge relevant to the noticed deposition topics despite representations to the contrary by State Defendants' former counsel. This required the parties to attempt to schedule a new 30(b)(6) deposition with an appropriate representative, which could not be done unless and until the representative was identified by State Defendants.

28.     On or about December 3, 2021, the undersigned and State Defendants' counsel had a telephone conversation regarding Plaintiff's good faith letter and outstanding supplemental demands. A true and correct copy of an email memorializing this conversation is attached hereto as **Exhibit 15, p.2**. During this call, State Defendants' counsel informed the undersigned that he would be producing a "substantial" supplemental production to Plaintiff addressing many of the noted deficiencies, which he hoped to do no later than December 10, 2021. ***Id.*** He acknowledged this representation in a subsequent email. A true and correct copy of this email is attached hereto as **Exhibit 15, p.1 and Exhibit 16**. During the course of conversations with the Solomon Law

---

[3] Plaintiff sent an initial Notice of 30(b)(6) Deposition to the State Defendants on or about December 4, 2020 (A true and correct copy of the initial Notice is attached hereto as **Exhibit 12**), a second Notice on or about May 20, 2021 (A true and correct copy ofsecond Notice is attached hereto as **13**), and was further required to prepare and send a subpoena to obtain the testimony of the unknowledgeable 30(b)(6) deponent on or about October 12, 2021 (A true and correct copy of the subpoena is attached hereto as **Exhibit 14**). Thus, State Defendants had ample notice of Plaintiff's intent to depose a knowledgeable representative yet failed to do so within the discovery period.

Firm, Mr. Rock excused the delays and failures by the State Defendants as he is a new counsel on the case and was trying to get up to speed and had other competing deadlines.

29.     On or about December 10, 2021, the undersigned sent an email to State Defendants' counsel noting that he had yet to send requested documents or identify a new 30(b)(6) deponent. ***See* Exhibit 15, p.3**.

30.     State Defendants' counsel responded on or about December 13, 2021, stating, *inter alia*, that because the responses may obviate the need for a new 30(b)(6) deposition, "our focus has been on getting the responses rather than trying to identify an additional 30(b)(6) witness." ***See* Exhibit 15, p.2**.

31.     While acknowledging that he provided the December 10, 2021, date to the undersigned for when she could expect to receive the outstanding documents, and despite their "focus" being on getting the responses (***see* Exhibit 15, p.2**), the State Defendants' did not produce anything on this date or the next date he was aiming for. This was despite representations, again, that there were "substantial" documents gathered for him to review (**as referenced in Exhibit 16, p.1**) and he would give it the old college try to get a production for the undersigned, if not on Friday, December 10, 2021, then by Monday, December 13, 2021.

32.     The undersigned responded on the same day, clarifying that regardless of the responses, Plaintiff was still seeking to depose the correct 30(b)(6) witness. ***See* Exhibit 15, p.1**. The undersigned also clarified her intent to file an extension request for any motion to compel as well as to request a discovery hearing. ***See* Exhibit 15, p.2**.

33.     This request was filed on or about December 13, 2021. ***See* Dkt. 119**.

34.     At no time prior to the discovery hearing did State Defendants' counsel advise the Court or the undersigned there were no responsive documents. Counsel late in the afternoon

8

of the deadline for filing for the motion to compel finally responded that the 30(b)(6) deponent is a Senior Administrative Analyst and is *employed by OPWDD*, despite delays for over a year forcing a subpoena of a third party.

### NON-COMPLIANCE OF STATE DEFENDANTS WITH COURT ORDER

35.     On December 21, 2021, the parties attended the requested discovery hearing.

36.     On December 27, 2021, the Honorable Magistrate Judge Christian F. Hummel issued a Text Order in response, providing, in pertinent part, that "Deft OPWDD is to serve it's discovery responses to plaintiff and to identify any additional 306b witnesses by 12/28/2021."

37.     Towards the close of business on December 28, 2021, State Defendants' counsel sent an email to the undersigned, in relevant part, that he was "still awaiting the additional documents that have been gathered and are being prepared by my colleague. I will forward them to you as soon as I have them." A true and correct copy of this email is attached hereto as **Exhibit 16, p.2**. In response, the undersigned inquired whether all documents would be produced by day's end in accordance with the Order. ***See* Exhibit 16, p.2**. State Defendants' counsel responded that the documents were not yet ready to be sent to Plaintiff but that he would forward them as soon as possible. ***See* Exhibit 11, p.1**.

38.     It was also in this message that State Defendants finally disclosed the identity of their new 30(b)(6) deponent. ***See* Exhibit 16, p.2**.

39.     The undersigned then reminded State Defendants' counsel of the court's ordered deadline, which State Defendants' counsel acknowledged in his subsequent email. ***See* Exhibit 16, p.2**.

40.     Notwithstanding this Order, there was no production or communication, and the State Defendants failed to comply with the Court's Order.

41.    On December 29, 2021, the day following the Honorable Magistrate Judge Hummel's deadline, State Defendants' counsel informed the undersigned via email that while he previously represented that his party would produce a "substantial amount of documents that are responsive" to Plaintiff's outstanding requests, he was unaware until this date that these documents were already produced by his predecessors and thus State Defendants "have no documents which are responsive to [Plaintiff's] outstanding demands that have not already been produced other than a relatively small number of documents which are subject to attorney client privilege." *See* **Exhibit 16, p.1**.

42.    However, State Defendants never provided an updated privilege log to substantiate the documents' alleged privileged status, again failing to comply with the Court's Order.

### *MISSING DOCUMENTS IDENTIFIED DURING DEPOSITIONS/GOOD FAITH LETTER*

43.    In addition to State Defendants' failure to produce written discovery responses and supplement Plaintiff's document requests, they also failed to produce documents requested on the record during at least four non-party witnesses' depositions or respond substantively to issues raised in a good faith letter. The deposition testimony includes:

    a.    Margaret Sheehan, Director of Affirmative Action/EEO & ADA Coordinator who led the investigations into the various internal complaints in this case testified that there were timesheets confirming dates that Chad Dominie (the alleged sexual harasser) and the Plaintiff worked together which were not produced and there was a text message between Leyna Marcotte and Elysse Lavin, inappropriate text messages between Mr. Dominie and Mr. Stander referenced in Mr. Stander's interrogation; and outlines of Ms. Sheehan's interviews/interrogations similar to the one produced and used for Plaintiff's interview. (A true and correct copy of Ms. Sheehan's testimony is attached hereto as **Exhibit 17**). These documents as well as others relied upon by Ms. Sheehan in various investigative reports were not produced;

b. Stephen Cernak, an IT employee who witnessed some examples of the sexual harassment by Defendant Dominie against Plaintiff testified that with respect to an incident involving Mr. Dominie and Ms. Tromblee and regarding a reply email from Mr. Dominie's supervisor Mr. Stander the following: I "would have to go back in, and I could pull the record on the e-mails and verify. Everything is backed up, so any time that we need any of these e-mails, I can retrieve them, anything from the time our exchange server has been started I can have it pulled. I do believe an e-mail was sent . . . See (A true and correct copy of Mr. Cernak's testimony is attached hereto as **Exhibit 18**).  Again, we have no copy of the email nor any reply that Mr. Cernak had been asked to check his email;

c. Annette Abare, Plaintiff's union representative who knew about Plaintiff's allegations and testified Lynx messages (a former messaging system at NYSOPWDD) from Chad Dominie to Angela Erfelt where Mr. Dominie asked Ms. Erfelt to f**k, as testified to by Ms. Abare. (A true and correct copy of Ms. Abare's testimony is attached hereto as **Exhibit 19**). The Lynx message was not produced.

d. David Albano, Human Resource Specialist 3 (Labor Relations), who led Mr. Dominie's arbitration matter, had certain documents which were requested including a file related to Mr. Dominie's arbitration, any and all invitations or reminders on his Outlook calendar for preparation sessions, hearings, meetings, telephone conversations, or the like pertaining to the 2019 arbitration of Mr. Dominie, and any and all communications to or from David Albano relating to Chad Dominie's 2019 arbitration. (A true and correct copy of Mr. Albano's testimony is attached hereto as **Exhibit 20**). To date these documents have not been produced nor is there an explanation regarding the failure to do so.

### *Requests for Production – Corresponding Request Nos., Good Faith Letter Request*

18.    Provide any and all correspondence and/or other documents indicating or relating to any complaints, claims or charges filed against Alex is Barlow, by employees or former employees of NYSOPWDD, through any internal complaint procedures, any local, state or federal court, any Federal Department, any local, state. or municipal Department, or union, alleging any, unlawful behavior, discrimination, harassment, creation of a hostile work environment, and/or retaliation during the course or the aforementioned individuals' employment with NYSOPWDD.

**Response: The State Defendants object to this Demand as overly broad, unduly burdensome, vague as to the meaning of "unlawful behavior," and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence insofar as it is not limited in scope or time with respect to the subject matter and issues involved in the instant lawsuit. The State Defendants likewise object to this Demand insofar as it calls for a legal conclusion as to whether complained-of behavior constitutes or constituted "discrimination,"**

**"harassment," a "hostile work environment," or "retaliation" in the context of the applicable statutes and authorities. The State Defendants further object to the disclosure of documents and materials acquired or created in the course of the investigation of any internal complaints of discrimination filed by Defendant Dominie against,** *inter alia,* **Defendant Barlow, together with any investigative report or analysis drafted with regard thereto, on the grounds of the attorney-client and attorney work-product privileges. See FRCP 26(b)(3)(A); Geller v. North Shore Long Island Jewish Health System, 2011 U.S. Dist. LEXIS 129751 (E.D.N.Y. 2011); Robinson v. Vineyard Vines, LLC, 2016 U.S. Dist. LEXIS 27948 (S.D.N.Y. 2016); and Costabile v. County of Westchester·, 2008 U.S. Dist. LEXIS 47692 (S.D.N.Y. 2008). Notwithstanding and without waiving the aforementioned objections, the State Defendants produce the following non-privileged responsive documents in their possession: Documents relating to a counseling memorandum issued to Defendant Alexis Barlow, identified as DEF 001008-001010.**

*Plaintiff requested any complaints against Ms. Barlow, not just the complaints related to the present action. To the extent there is privileged information we request that the information be logged. Any other responsive documents should be produced or produced in redacted format. It is relevant whether Ms. Barlow was the subject of any other complaints at NYS.*

22.     Provide any and all computer access records and/or computer cache of Dominie's computer and/or computer usage from January 2017 to October 2017 which reflect internet history and internet searches.

**Response: The State Defendants object to this Demand as overly broad, unduly burdensome, vague as to "computer access records" and "reflect[ing] internet history", and not reasonably calculated to lead to the discovery of relevant and admissible evidence insofar as the** *Demand does not attempt to limit the scope of the search to any subject matter or content relating to the subject matter or content relating to the subject matter of the instant litigation***.**

*The time period is limited to ten months and we can limit the search to any non-work related conduct on the internet -- any sites that were sexual in nature.*

23.     Produce any and all communications between Dominie and Stander and Dominie and Barlow. including from personal phones and personal email addresses, relating pornography, sexual mailers or referring to Plaintiff in any manner from January 2017 to October 2017.

**Response: The State Defendants object to this Demand as overly broad and unduly burdensome insofar as it calls for "all communications ... referring to Plaintiff without reference to content or subject matter. The State Defendants object to the Demand insofar as it is vague as to "sexual matters." The State**

**Defendants furthermore object to this Demand insofar is it is duplicative of other Demands relating to "communications"; on the ground .that the communications sought arc more likely to be in the possession of the individual Defendants than that of the State Defendants; and on the ground that the State *Defendants are not in possession of the "personal phones" and/or "personal email addresses" from which the demanded documents and materials are sought.***

*While we understand that the State may not be in possession of personal phones or emails, the request is not limited to this, it merely states "including" this, therefore, please produce any communications in OPWDD's possession, custody or control regarding communications between Dominie and Barlow and Domine and Stander related to pornography or sexual matters or communications that refer to Mary Tromblee.*

31.     Produce any and all correspondence among and between Kristi Beitter and Barlow concerning Plaintiff and Dominie.

**Response: The State Defendants object to this Demand as vague as to the meaning of "among and between" and "concerning" to the extent that it is not reasonably limited in time or scope or otherwise related to the events at issue in the instant litigation. Notwithstanding and without waiving these objections, a good-faith effort is underway to locate non-privileged documents or materials responsive to this request, to be disclosed to Plaintiff's counsel at the conclusion of said search. *The State Defendants further refer the Plaintiff to those documents and materials disclosed in response to Demand No. 18.***

*The reference to Demand 18 is to the counseling memo from Ms. Beitter to Ms. Barlow. We requested any and all correspondence between Ms. Beitter and Ms. Barlow including Lynx messages, text messages, emails, written correspondence, which is deficient.*

***First Supplemental Requests for Production***

8.     Provide any and all attendance sheets, calendar invitations, meeting minutes or other documents reflecting the attendance of NYSOPWDD employees during meetings relating to, or convened on, the dates referenced in the Amended Complaint.

**Response: Defendants' diligent search revealed *no documents responsive to this request.***

*We are aware from Mr. Albano's testimony that calendar invitations and other documents related to the attendance of OPWDD employees at meetings related to the dates referenced in the Amended and Second Amended Complaint. We request that these documents be produced without further delay for Mr. Albano and other personnel.*

9.      Produce any and all documents related to Mr. Dominie's internet usage on any NYSOPWDD computer, including any browser search history for website sites visited that were sexual in nature.

**Response: Defendants object to this demand on the ground that it is vague and unduly broad and burdensome and to the extent it seeks data outside the State Defendants' control. Without waiving said objections, *the State Defendants' diligent search uncovered no responsive documents.***

*We understand from eyewitness testimony, including Ellen Davis, that Mr. Dominie visited sites that were sexual in nature. We request that the browser search history for Mr. Dominie's computer be produced with respect to this request and that if not available the OPWDD personnel that conducted the searches be able to testify to the same.[4]*

10.     Produce any and all documents related to Mr. Dominie's internet usage on any NYSOPWDD computer, including any browser search history for any social media sites or posts made by Mr. Dominie that referenced Plaintiff.

**Response: Defendants object to this demand on the ground that it is vague and unduly broad and burdensome.**

*This request is limited to social media sites or posts by Mr. Dominie related only to Plaintiff – it is not unduly broad or burdensome as it involves two persons, Mr. Dominie and Ms. Tromble, and it is limited to the time when they worked together in 2016 to October 2017.*

11.     Provide any and all written or electronic communications and/or other documents sexual in nature or relating to sexual misconduct at NYSOPWDD and/or any allegations related to the Amended Complaint between Defendants Barlow and Stander, including electronic mail and text messages from their personal and State-issued cellular phones, written or received by any employee of NYSOPWDD regarding, relating to, or referencing Plaintiff's complaints to Defendants Barlow or Stander regarding any issues with Defendant Dominie.

**Response: Defendants object to this demand on the ground that it is vague, unduly broad and burdensome, and appears to seek documents outside of defendants' control. *Defendants do not have access to the text of any text messages sent or received from state-issued cell phones. Defendants have provided plaintiff with the phone numbers and carriers for Barlow's and Stander's state-issued cell phones to allow plaintiff to subpoena the carriers. Dominie did not have a state-issued cell phone. Without waiving said objections, responsive documents appear in the ESI produced by defendants and in the supplemental disclosures provided herewith.***

---

[4] A true and complete copy of Ellen Davis' testimony is attached as **Exhibit 21.**

14

*We have no Lynx messages or text messages produced in response to this request, to the extent there are responsive documents in OPWDD's possession, custody or control we request that they be produced limited to the time period at issue, the carrier will not have text messages available for this time period that can be subpoenaed, and it should not be incumbent on Plaintiff to have to subpoena the text messages if on state issued phones.  It is also concerning that OPWDD does not have access to these text messages as they are their employees' phones.*

12. Provide any and all correspondence and/or other documents written or received by Alexis Barlow, Liam Stander, or Chad Dominie regarding, relating to, or referencing Plaintiff, including electronic mail and text messages from their personal and State-issued cellular phones.

***Defendants object to this demand on the ground that it is vague, unduly broad and burdensome, and appears to seek documents outside of defendants' control. Defendants do not have access to the text of any text messages sent or received from state-issued cell phones. Defendants have provided plaintiff with the phone numbers and carriers for Barlow's and Stander's state-issued cell phones to allow plaintiff to subpoena the carriers. Dominie did not have a state-issued cell phone. The State Defendants do not control the individual Defendants' personal cell phones.***

*Refer to response to No. 11.*

16. Provide any and all written or electronic communications between Provide any and all written or electronic communications between Defendants Stander, Barlow and/or Dominie including but not limited to emails, text messages from State-issued cellular phones, Facebook or other social media messages or postings, or instant messages relating to the use, sale or possession of illegal drugs.

***Defendants object to this demand on the ground that is unduly broad and burdensome and to the extent that it seeks electronic information not in the control of defendants, including but not limited to, data and documents controlled by facebook, and text data controlled by telecommunications providers. Without waiving said objections, after diligent search, defendants have discovered no responsive documents.***

*Refer to Response to No. 11.*

18.     Provide a copy of any and all surveillance footage, badge swipes, clock rings, visitor logs or other information maintained by NYSOPWDD to monitor when an individual has entered or exited the Glens Falls office.

**Response: Defendants object to this demand on the ground that it is temporally unbounded. Without waiving said objection, *after diligent search, defendants discovered no responsive documents.***

*We have testimony that some of this information was required at OPWDD's Glens Falls office. We request that responsive documents be produced for the time period of the sexual harassment claims in 2016/2017, if available.*

20.    Provide copies of any and all complaints or reports made by any employee at NYSOPWDD's Glens Falls office in which allegations of sex-based harassment and/or a hostile work environment were raised.

**Response: Defendants object to this demand on the ground that it seeks confidential information and is temporally unbounded. Without waiving said objections, *after diligent search, defendants discovered no responsive documents.***

*We are aware that Ms. Tromblee made a complaint, therefore, we are confused as to this response. Also, to the extent there were other complaints, responsive documents should be produced.*

***Second Supplemental Requests for Production***

8. Produce any and all documents related to the termination or investigation of Marcia Marcotte, including but not limited to any emails between Human Resources, Kristi Beitter, James Doddemeade, and/or Ms. Bennett.

*To date, State Defendants never provided written responses to her Second Supplemental Requests for Production including this request which there is knowledge that there are responsive documents as identified in a production that the State Defendants did produce.*"

***See* Good Faith Letter Ex. 7.**

***CONCLUSION***

44.    Plaintiff is filing a Motion to Compel to facilitate the necessary production of documents relevant to Plaintiff's claims that have been identified that they exist and yet have not been produced. To date, the State Defendants failed to remedy their numerous discovery errors, which have been ongoing over the course of this litigation. In fact, the State Defendants did not provide any detail as to why certain documents identified have not been produced other than a

brief email after issuance of the Court ordered deadline that no responsive documents exist that have not already been produced aside from some privileged documents for which no privilege log has been produced.

45.     As a result of Defendant's continued failure to timely respond to Plaintiff's reasonable discovery requests, Plaintiff is filing the instant motion to compel the necessary production and for other appropriate relief including a request for sanctions.

I HEREBY DECLARE under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.


Dated:  January 3, 2022

_Kathryn Barcroft_
Kathryn Lynne Barcroft

EXHIBIT 1



375 Park Avenue
The Seagram Building
Suite 2607
New York, NY 10152

▪▪▪▪

300 Great Oaks Blvd., Suite 312
Albany, NY 12203

▪▪▪▪

1025 Connecticut Ave, NW
Suite 1000
Washington, DC 20036

P:  1-866-8-FedLaw
F:  (202) 688-1896
attorneys@fedemploylaw.com

ADMITTED TO PRACTICE
IN NEW YORK STATE

**<u>Via First-Class Mail</u>**

February 3, 2020

Kyle W. Sturgess
N.Y.S. Office of the Attorney General
The Capitol, Justice Building 4th Fl.
Litigation Bureau
Albany, NY  12224
E-mail: Kyle.Sturgess@ag.ny.gov

Benjamin Hill, Esq.,
Attorney for Defendant Liam Stander
Law Office of Benjamin Hill
50 State Street, Second Floor
Albany, New York 12207
E-mail: ben@benhilllaw.com

Ryan T. Donovan, Esq.,
Harris, Conway and Donovan, PLLC
Attorney for Defendant Alexis Barlow
50 State Street, 2nd Floor
Albany, New York, 12207
E-mail: RDonovan@hcdlegal.com

Joseph R. Brennan, Esq.,
William White, Esq.,
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
Facsimile No.: 518-793-3422

**RE:**    **Tromblee v. State of New York, et al.**

Dear Sirs,

Pursuant to Judge Khan's Uniform Pretrial Scheduling Order in connection with the above-referenced matter, I am enclosing Plaintiff's First Set of Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notice to take Oral Depositions.

Kindly contact my office at your earliest convenience so we can schedule a time for the noticed depositions.

Very truly yours,

Kathryn Barcroft, Esq.
kbarcroft@fedemploylaw.com

Enclosures

cc:     Mary Tromblee (via e-mail)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

MARY TROMBLEE,

                                   Plaintiff,

                           **PLAINTIFF'S FIRST SET OF**
                           **REQUESTS FOR THE**
                           **PRODUCTION OF DOCUMENTS**

                   -against-

                           Case No. 1:19-CV-0638 (LEK/CFH)

STATE OF NEW YORK, et al.,

                             Defendants.
-----------------------------------------------------------

      **PLEASE TAKE NOTICE THAT,** Plaintiff MARY TROMBLEE, through counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby submits *Plaintiff's First Request for Documents* to Defendants. Defendants are requested to produce and to permit the party serving these requests and its counsel to inspect and copy the requested documents at Solomon Law Firm, PLLC, 300 Great Oaks Blvd, Suite 312, Albany, NY 12203 or at such other place as counsel may hereafter mutually agree, no later than 30 days from the date of service of these requests.

## INSTRUCTIONS FOR ANSWERING

      A.     In this discovery, Plaintiff seeks all responsive documents and things that are within the possession, custody, or control of, or are known or available to Defendants, its predecessors, and successors in interest, all parent and subsidiary corporations, all representatives, units, offices, divisions, officers, directors, employees, agents, attorneys, assigns, consultants, investigators, accountants, and other persons acting on its behalf or at its direction. This includes documents in the possession, custody or control of your attorneys or their investigators or any third party or parties to whom you have surrendered possession, custody or control, or who, acting on your behalf, have obtained custody, possession or control, or who, upon Defendant's request, would surrender possession, custody and control to you. If Defendants are not in possession of any of the requested documents herein, set forth the last known location of said documents and identity of the custodian of such documents.

      B.     Pursuant to Fed. R. Civ. P 26(e), Defendants are under a continuing duty to seasonably supplement the production with documents obtained subsequent to the preparation

1

and filing of a response to each request.  The supplementary production is to be provided to Plaintiff's counsel as soon as it becomes known to you or to your counsel and in all events before trial.

C.     If a document is withheld on the ground of privilege or otherwise, provide a schedule identifying each document and setting forth: (i) the date of the document; (ii) the nature of the document; (iii) the person who originated the document; (iv) all person(s) to whom it was sent; (v) all person(s) to whom it was copied; (vi) the subject matter of the document; and (vii) the privilege or other ground upon which the document is being withheld.

D.     The singular form of a word shall be interpreted as plural and the masculine gender shall be deemed to include the feminine, and vice versa, as necessary to bring within the scope of a particular request any document which might otherwise be construed to be outside its scope.

E.     To the extent that you consider any of the following document requests or subparts thereof to be objectionable, answer that portion of the document request, or subpart thereof, to which you have no objection and separately state the portion of the document request, or subpart thereof, to which you lodge an objection, stating the specific grounds for your objection.

F.     If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify: (i) each such document, including the (a) date, (b) nature, (c) subject matter, (d) person who originated it, (e) all person(s) to whom it was sent, (f) all person(s) to whom it was copied; (ii) the last known custodian of the document; (iii) the date the document was lost, discarded or destroyed; (iv) the reasons for discarding or destroying the document; (v) each person having knowledge of the document; and (vi) each person having knowledge of the circumstances of its being lost, discarded or destroyed.

G.     Electronic Discovery - With respect to all emails responsive to Plaintiff's document requests, they should be produced with .msg or .pst file extensions, preferably .msg.

With respect to all printed emails responsive to Plaintiff's document requests, they should be printed with a full header.

With respect to those documents responsive to Plaintiff's document requests which are saved as a pdf file, they should be produced in that format, not as a scanned copy of the saved pdf.

2

With respect to those documents responsive to Plaintiff's document requests, they should be produced in native electronic format, which could include any of the following formats: .doc, .docx, .txt, .rtf, .dot, .htm, .pptx, .ppt, .pps, .xlxs, .xls, .csv, .xml, .txt, .mht, .prn, .dif and/or .slk.

With respect to any documents that have been scanned documents, describe when they were scanned and who directed them to be scanned, and produce them in their original scanned format, which could include any of the following formats: .jpg, .jpeg, .tif, .tiff, .pict and/or .pdf.

H.     When producing a document, all non-identical copies of all non-identical drafts thereof must also be produced.

I.     If any requested document or thing cannot be produced in full, please produce it to the extent possible, identifying what portion is being withheld and the reason therefore.

J.     Each request should be responded to separately.  However, a document that is responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

K.     Production can be accomplished by mailing the documents within the rule time to Solomon Law Firm, PLLC, 300 Great Oaks Blvd., Suite 312, Albany, NY 12203.

## **DEFINITIONS**

A.     "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations, municipalities, and every other type of organization or entity.

B.     "Identity" means when used in reference to:

1.          A *document*, to state separately,

   a.  Its description (e.g. letter, report, memorandum, etc.),
   b.  Its date,
   c.  Its subject matter,
   d.  The identity of each author or signer;
   e.  The identity of each individual privy to the document.

2.    An *oral* statement, communication, conference or conversation, to state separately:
    a.    Its date and the place where it occurred,
    b.    Its substance,
    c.    The identity of each person participating in the communication or conversation, and
    d.    The identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

3.    A *natural person or persons,* to state separately:
    a.    The full name of each such person,
    b.    His or her present, or last known address and his or her present or last known residential address, and,
    c.    The employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time;

4.    An *organization or entity* other than a natural person (e.g. a company, corporation, firm, association, or partnership), to state separately:
    a.    The full name and type of organization or entity,
    b.    The date and state of organization or incorporation,
    c.    The address of each of its principal places of business, and,
    d.    The nature of the business conducted.

C.    "Document," "documents," "material," or "materials" is defined to be synonymous in meaning and equal in scope to the use of this term in the FRCP 34(a), including without limitation any written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office, and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt statement, financial data, acknowledgment, computer, or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained in your actual or constructive possession, custody or control, or the existence of which you have

knowledge, and whether prepared, published, or released by you or by any other person.  If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which because of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

D.    "Communication" and/or "Correspondence" shall mean, without limitation, any or all transmittals of information, whether oral or reduced to writing, whether handwritten, typewritten, tape-recorded, or produced by electronic data processing, irrespective of how conveyed (e.g., telephone, telegram, telegraph, United States mail, private mail or courier service, facsimile transmittal, face-to-face contact), including but not limited to:  inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, emails, faxes, letters, notes, telegrams, advertisements, other documents, and/or other forms of verbal or written intercourse.

E.    "Relating to" means consisting of, referring to, describing, discussing, constituting, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or factually connected to the matter discussed.

F.    "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

G.    "Dominie" or "Mr. Dominie" shall be deemed to refer to Defendant CHAD DOMINIE.

H.    "Barlow" or "Ms. Barlow" shall be deemed to refer to Defendant ALEXIS BARLOW.

I.    "Stander" or "Mr. Stander" shall be deemed to refer to Defendant LIAM STANDER.

J.    "Department" or "NYSOPWDD" shall be deemed to refer to Defendant NEW YORK STATE OFFICE OF PEOPLE WITH DEVELOPMENTAL DISABILITIES and its agencies, departments, officers, directors, employees, agents, partners, representatives, attorneys, assigns, consultants, investigators, accountants contractors, and/or any other individuals or other entities acting on its behalf or at its direction.

K.    "Defendants" shall be deemed to refer to all individuals listed in the above definitions 8-11.

L.      "Plaintiff" means all persons or entities who have commenced the within action and remain in the caption thereof.

M.      "Your Employees" and/or "Department Employees" and/or "Department" shall refer to, without limitation, any and all of your current and/or former employees, agents, partners, officers, board members, managers, contractors, representatives, consultants, investigators, accountants, affiliates, and/or any individuals who act on your behalf, in accordance with your direction, and/or at your discretion.

N.      "Any" shall also mean "all" and vice versa.

O.      "And" shall also mean "or", and "or" shall mean "and" as necessary to call for the broadest possible answer.

P.      "Peer" shall refer to any employee or former employee of Defendant who held the same title as Plaintiff.

Q.      "Complaint" shall refer to Plaintiff's complaint in the instant matter, filed in the NDNY, Case No. 1:19-CV-0638 (LEK/CFH)

R.      "Plaintiff's First Set of Interrogatories" shall refer to the document captioned as "Plaintiff's First Set of Interrogatories" in the above captioned matter.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Provide any and all documents and written communications identified in any and all of your responses to Plaintiff's First Set of Interrogatories.

2.      Provide any and all correspondence and/or other documents, including electronic mail, written or received by any of the Defendants regarding, relating to, or referencing Plaintiff's sex, gender, complaints to NYSOPWDD's Equal Employment Opportunity/Affirmative Action office, and/or status at NYSOPWDD.

3.      Provide any and all correspondence and/or other documents, including electronic mail, written or received by any of the Defendants regarding, relating to, or referencing Plaintiff's charge of discrimination she filed with the U.S. Equal Employment Opportunity Commission on or about August 1, 2018.

4.      Provide any and all correspondence and/or other documents, including electronic mail, written or received by any Defendants regarding, relating to, or referencing Plaintiff.

5.      Provide any and all correspondence and/or other documents, including electronic mail written or received by any Defendants, regarding Plaintiff's being forced to cease working at her main NYSOPWDD workstation during the day from on or about January 2017 through October 2017.

6.      Provide any and all correspondence, including electronic mail, between Steve Cernak and any of the Defendants regarding Dominie's comments to Ms. Tromblee to the effect of "shut your whore mouth and make me a sandwich" on or about February 2017.

7.      Provide any and all correspondence and/or other documents, including electronic mail written or received by any Defendants, regarding Plaintiff's criminal charges against Mr. Dominie filed on October 25, 2017

8.      Provide any and all correspondence and/or other documents, including electronic mail written or received by any Defendants, regarding Mr. Dominie's November 28, 2017 arrest in response to these charges.

9.      Provide any and all correspondence and/or other documents, including electronic mail written or received by Dr. Paul Byron, Laura LaValley and/or James Doddemeade, pertaining to Barlow and/or Dominie and "inaction by TTYL" in or about October 2017.

10.     Provide any and all correspondence and/or other documents, including electronic mail written or received by any Defendants, from on or about April 2018 through late July 2018 regarding the position of Registered Nurse for NYSOPWDD's Corinth, New York Adirondack Clinic.

11.     Provide any and all documents, including electronic mail and/or electronic documents, included in the findings of Plaintiff's NYSOPWDD internal complaint #1727 dated October 19, 2017.

12.     Provide any and all documents, including electronic mail and/or electronic documents, included in the findings of Plaintiff's second NYSOPWDD internal complaint dated August 12, 2019.

13.     Provide all manuals, handbooks, policies, procedures, notices, or directives issued by NYSOPWDD pertaining to employment matters, including, without limitation, those

pertaining to layoffs/termination, transfers, attendance, tardiness, hiring, work performance, evaluations, promotion, disciplinary actions, harassment, discrimination, and/or retaliation.

14.    Provide Plaintiff's complete personnel file, including, without limitation, documents pertaining to her hire, qualifications (including certificates, transcripts, statements, degrees, employment applications, resumes and cover letters), assignments, duties and responsibilities, compensation, promotion/demotion, transfer, lay-offs, tenure, discipline, attendance, salary and benefits, title, performance (including performance reviews or evaluations, whether formal or informal), grievances, EEO complaints, complaints made to supervisors and/or medical records.

15.    Provide Dominie's complete personnel file, including, without limitation, documents pertaining to his hire, qualifications (including certificates, transcripts, statements, degrees, employment applications, resumes and cover letters), assignments, duties and responsibilities, compensation, promotion/demotion, transfer, lay-offs, tenure, discipline, attendance, salary and benefits, title, performance (including performance reviews or evaluations, whether formal or informal), grievances, EEO complaints, complaints made to supervisors and/or medical records.

16.    Provide any and all correspondence and/or other documents referring to Plaintiff allegedly having an affair with Dominie.

17.    Provide any and all correspondence and/or other documents indicating or relating to any complaints, claims or charges filed against Dominie by employees or former employees of NYSOPWDD, through any internal complaint procedures, any local, state or federal court, any federal Department, any local, state, or municipal Department, or union, alleging any, unlawful behavior, discrimination, harassment, creation of a hostile work environment, and/or retaliation during the course of the aforementioned individuals' employment with NYSOPWDD.

18.    Provide any and all correspondence and/or other documents indicating or relating to any complaints, claims or charges filed against Alexis Barlow, by employees or former employees of NYSOPWDD, through any internal complaint procedures, any local, state or federal court, any federal Department, any local, state, or municipal Department, or union, alleging any, unlawful behavior, discrimination, harassment, creation of a hostile work environment, and/or retaliation during the course of the aforementioned individuals' employment with NYSOPWDD.

19.    Provide any and all correspondence and/or other documents indicating or relating to any complaints, claims or charges filed against Liam Stander, by employees or former employees of NYSOPWDD, through any internal complaint procedures, any local, state or

federal court, any federal Department, any local, state, or municipal Department, or union, alleging any, unlawful behavior, discrimination, harassment, creation of a hostile work environment, and/or retaliation during the course of the aforementioned individuals' employment with NYSOPWDD.

20.     Provide any and all correspondence and/or other documents relating to any complaints made by Plaintiff regarding any sort of discrimination, a hostile work environment, harassment, hostility, assault, unprofessionalism, bullying, retaliation, and/or reprisal.

21.     Provide any and all correspondence, including email correspondence, between Plaintiff and at least one of your following employees: Barlow, Dominie, and Stander concerning sexual harassment and/or sexual misconduct as NYSOPWDD.

22.     Provide any and all computer access records and/or computer cache of Dominie's computer and/or computer usage from January 2017 to October 2017 which reflect internet history and internet searches.

23.     Produce any and all communications between Dominie and Stander and Dominie and Barlow, including from personal phones and personal email addresses, relating pornography, sexual matters or referring to Plaintiff in any manner from January 2017 to October 2017.

24.     Produce any and all correspondence and/or other documents pertaining to NYSOPWDD's failure to approve, or delayed approval, of Plaintiff's timecards after her complaint of sexual harassment against Dominie.

25.     Provide any and all New York State and/or NYSOPWDD policies regarding sexual harassment, sexual harassment training, sexual harassment complaints, and disciplinary actions for employees involved in sexual harassment complaints.

26.     Provide any and all New York State and/or NYSOPWDD policies regarding retaliation in the workplace.

27.     Produce any and all correspondence and/or other documents from February 2019 to April 29, 2019 pertaining to requiring Plaintiff to testify in proceedings against Dominie.

28.     Produce any and all correspondence and/or other documents regarding NYSOPWDD's decision to place Dominie's current employment status and the decision to place him on unpaid leave, including the timeline related to this decision.

9

29.     Produce any and all documents concerning the interrogation proposed by Erika Valenti, Dominie's personal friend, in February 2019.

30.     Produce any and all documents, including notes or reports, relating to the January, February and October 2017 meetings between supervisors, Dominie and Plaintiff.

31.     Produce any and all correspondence among and between Kristi Beitter and Barlow concerning Plaintiff and Dominie.

32.     Produce any and all documents identified in Interrogatory No. 3.

33.     Produce any and all documents identified in Interrogatory No. 6.

DATED:  February 3, 2020
          Albany, New York                    Respectfully Submitted,
                                              SOLOMON LAW FIRM, P.L.L.C.

                                    By:    _Kathryn Barcroft_____
                                              Ariel Solomon, Esq.
                                              (Bar Roll Number 515601)
                                              Kathryn Barcroft, Esq.,
                                              (Bar Roll Number 701100)
                                              Attorneys for Plaintiff
                                              300 Great Oaks Blvd Ste 312
                                              Albany, New York 12203
                                              Telephone: (866) 833-3529
                                              kbarcroft@fedemploylaw.com

To:     Kyle W. Sturgess
          Assistant Attorney General
          Attorney for Defendant State of New York
          and NYS Office of People with Developmental Disabilities
          Litigation Bureau – Third Floor
          The Capitol
          Albany, New York 12224

          Benjamin Hill, Esq.,
          Attorney for Defendant Liam Stander
          Law Office of Benjamin Hill
          50 State Street, Second Floor
          Albany, New York 12207

Ryan T. Donovan, Esq.,
Harris, Conway and Donovan, PLLC
Attorney for Defendant Alexis Barlow
50 State Street, 2nd Floor
Albany, New York, 12207

Joseph R. Brennan
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

MARY TROMBLEE,

                        Plaintiff,

                                                **AFFDAVIT OF SERVICE**

            -against-
                                                Case No. 1:19-CV-0638 (LEK/CFH)


STATE OF NEW YORK, et al.,

                        Defendants.
-----------------------------------------------------------------

        Ryan Brown, being duly sworn, deposes and says:

        I am over the age of 18 years and I served a copy of the within **Plaintiff's First Set of Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notice to take Oral Depositions** upon the following persons at the following time and place in the following manner on the 3rd day of February 2020:

Kyle W. Sturgess
N.Y.S. Office of the Attorney General
The Capitol, Justice Building 4th Fl.
Litigation Bureau
Albany, NY 12224
E-mail: Kyle.Sturgess@ag.ny.gov

Benjamin Hill, Esq.,
Attorney for Defendant Liam Stander
Law Office of Benjamin Hill
50 State Street, Second Floor
Albany, New York 12207
E-mail: ben@benhilllaw.com

Ryan T. Donovan, Esq.,
Harris, Conway and Donovan, PLLC
Attorney for Defendant Alexis Barlow
50 State Street, 2nd Floor
Albany, New York, 12207
E-mail: RDonovan@hcdlegal.com

Joseph R. Brennan, Esq.,

William White, Esq.,
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
Facsimile No.: 518-793-3422

by depositing a true and correct copy of the same properly enclosed in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States Postal Service at Great Oaks Blvd., Suite 312, Albany, New York 12203, directed to said person, at said address, respectively mentioned above, that being the address within the state designated for that purpose upon the last papers served in this action or the place where the above then resided or kept offices according to the best information which can be conveniently obtained. These papers were also served on counsel for Defendants New York State OPWDD, Alexis Barlow, and Liam Stander by e-mail and Defendant Chad Dominie by facsimile.

Ryan Brown

Sworn to before me this
3rd day of February 2020

Notary Public

CAYLA M. DENNIS
Notary Public, State of New York
No. 01DE6354860
Qualified in Rensselaer County
Commission Expires Feb. 21, 2021

EXHIBIT 2



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct:  (518) 776-2592

September 9, 2020

Ariel E. Solomon, Esq.
Kathryn Lynne Barcroft, Esq.
SOLOMON LAW FIRM, P.C.
300 Great Oaks Blvd.
Suite 312
Albany, NY 12203

Re:     *Tromblee v The State of New York, et al*
        Northern District of New York
        19-CV-0638 (LEK)(CFH)

Dear Ms. Solomon:

        Enclosed for service upon you is the Defendants' Response to Request for Production of
Documents, Privilege log and a disc containing bates stamped documents 1-1010 in the above-
referenced proceeding.

        Very truly yours,

        *s/ Kyle W. Sturgess*
        Kyle W. Sturgess
        Assistant Attorney General

KWS/be
Enclosure

cc:     Benjamin Hill, Esq.
        CAPEZZA HILL LLP
        30 South Pearl Street, Suite P-110
        Albany, NY 12207

        Ryan T. Donovan, Esq.
        HARRIS, CONWAY AND DONOVAN, PLLC
        50 State Street, Second Floor
        Albany, NY 12207

September 9, 2020
Page 2

William J. White, Esq.
BRENNAN & WHITE LLP
163 Haviland Road
Queensbury, NY 12804

The State Defendants assert a privilege or other statutorily-authorized basis for the non-disclosure of the following

documents:[1]

| Date | Sender | Preparer | Recipient | Document Type | Subject Matter | Privilege |
|------|--------|----------|-----------|---------------|----------------|-----------|
| | | | | | | |
| | | | | | | |
| 4/16/2018<br><br>Bates Nos. 559-586 | Margaret C. Sheehan, Director of EEO/AA and ADA Coordinator | Same | OPWDD Office of Counsel; Director and Counsel of the Workforce Development Unit, Governor's Office of Employee Relations | Investigative Report re: Complaint OPWDD-1727 | Conduct of investigation re: allegations by Plaintiff of misconduct (harassment) | ATTORNEY-CLIENT COMMUNICATION; ATTORNEY WORK PRODUCT: Investigation in anticipation of litigation |
| 5/3/2018<br><br>Bates Nos. 587-610 | Margaret C. Sheehan, Director of EEO/AA and ADA Coordinator | Same | OPWDD Office of Counsel: Director and Counsel of the Workforce Development Unit, Governor's Office of Employee Relations | Investigative Report re: Complaint OPWDD 1731 | Conduct and conclusions of investigation re: allegations of misconduct (harassment) by Plaintiff and others | ATTORNEY-CLIENT COMMUNICATION; ATTORNEY WORK PRODUCT; Investigation in anticipation of litigation |
| 11/9/2018<br><br>Bates Nos. 611-632 | Margaret C. Sheehan, Director of EEO/AA and ADA Coordinator | Same | OPWDD Office of Counsel; Director and Counsel of the Workforce Development Unit, Governor's Office of Employee Relations | Investigative Report re: Complaint OPWDD 1857 | Conduct of investigation re: allegations by Plaintiff of retaliatory misconduct | ATTORNEY-CLIENT COMMUNICATION; ATTORNEY WORK PRODUCT; Investigation in anticipation of litigation |

| 11/12/2019 Bates Nos. 633-641 | Margaret C. Sheehan, Affirmative Action Officer 5, Governor's Office of Employee Relations | Same | Counsel, Anti Discrimination Investigation Division, Governor's Office of Employee Relations | Investigative Report re: Complaint ADID 2019-IN-1963 | Conduct of investigation re: allegations by Plaintiff of retaliatory misconduct | ATTORNEY-CLIENT COMMUNICATION; ATTORNEY WORK PRODUCT: Investigation in anticipation of litigation |

---

[1] The State Defendants have not produced, nor do they list here, correspondence between their agents, servants, employees and/or representatives and State Defendant's counsel, the Office of the Attorney General, generated subsequent to the filing of the instant lawsuit. The State Defendants maintain that such communications are outside the scope of discovery sought by Plaintiff's demand for documents and in any event are in their entirety covered by the attorney-client communication privilege.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARY TROMBLEE,

*Plaintiff,*

-against-

THE STATE OF NEW YORK, NYSOPWDD, Dominie,
Chad - Keyboard Specialist/Secretary; Stander, Liam -
Treatment Team Leader and Supervisor, Barlow, Alexis -
Treatment Team Leader and Office Supervisor,

*Defendants.*

**RESPONSE TO
REQUEST FOR
PRODUCTION OF
DOCUMENTS**

19-CV-0638

LEK/CFH

---

Defendants State of New York and New York State Office for People With Developmental

Disabilities, by their attorney, Letitia James, Attorney General of the State of New York, respond

to plaintiff's request for production of documents, dated February 3, 2020, as follows:

**Preliminary Statement**

These documents are produced by Defendants State of New York and the New York State

Office for People With Developmental Disabilities ("NYSOPWDD"; "OPWDD" or the

"Agency"; collectively hereinafter, the "State Defendants") in their official capacities only, and to

the extent that their offices are responsible for custody of the documents. The production of these

documents does not mean that the State Defendants State of New York, NYSOPWDD have any

personal knowledge of these documents or personal familiarity with any of the same.

The State Defendants may not generally have access to or custody of some of those

documents requested by Plaintiff's counsel. Notwithstanding the above Defendants State of New

York's attorney has consulted with the Agency to arrange for the production of documents in this

case, except as otherwise set forth below. Failure to object because of lack of custody of the documents requested for production by plaintiff's counsel is not a waiver of any such objection to this or any future requests for production by plaintiff's counsel in this case. Further, the willingness of the State Defendants to produce these documents is not a waiver of any rights the Agency (or any Defendant) may have pursuant to the Federal Rules of Civil Procedure as to future requests for production by Plaintiff's counsel in this case. Nor may such willingness and cooperation be claimed as a waiver of any rights of the State Defendants by any other party in any lawsuit presently pending or brought in the future.

The State Defendants understand that a good faith effort has been made to gather the documents requested by Plaintiff, but to the extent the State Defendants do not have custody of such documents, they cannot be held responsible, if through inadvertence or oversight a document requested is not produced.

## General Objections

The following general objections apply to *all* demands, whether or not they are reiterated or referred to specifically in response to any particular demand:

The State Defendants object to the demands to the extent that they seek to discover documents, information or materials that are protected by the attorney-client, work-product, or other privilege, or by any other immunity from disclosure.

The State Defendants object to the demands to the extent that they request the Defendants and/or the Agency to search places or repositories, or contact individuals or entities, where such documents are not likely to be kept in the ordinary course of business. The State Defendants likewise object to these demands to the extent that the documents and materials otherwise responsive to them are maintained in the possession of the Governor's Office of Employee

2

Relations (GOER) and/or its subdivision the Anti Discrimination Investigation Division (ADID).

The State Defendants object to the Plaintiff's demands as vague, overly broad, and unduly burdensome to the extent that the seek production of information that is merely cumulative or information beyond the disputed issues of this case and/or information not reasonably calculated to lead to the discovery of admissible evidence. Such objections will be noted where applicable.

The State Defendants object in general to any demands which impose or purport to impose obligations upon them, beyond those contemplated by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the Northern District of New York, and any Order issuing in the instant action governing the scope of discovery. The State Defendants will respond as required by the aforementioned authorities and the Court.

Finally, the State Defendants objects to these demands to the extent they are predicated on the Defendant status of any individual or entity besides the State of New York and/or the Agency.

The above objections will not necessarily be repeated for each individual demand; and a response to any demand identified as objectionable, which nevertheless indicates that any documents will be produced or information will be provided, should be understood to mean that non-privileged, non-confidential documents and information *only* are being provided commensurate with the non-objectionable portion of the demand.

### Responses to the Plaintiff's Document Demands

1.    Provide any and all documents and written communications identified in any and all of your responses to Plaintiff's First Set of Interrogatories.

**Response:        The Defendants object to this Demand as overly broad and unduly burdensome insofar as it requests documents or communications "identified" but not otherwise responsive or relevant to the corresponding Interrogatories or the underlying litigation; as duplicative of more specific demands made herein; and as duplicative insofar as the documents and communications are already in the possession of the Plaintiff and/or**

3

**equally accessible to the Plaintiff as to the State Defendants, and/or in the possession of other parties to the instant litigation.**

2.     Provide any and all correspondence and/or other documents, including electronic

mail, written or received by any of the Defendants regarding, relating to, or referencing Plaintiff's

sex, gender, complaints to NYSOPWDD's Equal Employment Opportunity/Affirmative Action

office, and/or status at NYSOPWDD.

**Response:     The State Defendants object to this Demand as vague and not reasonably calculated to lead to the discovery of relevant and admissible evidence insofar as it calls for materials and communications "regarding, relating to, or referencing Plaintiff, sex, gender, [or]....status" without reference or relevance to the subject matter of the instant litigation.  The State Defendants further object to the extent that this Demand calls for investigative materials in the possession of the Governor's Office of Employee Relations' (GOER) Anti Discrimination Investigation Division (ADID).  Without waiving the foregoing objections, however, the State Defendants disclose the following non-privileged, responsive documents: disciplinary and administrative leave materials relating to Defendant Dominie, and statements collected in and after October 2017, identifies as Bates No. DEF 000239-275; and affirmatively state that the State Defendants continue to search for additional documents responsive to this Demand, to be produced to Plaintiff's counsel, if located, in a supplemental format.  The State Defendants further refer the Plaintiff to those documents and materials described in the State Defendants' accompanying privilege log.**

3.     Provide any and all correspondence and/or other documents, including electronic mail,

written or received by any of the Defendants regarding, relating to, or referencing Plaintiff's charge

of discrimination she filed with the U.S. Equal Employment Opportunity Commission on or about

August 1, 2018.

**Response:     The State Defendants object to this Demand on the grounds that the documents and materials sought as equally accessible to the Plaintiff as to the State Defendants, insofar as the Plaintiff was the charging party in the identified charge of discrimination/retaliation.  The State Defendants further affirmatively state that they have requested the EEOC's administrative charge file with respect to the aforementioned charge via Freedom of Information Act request and to date have received no substantive disclosure regarding the same from the EEOC.  To the extent that the EEOC makes disclosures in response to the aforementioned FOIA request, the State Defendants will disclose the same to Plaintiff's counsel in a supplemental format.**

4

4.    Provide any and all correspondence and/or other documents, including electronic mail,

written or received by any Defendants regarding, relating to, or referencing Plaintiff.

**Response:    Defendants object to this demand as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence insofar as it seeks materials unrelated to the subject matter of the instant litigation without limitation as to scope, content, or time. The State Defendants further object to this Demand insofar as it is duplicative of more specific Demands set forth and responded to herein.**

5.    Provide any and all correspondence and/or other documents, including electronic mail

written or received by any Defendants, regarding Plaintiff's being forced to cease working at her

main NYSOPWDD workstation during the day from on or about January 2017 through October

2017.

**Response:    The State Defendants object to this Demand on the ground that it is argumentative and assumes facts not in evidence insofar as it is predicated on the unproven allegation that the Plaintiff was "forced to cease working at her main [Agency] workstation during the day". The State Defendants further object to this demand insofar as it is vague as to the meaning of "being forced to cease working" and "main…workstation." Defendants object to this demands as overly broad, vague, and unduly burdensome. Notwithstanding and without waiving these objections, a good-faith effort has been made to locate documents and materials responsive to this request, however, to date, nothing has been located. If and when said responsive documents are located and obtained, it will be provided to Plaintiff's counsel at a later date in a supplemental format.**

6.    Provide any and all correspondence, including electronic mail, between Steve Cernak and

any of the Defendants regarding Dominie's comments to Ms. Tromblee to the effect of "shut your

whore mouth and make me a sandwich" on or about February 2017.

**Response:    The State Defendants object to this Demand as argumentative and assuming facts not in evidence. The State Defendants further object insofar as materials and documents responsive to this Demand may by in the possession of one or more of the individual Defendants, and to the extent that Steven Cernak's email account is not generally accessible to the State Defendants as he is not an employee of the Agency. Notwithstanding and without waiving these objections the State Defendants refer the Plaintiff to those documents disclosed in response to Demand No. 2 insofar as they contain email correspondence by and between Steven Cernak and Defendant Dominie.**

5

7. Provide any and all correspondence and/or other documents, including electronic mail written or received by any Defendants, regarding Plaintiff's criminal charges against Mr. Dominie filed on October 25, 2017.

**Response:     The State Defendants object to this Demand to the extent that the documents and materials sought are more likely to be in the possession of one or more of the individual Defendants than in that of the State Defendants; and/or equally accessible to the Plaintiff as to the State Defendants, insofar as the State Defendants were not responsible for the presentation or prosecution of the criminal charges described herein. Notwithstanding and without waiving these objections, the State Defendants produce the following non-privileged responsive documents in their possession: Documents relating to the criminal charges filed against defendant Chad Dominie; and documents relating to the suspension of Defendant Chad Dominie, identified as Bates Nos. DEF 000276-000284.**

8. Provide any and all correspondence and/or other documents, including electronic mail written or received by any Defendants, regarding Mr. Dominie's November 28, 2017 arrest in response to these charges.

**Response:     The State Defendants object to this Demand to the extent that the documents and materials sought are more likely to be in the possession of one or more of the individual Defendants than in that of the State Defendants; and/or equally accessible to the Plaintiff as to the State Defendants, insofar as the State Defendants were not responsible for the arrest of Defendant Dominie and/or the presentation or prosecution of the criminal charges described herein. The State Defendants refer plaintiff's counsel to those documents disclosed in response to Demand Number 7, insofar as the statement given by Paintiff disclosed therein incudes, *inter alia*, other responsive document which refers to Defendant Chad Dominie's November 28, 2017 arrest. The State Defendants also produce the following non-privileged responsive documents in their possession: Documents relating to the certificate of disposition for defendant Chad Dominie, identified as Bates Nos. DEF 000276-000284.**

9. Provide any and all correspondence and/or other documents, including electronic mail written or received by Dr. Paul Byron, Laura LaValley and/or James Doddemeade, pertaining to Barlow and/or Dominie and "inaction by TTYL" in or about October 2017.

**Response:     The State Defendants object to this Demand as vague as to "inaction by TTYL"; argumentative and assuming facts not in evidence; and not reasonably calculated to lead to the discovery of relevant and admissible evidence to the extent that its content is unrelated to the substance of the litigation at hand. Notwithstanding and without**

6

waiving these objections, a good-faith effort is underway to locate non-privileged documents or materials responsive to this request, to be disclosed to Plaintiff's counsel at the conclusion of said search.

10.     Provide any and all correspondence and/or other documents, including electronic mail written or received by any Defendants, from on or about April 2018 through late July 2018 regarding the position of Registered Nurse for NYSOPWDD's Corinth, New York Adirondack Clinic.

        **Response:     Defendants object to this demands as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. Notwithstanding and without waiving the foregoing objections, a good-faith effort is underway to locate non-privileged documents or materials responsive to this request, to be disclosed to Plaintiff's counsel at the conclusion of said search.**

11.     Provide any and all documents, including electronic mail and/or electronic documents, included in the findings of Plaintiff's NYSOPWDD internal complaint #1727 dated October 19, 2017.

        **Response:     The State Defendants object to this Demand as overly broad and vague as to the meaning of "included in the findings." The State Defendants further object to this Demand insofar as the investigative materials relating to the specified complaint are, upon information and belief, in the possession of the Governor's Office of Employee Relations. The State Defendants furthermore object to the disclosure of documents and materials acquired or created in the course of the investigation of the Plaintiff's October 2017 internal complaint of discrimination, together with any investigative report or analysis drafted with regard thereto, on the grounds of the attorney-client and attorney work-product privileges. See FRCP 26(b)(3)(A); Geller v. North Shore Long Island Jewish Health System, 2011 U.S. Dist. LEXIS 129751 (E.D.N.Y. 2011); Robinson v. Vineyard Vines, LLC, 2016 U.S. Dist. LEXIS 27948 (S.D.N.Y. 2016); and Costabile v. County of Westchester, 2008 U.S. Dist. LEXIS 47692 (S.D.N.Y. 2008).**

12.     Provide any and all documents, including electronic mail and/or electronic documents, included in the findings of Plaintiff's second NYSOPWDD internal complaint dated August 12, 2019.

        **Response:     The State Defendants object to this Demand as overly broad and vague as to the meaning of "included in the findings." The State Defendants furthermore**

7

object to the extent that the Plaintiff's second charge of discrimination was not made in August 2019. The State Defendants further object to this Demand insofar as the investigative materials relating to the specified complaint are, upon information and belief, in the possession of the Governor's Office of Employee Relations. The State Defendants furthermore object to the disclosure of documents and materials acquired or created in the course of the investigation of the Plaintiff's August 2018 internal complaint of discrimination, together with any investigative report or analysis drafted with regard thereto, on the grounds of the attorney-client and attorney work-product privileges. <u>See</u> FRCP 26(b)(3)(A); <u>Geller v. North Shore Long Island Jewish Health System</u>, 2011 U.S. Dist. LEXIS 129751 (E.D.N.Y. 2011); <u>Robinson v. Vineyard Vines, LLC</u>, 2016 U.S. Dist. LEXIS 27948 (S.D.N.Y. 2016); and <u>Costabile v. County of Westchester</u>, 2008 U.S. Dist. LEXIS 47692 (S.D.N.Y. 2008).

13.     Provide all manuals, handbooks, policies, procedures, notices, or directives issued by

NYSOPWDD pertaining to employment matters, including, without limitation, those pertaining to

layoffs/termination, transfers, attendance, tardiness, hiring, work performance, evaluations,

promotion, disciplinary actions, harassment, discrimination, and/or retaliation.

      **Response:     The State Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and admissible evidence insofar as the scope of the guidance documents sought far exceeds the scope of actions at issue in the instant lawsuit, and insofar as the Demand is not limited with respect to the age or applicable dates of the documents and materials sought. Notwithstanding and without waiving the foregoing objections, the State Defendants provide the following non-privileged, responsive documents in their possession, identified as Bates Nos. DEF 000001-000095: OPWDD employee handbook.**

14.     Provide Plaintiff's complete personnel file, including, without limitation, documents

pertaining to her hire, qualifications (including certificates, transcripts, statements, degrees,

employment applications, resumes and cover letters), assignments, duties and responsibilities,

compensation, promotion/demotion, transfer, lay-offs, tenure, discipline, attendance, salary and

benefits, title, performance (including performance reviews or evaluations, whether formal or

informal), grievances, EEO complaints, complaints made to supervisors and/or medical records.

      **Response:     The State Defendants object to this Demand as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and admissible evidence to the extent that it is not limited in scope or time with respect to those**

matters at issue in the instant litigation. Notwithstanding and without waiving the foregoing objections the State Defendants produce the following non-privileged responsive documents in their possession: portions of Plaintiff's personnel file (as amalgamated from separate constituent recordkeeping elements) including documents pertaining to plaintiff's application; hire; titles; terms and conditions of employment including salary and benefits; review and performance evaluation; and some collateral matters, identified as Bates Nos. DEF 000401-000513.

15.     Provide Dominie's complete personnel file, including, without limitation, documents

pertaining to his hire, qualifications (including certificates, transcripts, statements, degrees,

employment applications, resumes and cover letters), assignments, duties and responsibilities,

compensation, promotion/demotion, transfer, lay-offs, tenure, discipline, attendance, salary and

benefits, title, performance (including performance reviews or evaluations, whether formal or

informal), grievances, EEO complaints, complaints made to supervisors and/or medical records.

          **Response:      The State Defendants object to this Demand as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and admissible evidence to the extent that it is not limited in scope or time with respect to those matters at issue in the instant litigation. The State Defendants further object to this Demand as duplicative of prior Demands herein and refer Plaintiff to those documents disclosed in response to Demand Number(s) 7 and 8 insofar as those documents relating to defendant Chad Dominie's arrest, suspension and disciplinary charges are part of defendant Chad Dominie's personnel file. Finally, the Defendants object to this Demand insofar as it calls for the disclosure of sensitive personal information including but not limited to the identification of family members; contact information; and/or personal medical and/or financial data. Notwithstanding and without waiving the foregoing objections the State Defendants produce the following non-privileged responsive documents in their possession: portions of Defendant Chad Dominie's personnel file (as amalgamated from separate constituent recordkeeping elements) including documents pertaining to defendant Chad Dominie's application; hire; titles; terms and conditions of employment; review and performance evaluations; and collateral matters, identified as Bates No. DEF 000642-001007.**

16.     Provide any and all correspondence and/or other documents referring to Plaintiff allegedly

having an affair with Dominie.

          **Response:      The State Defendants object to this Demand as argumentative and assuming facts not in evidence. Notwithstanding and without waiving the foregoing objections the State Defendants refer plaintiff to those documents disclosed in response to Demand Number 7 insofar as the statement given by Plaintiff disclosed therein includes, *inter***

9

*alia*, **the only responsive document which refers to the Plaintiff allegedly having an affair with defendant Chad Dominie.**

17.    Provide any and all correspondence and/or other documents indicating or relating to any complaints, claims or charges filed against Dominie by employees or former employees of NYSOPWDD, through any internal complaint procedures, any local, state or federal court, any federal Department, any local, state, or municipal Department, or union, alleging any, unlawful behavior, discrimination, harassment, creation of a hostile work environment, and/or retaliation during the course of the aforementioned individuals' employment with NYSOPWDD.

**Response:       The State Defendants object to this Demand as overly broad, unduly burdensome, vague as to the meaning of "unlawful behavior," and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence insofar as it is not limited in scope or time with respect to the subject matter and issues involved in the instant lawsuit.  The State Defendants likewise object to this Demand insofar as it calls for a legal conclusion as to whether complained-of behavior constitutes or constituted "discrimination," "harassment," a "hostile work environment," or "retaliation" in the context of the applicable statutes and authorities.  The State Defendants further object to the disclosure of documents and materials acquired or created in the course of the investigation of the Plaintiff's internal complaints of discrimination against Defendant Dominie, together with any investigative report or analysis drafted with regard thereto, on the grounds of the attorney-client and attorney work-product privileges.  See FRCP 26(b)(3)(A); Geller v. North Shore Long Island Jewish Health System, 2011 U.S. Dist. LEXIS 129751 (E.D.N.Y. 2011); Robinson v. Vineyard Vines, LLC, 2016 U.S. Dist. LEXIS 27948 (S.D.N.Y. 2016); and Costabile v. County of Westchester, 2008 U.S. Dist. LEXIS 47692 (S.D.N.Y. 2008).  Notwithstanding and without waiving the aforementioned objections, the State Defendants produce the following non-privileged responsive documents in their possession: Documents relating to complaints filed against defendant Chad Dominie, identified as DEF 000514-000558.**

18.    Provide any and all correspondence and/or other documents indicating or relating to any complaints, claims or charges filed against Alexis Barlow, by employees or former employees of NYSOPWDD, through any internal complaint procedures, any local, state or federal court, any federal Department, any local, state, or municipal Department, or union, alleging any, unlawful behavior, discrimination, harassment, creation of a hostile work environment, and/or retaliation during the course of the aforementioned individuals' employment with NYSOPWDD.

**Response:    The State Defendants object to this Demand as overly broad, unduly burdensome, vague as to the meaning of "unlawful behavior," and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence insofar as it is not limited in scope or time with respect to the subject matter and issues involved in the instant lawsuit.  The State Defendants likewise object to this Demand insofar as it calls for a legal conclusion as to whether complained-of behavior constitutes or constituted "discrimination," "harassment," a "hostile work environment," or "retaliation" in the context of the applicable statutes and authorities.  The State Defendants further object to the disclosure of documents and materials acquired or created in the course of the investigation of any internal complaints of discrimination filed by Defendant Dominie against, *inter alia*, Defendant Barlow, together with any investigative report or analysis drafted with regard thereto, on the grounds of the attorney-client and attorney work-product privileges.  See FRCP 26(b)(3)(A); Geller v. North Shore Long Island Jewish Health System, 2011 U.S. Dist. LEXIS 129751 (E.D.N.Y. 2011); Robinson v. Vineyard Vines, LLC, 2016 U.S. Dist. LEXIS 27948 (S.D.N.Y. 2016); and Costabile v. County of Westchester, 2008 U.S. Dist. LEXIS 47692 (S.D.N.Y. 2008).  Notwithstanding and without waiving the aforementioned objections, the State Defendants produce the following non-privileged responsive documents in their possession: Documents relating to a counseling memorandum issued to Defendant Alexis Barlow, identified as DEF 001008-001010.**

19.    Provide any and all correspondence and/or other documents indicating or relating to any complaints, claims or charges filed against Liam Stander, by employees or former employees of NYSOPWDD, through any internal complaint procedures, any local, state or federal court, any federal Department, any local, state, or municipal Department, or union, alleging any, unlawful behavior, discrimination, harassment, creation of a hostile work environment, and/or retaliation during the course of the aforementioned individuals' employment with NYSOPWDD.

**Response:    The State Defendants object to this Demand as overly broad, unduly burdensome, vague as to the meaning of "unlawful behavior," and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence insofar as it is not limited in scope or time with respect to the subject matter and issues involved in the instant lawsuit.  The State Defendants likewise object to this Demand insofar as it calls for a legal conclusion as to whether complained-of behavior constitutes or constituted "discrimination," "harassment," a "hostile work environment," or "retaliation" in the context of the applicable statutes and authorities.    Notwithstanding and without waiving the aforementioned objections, the State Defendants produce the following non-privileged responsive documents in their possession: Documents relating to a counseling memorandum issued to Defendant Liam Stander, identified as DEF 000398-000400.**

20.    Provide any and all correspondence and/or other documents relating to any complaints

11

made by Plaintiff regarding any sort of discrimination, a hostile work environment, harassment,

hostility, assault, unprofessionalism, bullying, retaliation, and/or reprisal.

      **Response:**     **The State Defendants object to this Demand as overly broad, unduly burdensome, vague as to the meaning of "hostility," "unprofessionalism," bullying," and "reprisal"; and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence insofar as it is not limited in time and scope with respect to the events or individuals involved in the instant lawsuit, and spans potentially any workplace grievance made by the Plaintiff under any circumstances throughout the entirety of her tenure at OPWDD. The State Defendants further object to this Demand insofar as it calls for the production of documents and materials already demanded and/or responded to elsewhere in the instant Responses (*supra* or *infra*).**

21.    Provide any and all correspondence, including email correspondence, between Plaintiff and

at least one of your following employees: Barlow, Dominie, and Stander concerning sexual

harassment and/or sexual misconduct as NYSOPWDD.

      **Response:**     **The State Defendants object to this Demand as duplicative of prior Demands for, *inter alia*, communications regarding the Plaintiff's internal complaints of discrimination and/or retaliation. Without waiving these objections and to the extent that any such documents or materials exist not otherwise disclosed or described in response to other Demands herein, a good-faith effort is underway to locate non-privileged documents or materials responsive to this request, to be disclosed to Plaintiff's counsel at the conclusion of said search.**

22.    Provide any and all computer access records and/or computer cache of Dominie's computer

and/or computer usage from January 2017 to October 2017 which reflect internet history and

internet searches.

      **Response:**     **The State Defendants object to this Demand as overly broad, unduly burdensome, vague as to "computer access records" and "reflect[ing] internet history", and not reasonably calculated to lead to the discovery of relevant and admissible evidence insofar as the Demand does not attempt to limit the scope of the search to any subject matter or content relating to the subject matter of the instant litigation.**

23.    Produce any and all communications between Dominie and Stander and Dominie and

Barlow, including from personal phones and personal email addresses, relating pornography,

sexual matters or referring to Plaintiff in any manner from January 2017 to October 2017.

**Response:** The State Defendants object to this Demand as overly broad and unduly burdensome insofar as it calls for "all communications...referring to Plaintiff" without reference to content or subject matter. The State Defendants object to the Demand insofar as it is vague as to "sexual matters." The State Defendants furthermore object to this Demand insofar is it is duplicative of other Demands relating to "communications"; on the ground that the communications sought are more likely to be in the possession of the individual Defendants than that of the State Defendants; and on the ground that the State Defendants are not in possession of the "personal phones" and/or "personal email addresses" from which the demanded documents and materials are sought.

24.     Produce any and all correspondence and/or other documents pertaining to NYSOPWDD's

failure to approve, or delayed approval, of Plaintiff's timecards after her complaint of sexual

harassment against Dominie.

**Response:** The State Defendants object to this demand as argumentative and requiring the assumption of facts not in evidence, viz., the unproven allegation that the Agency "fail[ed] to approve, or delayed approval" of Plaintiff's timecards. The State Defendants further object to this Demand insofar as the investigative materials relating to the Plaintiff's complaints of retaliation with respect to her timecards are, upon information and belief, in the possession of the Governor's Office of Employee Relations. The State Defendants furthermore object to the disclosure of documents and materials relating to the Plaintiff's allegations concerning her timecard approval, acquired or created in the course of the investigation of the Plaintiff's August 2018 internal complaint of retaliation, together with any investigative report or analysis drafted with regard thereto, on the grounds of the attorney-client and attorney work-product privileges. See FRCP 26(b)(3)(A); Geller v. North Shore Long Island Jewish Health System, 2011 U.S. Dist. LEXIS 129751 (E.D.N.Y. 2011); Robinson v. Vineyard Vines, LLC, 2016 U.S. Dist. LEXIS 27948 (S.D.N.Y. 2016); and Costabile v. County of Westchester, 2008 U.S. Dist. LEXIS 47692 (S.D.N.Y. 2008).

25.     Provide any and all New York State and/or NYSOPWDD policies regarding sexual

harassment, sexual harassment training, sexual harassment complaints, and disciplinary actions

for employees involved in sexual harassment complaints.

**Response:** The State Defendants object to this Demand as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and admissible evidence insofar as it calls for materials unlimited in scope, time, or relevance to the subject matter of the litigation at hand; as well as materials not clearly applicable to the terms and conditions of the employment of the Plaintiff and/or Defendants insofar as they pertain to employers and entities other than the Agency. Notwithstanding and without waiving the foregoing objections the State Defendants produce the following responsive, non-privileged documents, identified as Bates Nos. DEF 000285-000397: training record

summaries for Plaintiff and all individual Defendants; policies regarding training, prevention, and reporting of workplace harassment and/or discrimination.

26.     Provide any and all New York State and/or NYSOPWDD policies regarding retaliation in

the workplace.

        **Response:     The State Defendants object to this Demand as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and admissible evidence insofar as it calls for materials unlimited in scope, time, or relevance to the subject matter of the litigation at hand; as well as materials not clearly applicable to the terms and conditions of the employment of the Plaintiff and/or Defendants insofar as they pertain to employers and entities other than the Agency.  Notwithstanding and without waiving the foregoing objections the State Defendants produce the following responsive, non-privileged documents, identified as Bates Nos. DEF 000285-000397.**

27.     Produce any and all correspondence and/or other documents from February 2019 to April

29, 2019 pertaining to requiring Plaintiff to testify in proceedings against Dominie.

        **Response:     The State Defendants object to this Demand as argumentative and assuming facts not in evidence with respect to "requiring Plaintiff to testify in proceedings against Dominie."     Notwithstanding and without waiving the foregoing objections, a good-faith effort is underway to locate non-privileged documents or materials responsive to this request, to be disclosed to Plaintiff's counsel at the conclusion of said search.**

28.     Produce any and all correspondence and/or other documents regarding NYSOPWDD's

decision to place Dominie's current employment status and the decision to place him on unpaid

leave, including the timeline related to this decision.

        **Response:     The State Defendants object to this Demand as overly broad and vague and confusing as to the meaning of "decision to place Dominie's current employment status" and "timeline related to this decision."  The State Defendants further object to the Demand as argumentative and assuming facts not in evidence.  Notwithstanding and without waiving the foregoing objections, the State Defendants produce the following non-privileged, responsive documents relating to the administrative leave placement, suspension, and disciplinary arbitration regarding Defendant Dominie, as well as documents relating to a subsequent Article 75 proceeding in Supreme Court, Albany County to vacate the consequent arbitration award issued with regard to the discipline of Defendant Dominie: Bates Nos. DEF 000096-000238.**

29.     Produce any and all documents concerning the interrogation proposed by Erika Valenti,

14

Dominie's personal friend, in February 2019.

        **Response:**    **The State Defendants object to this demand as vague as to the meaning of a "proposed interrogation." The State Defendants further object to this Demand as argumentative and assuming facts not in evidence with respect to both the "proposal" of an interrogation and the status of Ms. Valenti's relationship to Defendant Dominie. Notwithstanding and without waiving these objections, a good-faith effort is underway to locate non-privileged documents or materials responsive to this request, to be disclosed to Plaintiff's counsel at the conclusion of said search to the extent not protected by the aforementioned privileges.**

30.    Produce any and all documents, including notes or reports, relating to the January, February

and October 2017 meetings between supervisors, Dominie and Plaintiff.

        **Response:**    **Defendants object to this demand as vague and overbroad as to "meetings," as well as assuming facts not in evidence with respect to the occurrence of the alleged meetings. The State Defendants further object to the disclosure of documents and materials acquired or created in the course of the investigation of any internal complaints of discrimination/retaliation filed by the Plaintiff and/or Defendant Dominie referencing such meetings, together with any investigative report or analysis drafted with regard thereto, on the grounds of the attorney-client and attorney work-product privileges. See FRCP 26(b)(3)(A); Geller v. North Shore Long Island Jewish Health System, 2011 U.S. Dist. LEXIS 129751 (E.D.N.Y. 2011); Robinson v. Vineyard Vines, LLC, 2016 U.S. Dist. LEXIS 27948 (S.D.N.Y. 2016); and Costabile v. County of Westchester, 2008 U.S. Dist. LEXIS 47692 (S.D.N.Y. 2008). Notwithstanding and without waiving these objections, a good-faith effort is underway to locate *non*-privileged documents or materials responsive to this request, to be disclosed to Plaintiff's counsel at the conclusion of said search to the extent not protected by the aforementioned privileges.**

31.    Produce any and all correspondence among and between Kristi Beitter and Barlow

concerning Plaintiff and Dominie.

        **Response:**    **The State Defendants object to this Demand as vague as to the meaning of "among and between" and "concerning" to the extent that it is not reasonably limited in time or scope or otherwise related to the events at issue in the instant litigation. Notwithstanding and without waiving these objections, a good-faith effort is underway to locate non-privileged documents or materials responsive to this request, to be disclosed to Plaintiff's counsel at the conclusion of said search. The State Defendants further refer the Plaintiff to those documents and materials disclosed in response to Demand No. 18.**

32.    Produce any and all documents identified in Interrogatory No. 3.

        **Response:**    **The State Defendants object to this Demand as overly broad and**

unduly burdensome for the reasons set forth in its responses to the referenced Interrogatory; and duplicative of other responses herein.

33.     Produce any and all documents identified in Interrogatory No. 6.

      **Response:**     The State Defendants object to this Demand as overly broad and unduly burdensome for the reasons set forth in its responses to the referenced Interrogatory; and duplicative of other responses herein.

Dated: Albany, New York
      September 9, 2020

                                **LETITIA JAMES**
                                Attorney General of the State of New York
                                *Attorney for the State Defendants*
                                The Capitol
                                Albany, New York 12224

                                By: *s/ Kyle W. Sturgess*
                                Kyle W. Sturgess
                                Assistant Attorney General, of Counsel
                                Bar Roll No. 302888
                                Telephone:     (518) 776-2592
                                Fax:     (518) 915-7740 (Not for service of papers)
                                Email: kyle.sturgess@ag.ny.gov

TO:    Ariel E. Solomon, Esq.
        Kathryn Barcroft, Esq.
        SOLOMON LAW FIRM, PLLC
        *Attorneys for Plaintiff*
        300 Great Oaks Blvd., Suite 312
        Albany, New York 12203
        (866) 833-3529

        Ryan T. Donovan, Esq.
        HARRIS, CONWAY & DONOVAN PLLC
        *Attorneys for Defendant Barlow*
        50 State Street, 2d Floor
        Albany, New York 12207

        Benjamin W. Hill, Esq.

CAPEZZA HILL LLP
*Attorneys for Defendant Stander*
30 South Pearl Street, Suite P-110
Albany, New York 12207

William J. White, Esq.
BRENNAN & WHITE LLP
*Attorneys for Defendant Dominie*
163 Haviland Road
Queensbury, New York 12804

EXHIBIT 3



375 Park Avenue
The Seagram Building
Suite 2607
New York, NY 10152

••••

300 Great Oaks Blvd., Suite 312
Albany, NY 12203

••••

1025 Connecticut Ave, NW
Suite 1000
Washington, DC 20036

P:  1-866-8-FedLaw
F:  (202) 688-1896
attorneys@fedemploylaw.com

ADMITTED TO PRACTICE
IN NEW YORK STATE

**Via E-Mail: Kyle.Sturgess@ag.ny.gov**

September 2, 2020

Kyle W. Sturgess, Esq.
Assistant Attorney General
Attorney for Defendant State of New York
and NYS Office of People with Developmental Disabilities
Litigation Bureau – Third Floor
The Capitol
Albany, New York 12224

RE:     ***Tromblee v. New York State, et al.,***
        **Case Number: 1:19-cv-00638-LEK-CFH**

Dear Mr. Sturgess,

Enclosed please find Plaintiff's Supplemental Interrogatory and First Supplemental Request for Documents to State Defendants.

Thank you for your time and attention to this matter.

Very truly yours,

Kathryn Barcroft, Esq.
kbarcroft@fedemploylaw.com

Enclosures

cc:     Benjamin Hill, Esq.
        Attorney for Defendant Liam Stander
        Law Office of Benjamin Hill
        50 State Street, Second Floor
        Albany, New York 12207
        ben@benhilllaw.com

        Ryan T. Donovan, Esq.
        Harris, Conway & Donovan, PLLC
        Attorney for Defendant Alexis Barlow
        50 State Street, 2nd Floor
        Albany, New York, 12207
        RTDonovan@CapitalRegionLaw.com

Joseph R. Brennan
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
brennanbwllp@albany.twcbc.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

MARY TROMBLEE,

                Plaintiff,

                  -against-

THE STATE OF NEW YORK,
NEW YORK STATE OFFICE
FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES;
CHAD DOMINIE, Individually and in his capacity as a
Keyboard Specialist/Secretary for the Office for People with
Developmental Disabilities at the Glens Falls Facility;
LIAM STANDER, Individually and in his capacity as a
Treatment Team Leader and Supervisor for the for the
Office for People with Developmental Disabilities at the
Glens Falls Facility;
ALEXIS BARLOW, Individually and in her capacity as
Treatment Team Leader and Office Supervisor for the
Office for People with Developmental Disabilities
at the Glens Falls Facility;

                Defendants.
---------------------------------------------------------------

**PLAINTIFF'S SUPPLEMENTAL INTERROGATORY AND FIRST SUPPLEMENTAL REQUEST FOR DOCUMENTS TO STATE DEFENDANTS**

Case No. 1:19-CV-0638 (LEK/CFH)

      **PLEASE TAKE NOTICE THAT,** Plaintiff MARY TROMBLEE, through counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby submits *Plaintiff's First Supplemental Request for Documents* to Defendant State of New York ("NYS") and Defendant New York State Office for People with Developmental Disabilities ("NYSOPWDD"), together the "State Defendants." The State Defendants are requested to produce and to permit the party serving these requests and its counsel to inspect and copy the requested documents at Solomon Law Firm, PLLC, 300 Great Oaks Blvd, Suite 312, Albany, NY 12203 or at such other place as

1

counsel may hereafter mutually agree, no later than 30 days from the date of service of these requests.

## **INSTRUCTIONS FOR ANSWERING**

A.     In this discovery, Plaintiff seeks all responsive documents and things that are within the possession, custody, or control of, or are known or available to Defendants, their predecessors, and successors in interest, all parent and subsidiary corporations, all representatives, units, offices, divisions, officers, directors, employees, agents, attorneys, assigns, consultants, investigators, accountants, and other persons acting on their behalf or at their direction.  This includes documents in the possession, custody or control of Defendants attorneys or their investigators or any third party or parties to whom Defendants have surrendered possession, custody or control, or who, acting on their behalf, have obtained custody, possession or control, or who, upon Defendants' request, would surrender possession, custody and control to them.  If Defendants are not in possession of any of the requested documents herein, set forth the last known location of said documents and identity of the custodian of such documents.

B.     Pursuant to Fed. R. Civ. P 26(e), Defendants are under a continuing duty to seasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.  The supplementary production is to be provided to Plaintiff's counsel as soon as it becomes known to you or to your counsel and in all events before trial.

C.     If a document is withheld on the ground of privilege or otherwise, provide a schedule identifying each document and setting forth: (i) the date of the document; (ii) the nature of the document; (iii) the person who originated the document; (iv) all person(s) to whom it was sent; (v) all person(s) to whom it was copied; (vi) the subject matter of the document; and (vii) the privilege or other ground upon which the document is being withheld.

D.     The singular form of a word shall be interpreted as plural and the masculine gender shall be deemed to include the feminine, and vice versa, as necessary to bring within the scope of a particular request any document which might otherwise be construed to be outside its scope.

E.     To the extent that Defendants consider any of the following document requests or subparts thereof to be objectionable, answer that portion of the document request, or subpart thereof, to which you have no objection and separately state the portion of the document request, or subpart thereof, to which Defendants lodge an objection, stating the specific grounds for their objection.

2

F.      If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify: (i) each such document, including the (a) date, (b) nature, (c) subject matter, (d) person who originated it, (e) all person(s) to whom it was sent, (f) all person(s) to whom it was copied; (ii) the last known custodian of the document; (iii) the date the document was lost, discarded or destroyed; (iv) the reasons for discarding or destroying the document; (v) each person having knowledge of the document; and (vi) each person having knowledge of the circumstances of its being lost, discarded or destroyed.

G.      Electronic Discovery - With respect to all emails responsive to Plaintiff's document requests, they should be produced with .msg or .pst file extensions, preferably .msg.

With respect to all printed emails responsive to Plaintiff's document requests, they should be printed with a full header.

With respect to those documents responsive to Plaintiff's document requests which are saved as a pdf file, they should be produced in that format, not as a scanned copy of the saved pdf.

With respect to those documents responsive to Plaintiff's document requests, they should be produced in native electronic format, which could include any of the following formats: .doc, .docx, .txt, .rtf, .dot, .htm, .pptx, .ppt, .pps, .xlxs, .xls, .csv, .xml, .txt, .mht, .prn, .dif and/or .slk.

With respect to any documents that have been scanned documents, describe when they were scanned and who directed them to be scanned, and produce them in their original scanned format, which could include any of the following formats: .jpg, .jpeg, .tif, .tiff, .pict and/or .pdf.

H.      When producing a document, all non-identical copies of all non-identical drafts thereof must also be produced.

I.      If any requested document or thing cannot be produced in full, please produce it to the extent possible, identifying what portion is being withheld and the reason therefore.

J.      Each request should be responded to separately.  However, a document that is responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

3

K.      Production can be accomplished by mailing the documents within the rule time to Solomon Law Firm, PLLC, 300 Great Oaks Blvd., Suite 312, Albany, NY 12203.

L.      Production of documents in connection to requests related to the criminal complaint against Dominie are requested to be any documents that are supplemental and in addition to the document production that has been produced by Defendant Dominie in connection with this matter on May 20, 2020.

## **DEFINITIONS**

1."Person" means natural persons, firms, proprietorships, associations, partnerships, corporations, municipalities, and every other type of organization or entity.

2."Identity" means when used in reference to:

A *document*, to state separately,

A.      Its description (e.g. letter, report, memorandum, etc.),
B.      Its date,
C.      Its subject matter,
D.      The identity of each author or signer,
E.      The identify of each individual privy to the document;

An *oral* statement, communication, conference or conversation, to state separately:

A.      Its date and the place where it occurred,
B.      Its substance,
C.      The identity of each person participating in the communication or conversation, and
D.      The identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

A *natural person or persons,* to state separately:

A.      The full name of each such person,
B.      His or her present, or last known address and his or her present or last known residential address, and,

4

C.      The employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time;

An *organization or entity* other than a natural person (e.g. a company, corporation, firm, association, or partnership), to state separately:

A.      The full name and type of organization or entity,
B.      The date and state of organization or incorporation,
C.      The address of each of its principal places of business, and,
D.      The nature of the business conducted.

4.      "Document," "documents,"  "material," or "materials" is defined to be synonymous in meaning and equal in scope to the use of this term in the FRCP 34(a),  including without limitation any written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office, and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt statement, financial data, acknowledgment, computer, or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published, or released by you or by any other person.  If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which because of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

5.      "Communication" and/or "Correspondence" shall mean, without limitation, any or all transmittals of information, whether oral or reduced to writing, whether handwritten, typewritten, tape-recorded, or produced by electronic data processing, irrespective of how conveyed (e.g., telephone, telegram, telegraph, United States mail, private mail or courier service, facsimile transmittal, face-to-face contact), including but not limited to:  inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone

5

conversations, emails, faxes, letters, notes, telegrams, advertisements, other documents, and/or other forms of verbal or written intercourse.

6.     "Relating to" means consisting of, referring to, describing, discussing, constituting, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or factually connected to the matter discussed.

7.     "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

8.     "Dominie" or "Mr. Dominie" shall be deemed to refer to Defendant CHAD DOMINIE.

9.     "Barlow" or "Ms. Barlow" shall be deemed to refer to Defendant ALEXIS BARLOW.

10.    "Stander" or "Mr. Stander" shall be deemed to refer to Defendant LIAM STANDER

11.    "Department" or "NYSOPWDD" shall be deemed to refer to Defendant NEW YORK STATE OFFICE OF PEOPLE WITH DEVELOPMENTAL DISABILITIES and its agencies, departments, officers, directors, employees, agents, partners, representatives, attorneys, assigns, consultants, investigators, accountants contractors, and/or any other individuals or other entities acting on its behalf or at its direction.

12.    "Plaintiff" means all persons or entities who have commenced the within action and remain in the caption thereof.

13.    "Your Employees" and/or "Department Employees" shall refer to, without limitation, any and all of your current and/or former employees, agents, partners, officers, board members, managers, contractors, representatives, consultants, investigators, accountants, affiliates, and/or any individuals who act on your behalf, in accordance with your direction, and/or at your discretion.

14.    "Any" shall also mean "all" and vice versa.

15.    "And" shall also mean "or", and "or" shall mean "and" as necessary to call for the broadest possible answer.

16.    "Amended Complaint" shall refer to Plaintiff's Amended Complaint in the instant matter, filed in the NDNY, Case No. 1:19-CV-0638 (LEK/CFH).

## SUPPLEMENTAL INTERROGATORY

1.    Identify and describe any text messages (with cell phone providers listed) or other electronic communications, between Defendant Barlow, Defendant Stander, and/or Defendant Dominie, including those referenced in Barlow's March 13, 2018 interrogation recording, that are sexual in nature or relate to threats of or actual sexual or physical misconduct or any allegations related to the Amended Complaint and/or the Plaintiff.

## SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Produce a copy of the Decision for the Arbitration in connection with the subpoena, which references DPA Case No.: 18-DIS-447.

2.    Produce a copy of any and all notices, memorandum or other written communication provided to Defendant Dominie in reference to the termination of his employment with NYSOWPDD

3.    Produce any and all documents pertaining to the reinstatement of Defendant Dominie after receiving the termination letter referenced in Supplemental Request for Production No. 2.

4.    Provide any and all documents relating to Defendant Dominie's performance, including but not limited to, performance evaluations, notes, memorandums, emails, or recordings.

5.    Provide any and all documents relating to any appeal filed by the State of New York of the arbitrator's decision to reinstate Defendant Dominie's employment with NYSOPWDD.

6.    Provide a full and complete copy of the action filed in Albany County Supreme Court under Index No.: 19-6586, New York State Office for People with Developmental Disabilities v. Civil Service Employees Association, Inc., et al.

7.    Provide a copy of any and all recordings, transcripts or statements obtained or received by NYSOPWDD as a result of interviews conducted by Ms. Sheehan, as referenced in the Affidavit in Support of Petition to Vacate an Arbitration Award by Heidi-Lynn Wagner at Paragraph 15 which sates:

"As part of her investigation, Ms. Sheehan interviewed more than 20 witnesses, many of whom alleged that Dominie had acted inappropriately with them. Director Sheehan also conducted two interrogations of Dominie."

8.     Provide any and all attendance sheets, calendar invitations, meeting minutes or other documents reflecting the attendance of NYSOPWDD employees during meetings relating to, or convened on, the dates referenced in the Amended Complaint.

9.     Produce any and all documents related to Mr. Dominie's internet usage on any NYSOPWDD computer, including any browser search history for website sites visited that were sexual in nature.

10.    Produce any and all documents related to Mr. Dominie's internet usage on any NYSOPWDD computer, including any browser search history for any social media sites or posts made by Mr. Dominie that referenced Plaintiff.

11.    Provide any and all written or electronic communications and/or other documents sexual in nature or relating to sexual misconduct at NYSOPWDD and/or any allegations related to the Amended Complaint between Defendants Barlow and Stander, including electronic mail and text messages from their personal and State-issued cellular phones, written or received by any employee of NYSOPWDD regarding, relating to, or referencing Plaintiff's complaints to Defendants Barlow or Stander regarding any issues with Defendant Dominie.

12.    Provide any and all correspondence and/or other documents written or received by Alexis Barlow, Liam Stander, or Chad Dominie regarding, relating to, or referencing Plaintiff, including electronic mail and text messages from their personal and State-issued cellular phones,

13.    Provide any and all NYS policies regarding or related to the use, sale or possession of illegal drugs in the workplace.

14.    Provide any and all court records and/or documents related to Defendants Barlow, Stander, or Dominie including, but not limited to, any criminal and/or civil records related to drug convictions and excluding matrimonial actions.

15.    Provide any and all results from any drug tests conducted by NYSOWPDD for Defendants Barlow, Stander or Dominie.

16.    Provide any and all written or electronic communications between Provide any and all written or electronic communications between Defendants Stander, Barlow and/or Dominie including but not limited to emails, text messages from State-issued cellular phones, Facebook or other social media messages or postings, or instant messages relating to the use, sale or possession of illegal drugs.

17.     Provide a copy of any and all policies regarding who can access/enter the NYSOPWDD's Glens Falls Office location, including any security protocols for employee and/or visitor access, including policies which would apply to employees placed on administrative leave.

18.     Provide a copy of any and all surveillance footage, badge swipes, clock rings, visitor logs or other information maintained by NYSOPWDD to monitor when an individual has entered or exited the Glens Falls office.

19.     Provide a copy of any and all seating charts, photographs or other documentation showing the layout of the Glens Falls office and the location of the workspace assigned to each employee, including but not limited to Plaintiff, Defendant Barlow, Defendant Stander, Defendant Dominie and any witness identified in any parties initial disclosures.

20.     Provide copies of any and all complaints or reports made by any employee at NYSOPWDD's Glens Falls office in which allegations of sex-based harassment and/or a hostile work environment were raised.

21.     Provide copies of any and all written or electronic communications, sexual in nature or relating to sexual misconduct at NYSOPWDD and/or any allegations related to the Amended Complaint including but not limited to Facebook or other social media messages or postings and text messages from their personal and State-issued cellular phones, exchanged between Defendant Stander, Defendant Barlow, and/or Defendant Dominie from New York State computers.

22.     A copy of each Defendant's personnel folder, and any and all employment records from the State of New York.

23.     Produce any and all communications from Defendant Stander or Barlow's State-issued phone evidencing a personal and non-professional relationship between Defendants Barlow, Stander, and/or Dominie.

24.     Provide any and all written or electronic communications that are sexual in nature or relating to threats of or actual sexual or physical misconduct or any allegations related to the Amended Complaint and/or the Plaintiff between Barlow and Defendant Chad Dominie, including but not limited to emails, text messages from their State-issued cellular phones, Facebook or other social media messages or postings, or instant messages, including those referenced in the March 13, 2018 interrogation recording.

25.     Provide any and all written or electronic communications that are sexual in nature or relating to threats of or actual sexual or physical misconduct or any allegations related to the Amended Complaint and/or the Plaintiff between Barlow and Defendant Liam Stander, including but not limited to emails, text messages from their State-issued cellular phones,

Facebook or other social media messages or postings, or instant messages, including those referenced in the March 13, 2018 interrogation recording.


DATED:   September 2, 2020
                Albany, New York                                Respectfully Submitted,

                                                                                SOLOMON LAW FIRM, P.L.L.C.

                                                                   By:   _Kathryn Barcroft_____

                                                                                Kathryn Barcroft, Esq.
                                                                                Ariel Solomon, Esq.
                                                                                Attorneys for Plaintiff
                                                                                300 Great Oaks Blvd Ste 312
                                                                                Albany, New York 12203
                                                                                Telephone: (866) 833-3529
                                                                                kbarcroft@fedemploylaw.com

To:      Kyle W. Sturgess, Esq.
           Assistant Attorney General
           Attorney for Defendant State of New York
           and NYS Office of People with Developmental Disabilities
           Litigation Bureau – Third Floor
           The Capitol
           Albany, New York 12224

           Benjamin Hill, Esq.
           Attorney for Defendant Liam Stander
           Law Office of Benjamin Hill
           50 State Street, Second Floor
           Albany, New York 12207

           Ryan T. Donovan, Esq.
           Harris, Conway & Donovan, PLLC
           Attorney for Defendant Alexis Barlow
           50 State Street, 2nd Floor
           Albany, New York, 12207

           Joseph R. Brennan, Esq.
           Brennan & White, LLP
           Attorneys for Defendant, Chad Dominie
           163 Haviland Road
           Queensbury, New York 12804

10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
MARY TROMBLEE,

               Plaintiff,

    -against-

STATE OF NEW YORK, et al.,

              Defendants.
-------------------------------------------------------------

**CERTIFICATE OF SERVICE**

Case No. 1:19-CV-0638 (LEK/CFH)

STATE OF NEW YORK )
COUNTY OF ALBANY )ss:

I hereby certify that a copy of the foregoing **Plaintiff's Supplemental Interrogatory and First Supplemental Request for Documents to State Defendants** was served this **2nd day of September 2020** by Email on the following:

Kyle W. Sturgess, Esq.
Assistant Attorney General
Attorney for Defendant State of New York
and NYS Office of People with
Developmental Disabilities
Litigation Bureau – Third Floor
The Capitol
Albany, New York 12224
Kyle.Sturgess@ag.ny.gov

Benjamin Hill, Esq.
Attorney for Defendant Liam Stander
Law Office of Benjamin Hill
50 State Street, Second Floor Albany,
New York 12207
ben@benhilllaw.com

Ryan T. Donovan, Esq.
Harris, Conway & Donovan, PLLC
Attorney for Defendant Alexis Barlow
50 State Street, 2nd Floor
Albany, New York, 12207
RTDonovan@CapitalRegionLaw.com

Joseph R. Brennan, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
brennanbwllp@albany.twcbc.com

                _____
                Alyssa Cohorn
                Solomon Law Firm, PLLC

EXHIBIT 4



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct:  (518) 776-2584

April 1, 2021

Kathryn Barcroft
Solomon Law Firm, PLLC
300 Great Oaks Blvd., Ste. 312
Albany, NY  12203

Re:   *Tromblee, Mary v. State of New York et. al*
      *Northern District of New York*
      19-CV-0638 (LEK)(CFH)

Dear Ms. Barcroft:

This letter is in response to your Supplemental Request for Documents to State Defendants.

### **Documents Previously Provided**

On February 25, 2021, the State Defendants provided to you an unredacted copy of pages stamped STATE DEF 000559-000641, which had been redacted under the attorney client communication and work product privileges.

On March 1, 2021, the State Defendants provided to you a First ESI Production, stamped STATE DEF 001011 - 002446. The State Defendants' First ESI Production included results responsive to plaintiff's demands within the results of the search terms agreed by Plaintiff and the State Defendants. *See* Exhibit A, attached.

On March 4, 2021, the State Defendants provided to you audio files of the interrogations of Liam Stander (1 file), Kristin Friers (1 file), ErikaValenti (1 file), Alexis Barlow (1 file), and Chad Dominie (3 files). You have requested further recordings of interviews or interrogations. Defendants' diligent search uncovered no further responsive documents.

On March 8, 2021, the State Defendants provided to you an investigative file stamped STATE DEF 002447 to 003563.

March 30, 2021
Page 2

## Documents Provided Herewith

Enclosed herewith are documents responsive to your requests stamped STATE DEF 002564 - 006602.

Please note that within this supplemental production are documents related to OPWDD's and GOER's investigations of the claims at issue in this action. All OPWDD and GOER investigative documents should be treated as confidential. The details of these investigations must be kept confidential in order to preserve the integrity of future investigations and to protect the privacy of witnesses. Personal information such as home addresses and private phone numbers have been generally redacted throughout. Certain other documents have been redacted in whole or part as protected by attorney/client and/or work product privilege or non-responsive. A privilege log is provided herewith.

## Response to Supplemental Request for Production of Documents

1. Produce a copy of the Decision for the Arbitration in connection with the subpoena, which references DPA Case No.: 18-DIS-447.

   *See* STATE DEF 2838-2858

2. Produce a copy of any and all notices, memorandum or other written communication provided to Defendant Dominie in reference to the termination of his employment with NYSOWPDD

   *See* STATE DEF 2803-2805; 2864-2896; 2933-2950; 2976-2996; 3082; 3408-3820; 6236-6583.

3. Produce any and all documents pertaining to the reinstatement of Defendant Dominie after receiving the termination letter referenced in Supplemental Request for Production No. 2.

   *See* STATE DEF 6236-6583.

4. Provide any and all documents relating to Defendant Dominie's performance, including but not limited to, performance evaluations, notes, memorandums, emails, or recordings.

   *See* STATE DEF 514-1007; 2803-3420.

5. Provide any and all documents relating to any appeal filed by the State of New York of the arbitrator's decision to reinstate Defendant Dominie's employment with NYSOPWDD.

   *See* STATE DEF 3288-3304; 3309-3319; 6236-6583.

March 30, 2021
Page 3

6. Provide a full and complete copy of the action filed in Albany County Supreme Court under Index No.: 19-6586, New York State Office for People with Developmental Disabilities v. Civil Service Employees Association, Inc., et al.

    *See* STATE DEF 6236-6583.


7. Provide a copy of any and all recordings, transcripts or statements obtained or received by NYSOPWDD as a result of interviews conducted by Ms. Sheehan, as referenced in the Affidavit in Support of Petition to Vacate an Arbitration Award by Heidi-Lynn Wagner at Paragraph 15 which sates:

"As part of her investigation, Ms. Sheehan interviewed more than 20 witnesses, many of whom alleged that Dominie had acted inappropriately with them. Director Sheehan also conducted two interrogations of Dominie."

    *See* recordings of interrogations of Liam Stander (1 file), Kristin Friers (1 file), ErikaValenti (1 file), Alexis Barlow (1 file), and Chad Dominie (3 files).

8. Provide any and all attendance sheets, calendar invitations, meeting minutes or other documents reflecting the attendance of NYSOPWDD employees during meetings relating to, or convened on, the dates referenced in the Amended Complaint.

    Defendants' diligent search revealed no documents responsive to this request.

9. Produce any and all documents related to Mr. Dominie's internet usage on any NYSOPWDD computer, including any browser search history for website sites visited that were sexual in nature.

    Defendants object to this demand on the ground that it is vague and unduly broad and burdensome and to the extent it seeks data outside the State Defendants' control. Without waiving said objections, the State Defendants' diligent search uncovered no responsive documents.

10. Produce any and all documents related to Mr. Dominie's internet usage on any NYSOPWDD computer, including any browser search history for any social media sites or posts made by Mr. Dominie that referenced Plaintiff.

    Defendants object to this demand on the ground that it is vague and unduly broad and burdensome.

11. Provide any and all written or electronic communications and/or other documents sexual in nature or relating to sexual misconduct at NYSOPWDD and/or any allegations related to the Amended Complaint between Defendants Barlow and Stander, including electronic mail and text messages from their personal and State-issued cellular phones, written or received by any employee of NYSOPWDD regarding, relating to, or referencing Plaintiff's complaints to Defendants Barlow or Stander regarding any issues with Defendant Dominie.

    Defendants object to this demand on the ground that it is vague, unduly broad and burdensome, and appears to seek documents outside of defendants' control. Defendants do not have access to the text of any text messages sent or received from state-issued cell phones.

March 30, 2021
Page 4

Defendants have provided plaintiff with the phone numbers and carriers for Barlow's and Stander's state-issued cell phones to allow plaintiff to subpoena the carriers. Dominie did not have a state-issued cell phone. Without waiving said objections, responsive documents appear in the ESI produced by defendants and in the supplemental disclosures provided herewith.

12. Provide any and all correspondence and/or other documents written or received by Alexis Barlow, Liam Stander, or Chad Dominie regarding, relating to, or referencing Plaintiff, including electronic mail and text messages from their personal and State-issued cellular phones.

Defendants object to this demand on the ground that it is vague, unduly broad and burdensome, and appears to seek documents outside of defendants' control. Defendants do not have access to the text of any text messages sent or received from state-issued cell phones. Defendants have provided plaintiff with the phone numbers and carriers for Barlow's and Stander's state-issued cell phones to allow plaintiff to subpoena the carriers. Dominie did not have a state-issued cell phone. The State Defendants do not control the individual Defendants' personal cell phones.

13. Provide any and all NYS policies regarding or related to the use, sale or possession of illegal drugs in the workplace.

*See* State DEF 4078 – 4087; 4196-4291.

14. Provide any and all court records and/or documents related to Defendants Barlow, Stander, or Dominie including, but not limited to, any criminal and/or civil records related to drug convictions and excluding matrimonial actions.

The State Defendants object to this demand to the extent that it seeks any court records of the named parties outside of the State Defendants' possession, and on the ground that it is unduly broad and burdensome. Without waiving said objections, defendants have discovered no responsive documents for Barlow and Stander. Court documents for Dominie's prosecution in relation to this matter have been disclosed.

15. Provide any and all results from any drug tests conducted by NYSOWPDD for Defendants Barlow, Stander or Dominie.

Defendants object to this demand on the ground that it is not reasonably related to the subject of this litigation, unduly broad and burdensome, and seeks protected health information. Without waiving said objections, after diligent search, defendants have discovered no responsive documents.

16. Provide any and all written or electronic communications between Provide any and all written or electronic communications between Defendants Stander, Barlow and/or Dominie including but not limited to emails, text messages from State-issued cellular phones, Facebook or other social media messages or postings, or instant messages relating to the use, sale or possession of illegal drugs.

Defendants object to this demand on the ground that is unduly broad and burdensome and to the extent that it seeks electronic information not in the control of defendants, including but not limited to, data and documents controlled by facebook, and text data controlled by

March 30, 2021
Page 5

telecommunications providers. Without waiving said objections, after diligent search, defendants have discovered no responsive documents.

17. Provide a copy of any and all policies regarding who can access/enter the NYSOPWDD's Glens Falls Office location, including any security protocols for employee and/or visitor access, including policies which would apply to employees placed on administrative leave.

*See* STATE DEF 255-256.

18. Provide a copy of any and all surveillance footage, badge swipes, clock rings, visitor logs or other information maintained by NYSOPWDD to monitor when an individual has entered or exited the Glens Falls office.

Defendants object to this demand on the ground that it is temporally unbounded. Without waiving said objection, after diligent search, defendants discovered no responsive documents.

19. Provide a copy of any and all seating charts, photographs or other documentation showing the layout of the Glens Falls office and the location of the workspace assigned to each employee, including but not limited to Plaintiff, Defendant Barlow, Defendant Stander, Defendant Dominie and any witness identified in any parties initial disclosures.

*See* STATE DEF 4491.

20. Provide copies of any and all complaints or reports made by any employee at NYSOPWDD's Glens Falls office in which allegations of sex-based harassment and/or a hostile work environment were raised.

Defendants object to this demand on the ground that it seeks confidential information and is temporally unbounded. Without waiving said objections, after diligent search, defendants discovered no responsive documents.

21. Provide copies of any and all written or electronic communications, sexual in nature or relating to sexual misconduct at NYSOPWDD and/or any allegations related to the Amended Complaint including but not limited to Facebook or other social media messages or postings and text messages from their personal and State-issued cellular phones, exchanged between Defendant Stander, Defendant Barlow, and/or Defendant Dominie from New York State computers.

Defendants object to this demand on the grounds that it is unduly broad and burdensome. Defendants generally refer Plaintiff to Defendants' First ESI production, stamped STATE DEF 001011 - 002446.

March 30, 2021
Page 6

22. A copy of each Defendant's personnel folder, and any and all employment records from the State of New York.

    *See* STATE DEF 239-275, 401-513, 514-558, 642-1007, 3422 – 4006.

23. Produce any and all communications from Defendant Stander or Barlow's State-issued phone evidencing a personal and non-professional relationship between Defendants Barlow, Stander, and/or Dominie.

    Defendants object to this demand on the basis that it is vague and subjective ("evidencing a personal and non-professional relationship"). Without waiving said objection, Defendants generally refer Plaintiff to Defendants' First ESI production, stamped STATE DEF 001011 – 002446.

24. Provide any and all written or electronic communications that are sexual in nature or relating to threats of or actual sexual or physical misconduct or any allegations related to the Amended Complaint and/or the Plaintiff between Barlow and Defendant Chad Dominie, including but not limited to emails, text messages from their State-issued cellular phones, Facebook or other social media messages or postings, or instant messages, including those referenced in the March 13, 2018 interrogation recording.

    Defendants object to this demand on the basis that it is unduly broad and burdensome and vague. Without waiving said objection, defendants refer plaintiff to the numerous investigative emails and notes contained within Margaret Sheehan's files. *See generally* STATE DEF 2564-3421; 4492-4937; 5118-5755; 5773-6235.

25. Provide any and all written or electronic communications that are sexual in nature or relating to threats of or actual sexual or physical misconduct or any allegations related to the Amended Complaint and/or the Plaintiff between Barlow and Defendant Liam Stander, including but not limited to emails, text messages from their State-issued cellular phones, Facebook or other social media messages or postings, or instant messages, including those referenced in the March 13, 2018 interrogation recording.

    Defendants object to this demand on the basis that it is unduly broad and burdensome and vague. Without waiving said objections, defendants refer plaintiff to the numerous investigative emails and notes contained within Margaret Sheehan's files. *See generally* STATE DEF 2564-3421; 4492-4937; 5118-5755; 5773-6235.

        Sincerely,

        *Chris Liberati-Conant*

        Chris Liberati-Conant
        Assistant Attorney General

Enclosure

cc:    William J. White

March 30, 2021
Page 7


       Benjamin W. Hill
       Ryan T. Donovan

EXHIBIT 5



1330 Avenue of the Americas
Suite 23A
New York, NY 10019

••••

300 Great Oaks Blvd., Suite 312
Albany, NY 12203

••••

1025 Connecticut Ave, NW
Suite 1000
Washington, DC 20036

P:  1-866-8-FedLaw
F:  (202) 688-1896
attorneys@fedemploylaw.com

ADMITTED TO PRACTICE
IN NEW YORK STATE

**Via E-mail: christopher.liberati-conant@ag.ny.gov**

October 19, 2021

Chris Liberati-Conant, Esq.
N.Y.S. Office of the Attorney General
The Capitol, Justice Building 4th Fl.
Litigation Bureau
Albany, New York 12224


RE:    *Tromblee v. New York State, et al.,*
       **Case Number: 1:19-cv-00638-LEK-CFH**

Dear Mr. Liberati-Conant:

Enclosed please find Plaintiff's Second Supplemental Request for Documents to State Defendants.

Thank you for your time and attention to this matter.


Very truly yours,

Kathryn Barcroft
kbarcroft@fedemploylaw.com


cc:     Benjamin Hill, Esq.
        Capezza Hill LLP
        Attorneys for Defendant Liam Stander
        30 South Pearl Street, Suite P-110
        Albany, New York 12207
        ben@capezzahill.com

        Ryan T. Donovan, Esq.
        Harris, Conway and Donovan, PLLC
        Attorney for Defendant Alexis Barlow
        50 State Street, 2nd Floor

Albany, New York, 12207
rdonovan@hcdlegal.com

William J. White, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
wjwhite163@gmail.com

Mary Tromblee (via e-mail)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

MARY TROMBLEE,

                    Plaintiff,

                 **PLAINTIFF'S SECOND**
                 **SUPPLEMENTAL**
                 **REQUEST FOR**
                 **DOCUMENTS TO STATE**
                 **DEFENDANTS**

      -against-            Case No. 1:19-CV-0638 (LEK/CFH)

THE STATE OF NEW YORK,
NEW YORK STATE OFFICE
FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES;
CHAD DOMINIE, Individually and in his capacity as a
Keyboard Specialist/Secretary for the Office for People with
Developmental Disabilities at the Glens Falls Facility;
LIAM STANDER, Individually and in his capacity as a
Treatment Team Leader and Supervisor for the for the
Office for People with Developmental Disabilities at the
Glens Falls Facility;
ALEXIS BARLOW, Individually and in her capacity as
Treatment Team Leader and Office Supervisor for the
Office for People with Developmental Disabilities
at the Glens Falls Facility;

                    Defendants.
-------------------------------------------------------------

      **PLEASE TAKE NOTICE THAT,** Plaintiff MARY TROMBLEE, through counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby submits *Plaintiff's Second Supplemental Request for Documents* to Defendant State of New York ("NYS") and Defendant New York State Office for People with Developmental Disabilities ("NYSOPWDD"), together the "State Defendants." The State Defendants are requested to produce and to permit the party serving these requests and its counsel to inspect and copy the requested documents at Solomon Law Firm, PLLC, 300 Great Oaks Blvd, Suite 312, Albany, NY 12203 or at such other place as counsel may hereafter mutually agree, no later than 30 days from the date of service of these requests.

<div align="center">1</div>

## <u>INSTRUCTIONS FOR ANSWERING</u>

A.      In this discovery, Plaintiff seeks all responsive documents and things that are within the possession, custody, or control of, or are known or available to Defendants, their predecessors, and successors in interest, all parent and subsidiary corporations, all representatives, units, offices, divisions, officers, directors, employees, agents, attorneys, assigns, consultants, investigators, accountants, and other persons acting on their behalf or at their direction.  This includes documents in the possession, custody or control of Defendants attorneys or their investigators or any third party or parties to whom Defendants have surrendered possession, custody or control, or who, acting on their behalf, have obtained custody, possession or control, or who, upon Defendants' request, would surrender possession, custody and control to them.  If Defendants are not in possession of any of the requested documents herein, set forth the last known location of said documents and identity of the custodian of such documents.

B.      Pursuant to Fed. R. Civ. P 26(e), Defendants are under a continuing duty to seasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.  The supplementary production is to be provided to Plaintiff's counsel as soon as it becomes known to you or to your counsel and in all events before trial.

C.      If a document is withheld on the ground of privilege or otherwise, provide a schedule identifying each document and setting forth: (i) the date of the document; (ii) the nature of the document; (iii) the person who originated the document; (iv) all person(s) to whom it was sent; (v) all person(s) to whom it was copied; (vi) the subject matter of the document; and (vii) the privilege or other ground upon which the document is being withheld.

D.      The singular form of a word shall be interpreted as plural and the masculine gender shall be deemed to include the feminine, and vice versa, as necessary to bring within the scope of a particular request any document which might otherwise be construed to be outside its scope.

E.      To the extent that Defendants consider any of the following document requests or subparts thereof to be objectionable, answer that portion of the document request, or subpart thereof, to which you have no objection and separately state the portion of the document request, or subpart thereof, to which Defendants lodge an objection, stating the specific grounds for their objection.

F.      If any document requested herein was at one time in existence, but has been lost,

2

discarded or destroyed, identify: (i) each such document, including the (a) date, (b) nature, (c) subject matter, (d) person who originated it, (e) all person(s) to whom it was sent, (f) all person(s) to whom it was copied; (ii) the last known custodian of the document; (iii) the date the document was lost, discarded or destroyed; (iv) the reasons for discarding or destroying the document; (v) each person having knowledge of the document; and (vi) each person having knowledge of the circumstances of its being lost, discarded or destroyed.

G.      Electronic Discovery - With respect to all emails responsive to Plaintiff's document requests, they should be produced with .msg or .pst file extensions, preferably .msg.

With respect to all printed emails responsive to Plaintiff's document requests, they should be printed with a full header.

With respect to those documents responsive to Plaintiff's document requests which are saved as a pdf file, they should be produced in that format, not as a scanned copy of the saved pdf.

With respect to those documents responsive to Plaintiff's document requests, they should be produced in native electronic format, which could include any of the following formats: .doc, .docx, .txt, .rtf, .dot, .htm, .pptx, .ppt, .pps, .xlxs, .xls, .csv, .xml, .txt, .mht, .prn, .dif and/or .slk.

With respect to any documents that have been scanned documents, describe when they were scanned and who directed them to be scanned, and produce them in their original scanned format, which could include any of the following formats: .jpg, .jpeg, .tif, .tiff, .pict and/or .pdf.

H.      When producing a document, all non-identical copies of all non-identical drafts thereof must also be produced.

I.      If any requested document or thing cannot be produced in full, please produce it to the extent possible, identifying what portion is being withheld and the reason therefore.

J.      Each request should be responded to separately.  However, a document that is responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

K.      Production can be accomplished by mailing the documents within the rule time to Solomon Law Firm, PLLC, 300 Great Oaks Blvd., Suite 312, Albany, NY 12203.

3

L.     Production of documents in connection to requests related to the criminal complaint against Dominie are requested to be any documents that are supplemental and in addition to the document production that has been produced by Defendant Dominie in connection with this matter on May 20, 2020.

## **DEFINITIONS**

1. "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations, municipalities, and every other type of organization or entity.

2. "Identity" means when used in reference to:

A *document*, to state separately,

A.     Its description (e.g. letter, report, memorandum, etc.),
B.     Its date,
C.     Its subject matter,
D.     The identity of each author or signer,
E.     The identify of each individual privy to the document;

An *oral* statement, communication, conference or conversation, to state separately:

A.     Its date and the place where it occurred,
B.     Its substance,
C.     The identity of each person participating in the communication or conversation, and
D.     The identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

A *natural person or persons,* to state separately:

A.     The full name of each such person,
B.     His or her present, or last known address and his or her present or last known residential address, and,
C.     The employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time;

4

An *organization or entity* other than a natural person (e.g. a company, corporation, firm, association, or partnership), to state separately:

A.     The full name and type of organization or entity,
B.     The date and state of organization or incorporation,
C.     The address of each of its principal places of business, and,
D.     The nature of the business conducted.

4.     "Document," "documents,"  "material," or "materials" is defined to be synonymous in meaning and equal in scope to the use of this term in the FRCP 34(a),  including without limitation any written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office, and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt statement, financial data, acknowledgment, computer, or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published, or released by you or by any other person.  If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which because of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

5.     "Communication" and/or "Correspondence" shall mean, without limitation, any or all transmittals of information, whether oral or reduced to writing, whether handwritten, typewritten, tape-recorded, or produced by electronic data processing, irrespective of how conveyed (e.g., telephone, telegram, telegraph, United States mail, private mail or courier service, facsimile transmittal, face-to-face contact), including but not limited to:  inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, emails, faxes, letters, notes, telegrams, advertisements, other documents, and/or other forms of verbal or written intercourse.

6.       "Relating to" means consisting of, referring to, describing, discussing, constituting, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or factually connected to the matter discussed.

7.       "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

8.       "Dominie" or "Mr. Dominie" shall be deemed to refer to Defendant CHAD DOMINIE.

9.       "Barlow" or "Ms. Barlow" shall be deemed to refer to Defendant ALEXIS BARLOW.

10.      "Stander" or "Mr. Stander" shall be deemed to refer to Defendant LIAM STANDER

11.      "Department" or "NYSOPWDD" shall be deemed to refer to Defendant NEW YORK STATE OFFICE OF PEOPLE WITH DEVELOPMENTAL DISABILITIES and its agencies, departments, officers, directors, employees, agents, partners, representatives, attorneys, assigns, consultants, investigators, accountants contractors, and/or any other individuals or other entities acting on its behalf or at its direction.

12.      "Plaintiff" means all persons or entities who have commenced the within action and remain in the caption thereof.

13.      "Your Employees" and/or "Department Employees" shall refer to, without limitation, any and all of your current and/or former employees, agents, partners, officers, board members, managers, contractors, representatives, consultants, investigators, accountants, affiliates, and/or any individuals who act on your behalf, in accordance with your direction, and/or at your discretion.

14.      "Any" shall also mean "all" and vice versa.

15.      "And" shall also mean "or", and "or" shall mean "and" as necessary to call for the broadest possible answer.

16.   "Amended Complaint" shall refer to Plaintiff's Amended Complaint in the instant matter, filed in the NDNY, Case No. 1:19-CV-0638 (LEK/CFH).

## SECOND SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   Produce a copy of any and all security logbooks during time when Aubrey Shrestha testified that she signed in and out of NYSOPWDD's personnel office between the time period of summer or fall 2018.

2.   Produce a copy of any and all communications, including fax communications and emails, regarding Aubrey Shrestha's job applications submitted to NYSOPWDD personnel or NYS Human Resources office in 2018.

3.   Produce a copy of the Retainer Agreement between NYSOPWDD and the NYS Attorney General's office.

4.   Produce any and all documents related to New York State's coverage of legal fees for Defendants and any agreements regarding indemnification for Defendants.

5.   Produce any and all communications, including but not limited to emails, between Steve Cernak and Liam Stander.

6.   Produce any and all documents pertaining to the disciplinary history of Chad Dominie throughout his employment at New York State, including but not limited to any incidents at a group home on Route 50 that occurred, upon information and belief, between 2002-2004 or any other time, involving patient neglect, forcing individuals to stay in their rooms, and urinating in a teapot or other objects.

7.   Produce any and all documents demonstrating a record of answers being correct or incorrect during any EEO, sexual harassment, or workplace violence trainings taken by Ms. Barlow, Mr. Stander, and Mr. Dominie.

8.   Produce any and all documents related to the termination or investigation of Marcia Marcotte, including but not limited to any emails between Human Resources, Kristi Beitter, James Doddemeade, and/or Ms. Bennett.

9.   Produce any and all documents related to the Medicaid fraud investigation and/or any fraud complaints made by Amanda Tromblee, including but not limited to investigation

documents, any emails with investigators, Human Resources, and/or any other administrative New York State Personnel related to the allegations of fraud.

10.     Any Lynx messages or inter-office messaging between Chad Dominie and Angela Erfelt including the words "sex" or 'fuck," as testified to by Annette Abare.

11.     Any Lynx messages or inter-office messaging between Chad Dominie and other female workers in the office that includes any sexually-related language, sexual imagery, sexual videos, sexual jokes, or any sexually-related terminology.

12.     Any Lynx messages or inter-office messaging between Chad Dominie supervisors Alexis Barlow and/or Liam Stander, that includes any sexually-related language, sexual imagery, sexual videos, sexual jokes, or any sexually-related terminology.


DATED:   October 19, 2021
       Albany, New York                     Respectfully Submitted,

                                        SOLOMON LAW FIRM, P.L.L.C.

                          By:    _Kathryn Barcroft_____
                                          Kathryn Barcroft, Esq.
                                        Ariel Solomon, Esq.
                                        Attorneys for Plaintiff
                                        300 Great Oaks Blvd Ste 312
                                        Albany, New York 12203
                                        Telephone: (866) 833-3529
                                        kbarcroft@fedemploylaw.com

To:    Chris Liberati-Conant, Esq.
       N.Y.S. Office of the Attorney General
       The Capitol, Justice Building 4th Fl.
       Litigation Bureau
       Albany, New York 12224

       Benjamin Hill, Esq.
       Capezza Hill LLP
       Attorneys for Defendant Liam Stander
       30 South Pearl Street, Suite P-110
       Albany, New York 12207

       Ryan T. Donovan, Esq.
       Harris, Conway and Donovan, PLLC
       Attorney for Defendant Alexis Barlow
       50 State Street, 2nd Floor

Albany, New York, 12207

William J. White, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
MARY TROMBLEE,

                              Plaintiff,

     -against-

STATE OF NEW YORK, et al.,

                              Defendants.
-------------------------------------------------------------
STATE OF NEW YORK )
COUNTY OF ALBANY )ss:

**CERTIFICATE OF SERVICE**

Case No. 1:19-CV-0638 (LEK/CFH)

I hereby certify that a copy of the foregoing **Plaintiff's Second Supplemental Request for Documents to State Defendants** was served this **19th day of October 2021** by Email on the following:

Chris Liberati-Conant, Esq.
N.Y.S. Office of the Attorney General
The Capitol, Justice Building 4th Fl.
Litigation Bureau
Albany, New York 12224
christopher.liberati-conant@ag.ny.gov

Ryan T. Donovan, Esq.
Harris, Conway and Donovan, PLLC
Attorney for Defendant Alexis Barlow
50 State Street, 2nd Floor
Albany, New York, 12207
rdonovan@hcdlegal.com

Benjamin Hill, Esq.
Capezza Hill LLP
Attorneys for Defendant Liam Stander
30 South Pearl Street, Suite P-110
Albany, New York 12207
ben@capezzahill.com

William J. White, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
wjwhite163@gmail.com

_____
Alyssa Cohorn
Solomon Law Firm, PLLC

EXHIBIT 6

**From:** Liberati-Conant, Christopher <Christopher.Liberati-Conant@ag.ny.gov>
**Sent:** Monday, November 1, 2021 4:06 PM
**To:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>; Ben Hill <Ben@Capezzahill.com>; Ryan T. Donovan <RDonovan@hcdlegal.com>; William J. White <wjwhite163@gmail.com>; Rock, Robert <Robert.Rock@ag.ny.gov>
**Cc:** Gina Sitcer <gsitcer@fedemploylaw.com>; Ariel Solomon <asolomon@fedemploylaw.com>
**Subject:** RE: Deficiencies - Tromblee - Supplemental Document Production

Kathryn, you made your supplemental demands on 10/19. 30 days have not elapsed since you served your demand on the State Defendants. Nevertheless, I produced responsive documents to you last week in advance of tomorrow's deposition. I did not represent and do not now represent that no other responsive documents exist. Defendants will supplement their responses to your 10/19 demands as warranted.

**From:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Sent:** Monday, November 1, 2021 3:48 PM
**To:** Liberati-Conant, Christopher <Christopher.Liberati-Conant@ag.ny.gov>; Ben Hill <Ben@Capezzahill.com>; Ryan T. Donovan <RDonovan@hcdlegal.com>; William J. White <wjwhite163@gmail.com>; Rock, Robert <Robert.Rock@ag.ny.gov>
**Cc:** Gina Sitcer <gsitcer@fedemploylaw.com>; Ariel Solomon <asolomon@fedemploylaw.com>
**Subject:** Deficiencies - Tromblee - Supplemental Document Production
**Importance:** High

**[EXTERNAL]**

Chris & Robert,

We are writing to note deficiencies in the supplemental documents produced, which we request be produced in advance of tomorrow's deposition:

The applicable request is the following from Plaintiff's recent supplemental request number 8 -- "Produce any and all documents related to the termination or investigation of Marcia Marcotte, including but not limited to any emails between Human Resources, Kristi Beitter, James Doddemeade, and/or Ms. Bennett."

No emails were produced in response to this request, if none exist, please respond accordingly. Otherwise, please provide them so we have them for tomorrow.  Ms. Bennett is Patty Bennett in the event there is any confusion.

In addition, Ms. Marcotte was interrogated and we don't have a copy of the interrogation.  There are also references to a Corrective Action Plan which is missing as well as reports or notes related to an Incident Review Committee as referenced in Defendant State's recent production Bates no. 0006827, which we request also be produced.

Thanks,



**Kathryn L. Barcroft, Esq.**
Partner & Chair of the Private Sector Employment Division

SOLOMON LAW FIRM PLLC

Albany, NY | New York, NY | Washington, DC

P: 866.833.3529
D: 646.475.3118
F: 202.688.1896
www.fedemploylaw.com

*Confidentiality / Privilege Notice: This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged or otherwise protected from disclosure. The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender. Admitted in New York State.*

---

**From:** Liberati-Conant, Christopher <Christopher.Liberati-Conant@ag.ny.gov>
**Sent:** Thursday, October 28, 2021 12:07 PM
**To:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>; Gina Sitcer <gsitcer@fedemploylaw.com>; Ben Hill <Ben@Capezzahill.com>; Ryan T. Donovan <RDonovan@hcdlegal.com>; William J. White <wjwhite163@gmail.com>
**Cc:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Subject:** Tromblee - Supplemental Document Production

Dear Mr. Barcroft,

Please find attached hereto supplemental disclosures, stamped STATE DEF006827 – 006876, in response to plaintiff's October 20, 2021, supplemental demands. Defendants continue to search for responsive documents and reserve the right to produce further responsive documents if and when such documents are located.

**Chris Liberati-Conant**
Assistant Attorney General
New York State Office of the Attorney General
Litigation Bureau
The Capitol
Albany, NY  12224
Tel: (518) 776-2584

The information contained in this e-mail and any attachments thereto is privileged and confidential and is intended only for the use of those named as addressees. If the reader of this message is not an intended recipient or the employee, agent, or service-provider responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by telephone at 518-776-2584. Thank you.

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

EXHIBIT 7



1330 Avenue of the Americas
Suite 23A
New York, NY 10019

■■■■

300 Great Oaks Blvd., Suite 312
Albany, NY 12203

■■■■

1025 Connecticut Ave, NW
Suite 1000
Washington, DC 20036

P: 1-866-8-FedLaw F: (202)
688-1896
attorneys@fedemploylaw.com

ADMITTED TO PRACTICE
IN NEW YORK STATE

**Via E-Mail: robert.rock@ag.ny.gov**

November 15, 2021

Robert Rock
N.Y.S. Office of the Attorney General
The Capitol, Justice Building 4th Fl.
Litigation Bureau
Albany, New York 12224

Re:     ***Tromblee v. State of New York, et al.,***
        ***Case Number: 1:19-cv-00638-BKS-CFH***
        ***Outstanding Discovery Requests***

Dear Mr. Rock:

In furtherance of our conversation on Friday, November 12, counsel for all parties attended a remote deposition of Scott Geer of New York State Information Technology Services ("ITS"). Mr. Greer was identified by New York State/OPWDD as the witness with knowledge of 30 (b)(6) topics related to electronically stored information ("ESI"), document collection, and other related topics in connection with the above-referenced case as provided in Plaintiff's Notice of 30(b)(6) Deposition dated May 20, 2021.[1] Per your predecessor Christopher Liberati-Conant, we were required to prepare and send a subpoena, dated October 12, 2021, to obtain Mr. Geer's testimony. This information was provided after Mr. Liberati-Conant produced a 30(b)(6) deponent who was unable to provide testimony regarding several topics noticed in the 30(b)(6).

It was immediately apparent from the testimony taken on Friday that Mr. Geer had absolutely no knowledge of the topics listed in the 30 (b)(6) notice, or the documents at issue listed in Attachment A of the subpoena, as he was not involved in conducting searches or collecting documents for this case. Nor could Mr. Geer testify about OPWDD's record-keeping and document retention policies, procedures, and practices; the facts and circumstances concerning OPWDD's collection and production of documents in this litigation; the legal hold process and steps taken in this case to implement such a hold; the search terms used to conduct discovery of relevant ESI; or the methodology for determining privileged ESI.

Despite conversations with Mr. Liberati-Conant to confirm that Mr. Geer was the appropriate individual who could speak as to these noticed topics, Mr. Geer was unable to offer any testimony regarding document collection or production that was at all relevant to this litigation.

---

[1] Plaintiff sent an initial Notice of 30(b)(6) Deposition to Defendant New York State on December 4, 2020.

1

Moreover, ITS counsel Lauren Holupko who also attended Mr. Geer's deposition, informed the parties' counsel that her predecessor had conveyed to New York State, presumably Mr. Liberati-Conant, that Mr. Geer could not testify as to the noticed topics, yet this information was never provided to Plaintiff's counsel and Mr. Geer remained the identified individual to be deposed. Unfortunately, Plaintiff's counsel spent time preparing for the deposition and it was expressed by Laurel Stephenson, the court reporter today, that our firm will be charged for her time because she had to travel in the rain and sit for the deposition.

According to Mr. Greer, each agency, including OPWDD, has independent access to its own data for searches, can initiate legal holds for its data, and can search and export documents for purposes of discovery related to their own agency's documents. Thus, it would be OPWDD itself, rather than ITS, that was involved in the discovery process of this case, and an OPWDD representative knowledgeable about the noticed topics should have been identified several months ago following the initial notice to New York State on December 4, 2020. Mr. Geer believed there were approximately ten individuals at OPWDD who have access to this system who may have run the searches, and said he could guess at who did, but was instructed not to by you last Friday, and instead represented that you would inquire regarding the same. Given the length of time that has passed, we renew our request that you identify which OPWDD employee could best testify as to the 30(b)(6) noticed topics without further delay so that we can comply with the close of discovery set for November 19, 2021. Given the difficulty that all parties' counsel has in finding dates mutually agreeable to hold depositions due to conflicting schedules, it is imperative that counsel resolve this issue as quickly as possible.

As the parties' counsel discussed off the record following Mr. Geer's deposition, it is Plaintiff's preference to hold this deposition on Tuesday, November 16, 2021, prior to or after the deposition of Cynthia Secor, even if that means starting a bit earlier or staying later. However, in the event that the parties need to stipulate to depose the newly identified 30 (b)(6) deponent after the close of discovery, such a stipulation must also delay the deadline for any motions to compel currently set for December 3, 2021, which will likely require approval from the Court. We also respectfully request that costs associated with today be borne by New York State rather than Plaintiff and that the deposition not be counted toward our deposition limit.

In addition, we are writing to memorialize Plaintiff's request for documents noted on the record at prior depositions. The following is a list of documents that we request be produced to the extent such documents exist:

### Margaret Sheehan, July 22, 2021

- Any and all time sheets confirming dates Mary Tromblee and Chad Dominie worked together. *See* Margaret Sheehan Deposition Transcript p. 62, line 18.
- Any and all exhibits to Margaret Sheehan's investigative reports. *See id.* at p. 63-67 including all text messages between any and all witnesses to the allegations contained in her reports — reference to search of locked file cabinet at OPWDD where these documents are located. *See id.* at p. 64, line 1. Witness and report referenced a copy of the text message between Leyna Marcotte and Elysse Lavin

> discussing that Chad Dominie was returning to the Glens Falls office and neither was happy about it. *See id.* at p. 65, line 4.
> - All text messages between Chad Dominie and Liam Stander which could reasonably be deemed inappropriate as referenced in Liam Stander's interrogation *See id.* at p. 122, lines 8-21.
> - Any and all outlines of the interviews conducted by Margaret Sheehan electronically or in locked file cabinet. *See id.* at p. 174, line 23.

### Heidi Lynn Wagner, September 20, 2021

> - An unredacted version of the pre-suspension meeting held on April 20, 2018. *See* Heidi Lynn Wagner Deposition Transcript p. 135, line 10.

### Stephen Cernak, September 27, 2021

> - Emails between Liam Stander and Stephen Cernak, including a reply email from Mr. Stander to Mr. Cernak following Mr. Cernak's report to Mr. Stander of the February 20, 2017, incident involving Mr. Dominie and Ms. Tromblee: "I would have to go back in, and I could pull the record on the e-mails and verify. Everything is backed up, so any time that we need any of these e-mails, I can retrieve them, anything from the time our exchange server has been started I can have it pulled. I do believe an e-mail was sent . . . " *See* Stephen Cernak Deposition Transcript, p. 52, lines 21-25, p. 53, lines 2-3.

### Annette Abare, October 6, 2021

> - Lynx messages (a former messaging system at NYSOPWDD) from Chad Dominie to Angela Erfelt where Mr. Dominie asked Ms. Erfelt to fuck, as testified to by Ms. Abare. *See* Annette Abare Deposition Transcript, p. 59, lines 17-25, p. 60, lines 2-10.

### David Albano, November 2, 2021[2]

> - Any and all invitations or reminders on Mr. Albano's Outlook calendar for preparation sessions, hearings, meetings, telephone conversations, or the like pertaining to the 2019 arbitration of Chad Dominie.
> - David Albano's file related to Chad Dominie's 2019 arbitration.
> - Any and all communications to or from David Albano relating to Chad Dominie's 2019 arbitration.

---

[2] We request that Mr. Albano search his emails, Outlook invites, and files as requested at the deposition. Also, to the extent other documents are located that are responsive to this request for other witnesses, we also ask that these documents be produced as they are responsive to prior requests. We do not have the transcript yet but have notes from the deposition.

Importantly, Plaintiff notes that these documents are responsive to both her original and first supplemental requests for production dated February 3, 2020, and September 2, 2020, respectively, and there was testimony regarding the existence of these documents in certain recipients' emails or files – they even offered to search for it – yet, it does not seem this was done by OPWDD nor the witnesses.

Additionally, there are certain documents that have been outstanding since February and September 2020, which remain outstanding, which we had hoped to question the OPWDD 30 (b)(6) witness about and request that the documents be produced without further delay.

Below is a list of requests that are outstanding from the original and supplemental document requests served by Plaintiff to which we now understand after testimony that the productions are deficient as documents do exist. We will supplement this list after the deposition of the OPWDD personnel that ran the searches and collected the documents, and request in good faith these documents be produced to the extent they are in OPWDD's possession, custody or control.

### Original Requests for Production

18.     Provide any and all correspondence and/or other documents indicating or relating to any complaints. claims or charges filed against Alexis Barlow, by employees or former employees of NYSOPWDD, through any internal complaint procedures, any local, state or federal court, any Federal Department, any local, state. or municipal Department, or union, alleging any, unlawful behavior, discrimination, harassment, creation of a hostile work environment, and/or retaliation during the course or the aforementioned individuals' employment with NYSOPWDD.

**Response: The State Defendants object to this Demand as overly broad, unduly burdensome, vague as to the meaning of "unlawful behavior," and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence insofar as it is not limited in scope or time with respect to the subject matter and issues involved in the instant lawsuit. The State Defendants likewise object to this Demand insofar as it calls for a legal conclusion as to whether complained-of behavior constitutes or constituted "discrimination," "harassment," a "hostile work environment," or "retaliation" in the context of the applicable statutes and authorities. The State Defendants further object to the disclosure of documents and materials acquired or created in the course of the investigation of any internal complaints of discrimination filed by Defendant Dominie against, *inter alia,* Defendant Barlow, together with any investigative report or analysis drafted with regard thereto, on the grounds of the attorney-client and attorney work-product privileges. See FRCP 26(b)(3)(A); Geller v. North Shore Long Island Jewish Health System, 2011 U.S. Dist. LEXIS 129751 (E.D.N.Y. 2011); Robinson v. Vineyard Vines, LLC, 2016 U.S. Dist. LEXIS 27948 (S.D.N.Y. 2016); and Costabile v. County of Westchester·, 2008 U.S. Dist. LEXIS 47692 (S.D.N.Y. 2008). Notwithstanding and without waiving the aforementioned objections, the State Defendants**

**produce the following non-privileged responsive documents in their possession: Documents relating to a counseling memorandum issued to Defendant Alexis Barlow, identified as DEF 001008-001010.**

Plaintiff requested any complaints against Ms. Barlow, not just the complaints related to the present action. To the extent there is privileged information we request that the information memorialized in a privilege log. Any other responsive documents should be produced or produced in redacted format. It is relevant whether Ms. Barlow was the subject of any other complaints at NYS.

22.     Provide any and all computer access records and/or computer cache of Dominie's computer and/or computer usage from January 2017 to October 2017 which reflect internet history and internet searches.

**Response: The State Defendants object to this Demand as overly broad, unduly burdensome, vague as to "computer access records" and "reflect[ing] internet history", and not reasonably calculated to lead to the discovery of relevant and admissible evidence insofar as the *Demand does not attempt to limit the scope of the search to any subject matter or content relating to the subject matter or content relating to the subject matter of the instant litigation*.**

The time period is limited to ten months and we can limit the search to any non-work related conduct on the internet -- any sites that were sexual in nature.

23.     Produce any and all communications between Dominie and Stander and Dominie and Barlow. including from personal phones and personal email addresses, relating pornography, sexual mailers or referring to Plaintiff in any manner from January 2017 to October 2017.

**Response: The State Defendants object to this Demand as overly broad and unduly burdensome insofar as it calls for "all communications ... referring to Plaintiff without reference to content or subject matter. The State Defendants object to the Demand insofar as it is vague as to "sexual matters." The State Defendants furthermore object to this Demand insofar is it is duplicative of other Demands relating to "communications"; on the ground .that the communications sought arc more likely to be in the possession of the individual Defendants than that of the State Defendants; and on the ground that the State *Defendants are not in possession of the "personal phones" and/or "personal email addresses" from which the demanded documents and materials are sought.***

While we understand that the State may not be in possession of personal phones or emails, the request is not limited to this, it merely states "including" this, therefore, please produce any communications in OPWDD's possession, custody or control regarding communications between Dominie and Barlow and Domine and Stander related to pornography or sexual matters or communications that refer to Mary Tromblee.

31.     Produce any and all correspondence among and between Kristi Beitter and Barlow concerning Plaintiff and Dominie.

**Response: The State Defendants object to this Demand as vague as to the meaning of "among and between" and "concerning" to the extent that it is not reasonably limited in time or scope or otherwise related to the events at issue in the instant litigation. Notwithstanding and without waiving these objections, a good-faith effort is underway to locate non-privileged documents or materials responsive to this request, to be disclosed to Plaintiff's counsel at the conclusion of said search. *The State Defendants further refer the Plaintiff to those documents and materials disclosed in response to Demand No. 18.***

The reference to Demand 18 is to the counseling memo from Ms. Beitter to Ms. Barlow. We requested any and all correspondence between Ms. Beitter and Ms. Barlow including Lynx messages, text messages, emails, written correspondence, which is deficient.

### First Supplemental Requests for Production

8.     Provide any and all attendance sheets, calendar invitations, meeting minutes or other documents reflecting the attendance of NYSOPWDD employees during meetings relating to, or convened on, the dates referenced in the Amended Complaint.

**Response: Defendants' diligent search revealed *no documents responsive to this request.***

We are aware from Mr. Albano's testimony that calendar invitations and other documents related to the attendance of OPWDD employees at meetings related to the dates referenced in the Amended and Second Amended Complaint. We request that these documents be produced without further delay for Mr. Albano and other personnel.

9.     Produce any and all documents related to Mr. Dominie's internet usage on any NYSOPWDD computer, including any browser search history for website sites visited that were sexual in nature.

**Response: Defendants object to this demand on the ground that it is vague and unduly broad and burdensome and to the extent it seeks data outside the State Defendants' control. Without waiving said objections, *the State Defendants' diligent search uncovered no responsive documents.***

We understand from eyewitness testimony, including Ellen Davis, that Mr. Dominie visited sites that were sexual in nature. We request that the browser search history for Mr. Dominie's computer be produced with respect to this request and that if not available the OPWDD personnel that conducted the searches be able to testify to the same.

10.     Produce any and all documents related to Mr. Dominie's internet usage on any NYSOPWDD computer, including any browser search history for any social media sites or posts made by Mr. Dominie that referenced Plaintiff.

**Response: Defendants object to this demand on the ground that it is vague and unduly broad and burdensome.**

This request is limited to social media sites or posts by Mr. Dominie related only to Plaintiff – it is not unduly broad or burdensome as it involves two persons, Mr. Dominie and Ms. Tromblee, and it is limited to the time when they worked together in 2016 to October 2017.

11.     Provide any and all written or electronic communications and/or other documents sexual in nature or relating to sexual misconduct at NYSOPWDD and/or any allegations related to the Amended Complaint between Defendants Barlow and Stander, including electronic mail and text messages from their personal and State-issued cellular phones, written or received by any employee of NYSOPWDD regarding, relating to, or referencing Plaintiff's complaints to Defendants Barlow or Stander regarding any issues with Defendant Dominie.

**Response: Defendants object to this demand on the ground that it is vague, unduly broad and burdensome, and appears to seek documents outside of defendants' control. *Defendants do not have access to the text of any text messages sent or received from state-issued cell phones. Defendants have provided plaintiff with the phone numbers and carriers for Barlow's and Stander's state-issued cell phones to allow plaintiff to subpoena the carriers. Dominie did not have a state-issued cell phone. Without waiving said objections, responsive documents appear in the ESI produced by defendants and in the supplemental disclosures provided herewith.***

We have no Lynx messages or text messages produced in response to this request, to the extent there are responsive documents in OPWDD's possession, custody or control we request that they be produced limited to the time period at issue, the carrier will not have text messages available for this time period that can be subpoenaed, and it should not be incumbent on Plaintiff to have to subpoena the text messages if on state issued phones.  It is also concerning that OPWDD does not have access to these text messages as they are their employees' phones.

12. Provide any and all correspondence and/or other documents written or received by Alexis Barlow, Liam Stander, or Chad Dominie regarding, relating to, or referencing Plaintiff, including electronic mail and text messages from their personal and State-issued cellular phones.

**Defendants object to this demand on the ground that it is vague, unduly broad and burdensome, and appears to seek documents outside of defendants' control. *Defendants do not have access to the text of any text messages sent or received from state-issued cell phones. Defendants have provided plaintiff with***

> *the phone numbers and carriers for Barlow's and Stander's state-issued cell phones to allow plaintiff to subpoena the carriers. Dominie did not have a state-issued cell phone. The State Defendants do not control the individual Defendants' personal cell phones.*

Refer to response to No. 11.

> 16. Provide any and all written or electronic communications between Defendants Stander, Barlow and/or Dominie including but not limited to emails, text messages from State-issued cellular phones, Facebook or other social media messages or postings, or instant messages relating to the use, sale or possession of illegal drugs.

> **Defendants object to this demand on the ground that is unduly broad and burdensome and to the extent that it seeks electronic information not in the control of defendants, including but not limited to, data and documents controlled by facebook, and text data controlled by telecommunications providers. Without waiving said objections, *after diligent search, defendants have discovered no responsive documents.***

Refer to Response to No. 11.

> 18.    Provide a copy of any and all surveillance footage, badge swipes, clock rings, visitor logs or other information maintained by NYSOPWDD to monitor when an individual has entered or exited the Glens Falls office.

> **Response: Defendants object to this demand on the ground that it is temporally unbounded. Without waiving said objection, *after diligent search, defendants discovered no responsive documents.***

We have testimony that some of this information was required at OPWDD's Glens Falls office. We request that responsive documents be produced for the time period of the sexual harassment claims in 2016/2017, if available.

> 20.    Provide copies of any and all complaints or reports made by any employee at NYSOPWDD's Glens Falls office in which allegations of sex-based harassment and/or a hostile work environment were raised.

> **Response: Defendants object to this demand on the ground that it seeks confidential information and is temporally unbounded. Without waiving said objections, *after diligent search, defendants discovered no responsive documents.***

We are aware that Ms. Tromblee made a complaint, therefore, we are confused as to this response. Also, to the extent there were other complaints, responsive documents should be produced.

*Tromblee v. State of New York, et al.,*
**Case Number: 1:19-cv-00638-BKS-CFH**
*Outstanding Discovery Requests*

In sum, Plaintiff requests that Defendants New York State/OPWDD produce prior to the deadline for discovery set for November 19, 2021: (i) the aforementioned documents identified during the depositions; (ii) documents that have yet to be produced in response to the other discovery requests noted above from Plaintiff's original and first supplemental requests for production dated February 3, 2020, and September 2, 2020, respectively; and (iii) the identity of a new representative from OPWDD who will testify as to the topics listed in Plaintiff's Notice of Rule 30(b)(6) Deposition dated May 20, 2021, and Attachment A to Scott Geer's subpoena dated October 12, 2021.

Thank you for your time and attention to this matter.

Very truly yours,

Kathryn Barcroft

cc:     Benjamin W. Hill, Esq.
        Capezza Hill LLP
        Attorneys for Defendant Liam Stander
        30 South Pearl Street, Suite P-110
        Albany, New York 12207
        ben@capezzahill.com

        Ryan T. Donovan, Esq.
        Harris, Conway and Donovan, PLLC
        Attorney for Defendant Alexis Barlow
        50 State Street, 2nd Floor
        Albany, New York, 12207
        RDonovan@HCDLegal.com

        William White, Esq.
        Brennan & White, LLP
        Attorneys for Defendant, Chad Dominie
        163 Haviland Road
        Queensbury, New York 12804
        wjwhite163@gmail.com

EXHIBIT 8

```
1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF NEW YORK
    -------------------------------------------------
3   MARY TROMBLEE,

4                   Plaintiff,

5                                    1:19-cv-00638
                                     (LEK-CFH)
6            -against-

7
    THE STATE OF NEW YORK, NEW YORK STATE OFFICE
8
    OF PEOPLE WITH DEVELOPMENTAL DISABILITIES,
9
    CHAD DOMINIE, Individually and in his capacity
10
    as a Keyboard Specialist/Secretary for the
11
    Office of People with Developmental
12
    Disabilities at the Glens Falls Facility;
13
    LIAM STANDER, Individually and in his capacity
14
    as a Treatment Team Leader and Supervisor for
15
    the Office of People with Developmental
16
    Disabilities at the Glens Falls Facility;
17
    ALEXIS BARLOW, Individually and in her
18
    Capacity as a Treatment Team Leader and
19
    Supervisor for the Office of People with
20
    Developmental Disabilities at the Glens Falls
21
    Facility,
22
                        Defendants.
23  -------------------------------------------------
```

1      what did he send you related to Marsha

2      Marcott?

3  A.  There's some sort of document in there

4      about an investigation; her name was

5      mentioned.

6  Q.  Were you on that email or document?

7  A.  No.

8  Q.  Do you know why Bob Rock sent it to you?

9  A.  No.

10 Q.  And before that, you did not have any

11     knowledge of the investigation?

12 A.  No.

13 Q.  And are you aware whether you were in any

14     emails in the investigation?

15 A.  Not that I'm aware of.

16 Q.  Were you ever asked by the State of New

17     York to search your emails?

18 A.  No.

19 Q.  That's consistent today, you still have

20     not been asked --

21 A.  -- no.

22 Q.  ... to search your emails?

23 A.  No.

1   **Q.**  Were you ever asked to search your
2       telephone?

3   **A.**  No.

4   **Q.**  Were you ever asked to search your Instant
5       Messaging?

6   **A.**  No.

7   **Q.**  Do you recall what the document was that
8       you actually reviewed?

9   **A.**  No.

10  **Q.**  How many days ago did you review it?

11  **A.**  I'm sorry?

12  **Q.**  How many days ago did you review it?

13  **A.**  I actually read through it yesterday, but
14      I can't remember what it was titled.

15  **Q.**  And did you meet with your attorney
16      yesterday?

17  **A.**  No.

18  **Q.**  He just sent documents to you?

19  **A.**  Yeah.

20  **Q.**  Do you know whether it was an email or
21      investigation memo?

22  **A.**  What?

23  **Q.**  The information related to Marcott.

EXHIBIT 9

**From:** "Haner, Brittany" <Brittany.Haner@ag.ny.gov>
**Date:** November 30, 2021 at 11:28:22 AM EST
**To:** "Rock, Robert" <Robert.Rock@ag.ny.gov>, Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Cc:** Ariel Solomon <asolomon@fedemploylaw.com>
**Subject: Re: Tromblee v. NYS, OPWDD, et al.  Letter Regarding 30b6 Deponent/Outstanding Discovery -- NYS and NYSOPWDD Discovery**


I expect to be available and will join tomorrow.

---

**From:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Sent:** Tuesday, November 30, 2021 11:13 AM
**To:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Cc:** Ariel Solomon <asolomon@fedemploylaw.com>; Haner, Brittany <Brittany.Haner@ag.ny.gov>
**Subject:** Re: Tromblee v. NYS, OPWDD, et al. Letter Regarding 30b6 Deponent/Outstanding Discovery -- NYS and NYSOPWDD Discovery

Thanks Kathryn.

Get Outlook for iOS

---

**From:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Sent:** Tuesday, November 30, 2021 11:04:14 AM
**To:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Cc:** Ariel Solomon <asolomon@fedemploylaw.com>; Haner, Brittany <Brittany.Haner@ag.ny.gov>
**Subject:** Re: Tromblee v. NYS, OPWDD, et al. Letter Regarding 30b6 Deponent/Outstanding Discovery -- NYS and NYSOPWDD Discovery

Bob,

3 pm tomorrow is fine for me. I look forward to speaking with you and Brittany then.

Thank you,
Kathryn

On Nov 30, 2021, at 10:51 AM, Rock, Robert <Robert.Rock@ag.ny.gov> wrote:

Kathryn,

I am anxious to speak with you to resolve the outstanding discovery issues. I am available to have such a discussion with you by telephone later today, say 3:30 or 4:00 or after 3:00 tomorrow. If you want me to be fully prepared on all the issues recited in your email, however, I would suggest that tomorrow at 3:00 is going to be the more appropriate time as I have extensive papers due today in two other matters and a further response and a court conference tomorrow morning.

If you wish to start this afternoon and conclude tomorrow afternoon, I would be happy to offer that as an alternative as well but we could probably resolve all, or agree that we can't resolve some, issues in one call tomorrow.  I do not think that it is necessary to have the other defense counsel involved, although I would like to invite my colleague, AAG Brittany Haner, to participate if she is available.

Kind regards,
Bob

**Robert J. Rock**
Assistant Attorney General
New York State Office of the Attorney General
Litigation Bureau
The Capitol
Albany, New York 12224
Telephone: (518)776-2603
Fax: (518) 915-7738
Email: RRock@ag.ny.gov

---

**From:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Sent:** Tuesday, November 30, 2021 9:50 AM
**To:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Cc:** Ariel Solomon <asolomon@fedemploylaw.com>
**Subject:** Tromblee v. NYS, OPWDD, et al. Letter Regarding 30b6 Deponent/Outstanding Discovery -- NYS and NYSOPWDD Discovery

> [EXTERNAL]

Bob,

Please let me know your availability for telephone call today or Wednesday regarding Plaintiff's good faith letter sent to you on November 15 (see below) concerning outstanding discovery (we have received no response) and the 30b6 deponent scheduled for this Friday (we would like to confirm that the deponent has the requisite knowledge of all of the topics listed given the ITS deponent's lack of knowledge of any 30b6 topic at the last deposition).  During the call, we would also like to discuss the State Defendants' response to Plaintiff's Second Supplemental Document Requests which was due on November 18. To date, we have not received any written response to

the requests or additional supplemental production as addressed in the attached emails with Chris Liberati-Conant.

During the call, we would like to continue to make a good faith efforts to resolve the issues relating to NYS/NYSOPWDD's discovery prior to seeking court intervention.  If you could be prepared to confer in detail concerning the discovery issues raised to eliminate or reduce any areas of controversy to arrive at a mutually satisfactory resolution that would be helpful. Given the lack of any type of response we believe that a phone call is necessary. If our telephone conference does not fully resolve the discovery issues, we may need to request a court conference with the Judge Hummel pursuant to NDNY Local Rule 37.1.

Please let me know some proposed times that work for you on these days. Since the discovery that is outstanding and the 30b6 deponent concerns NYS/NYSOPWDD I addressed the request to you.  If you prefer to have all defense counsel on the call I would request that you coordinate with them regarding proposed times today or Wednesday. Also, can you confirm whether the 30b6 deponent will testify in person and whether that deposition will be in Glens Falls if Ms. Secor is being deposed there Friday morning.

Thank you,

**Kathryn L. Barcroft, Esq.**
Partner & Chair of the Private Sector Employment Division

<image003.jpg>


Albany, NY | New York, NY | Washington, DC

P:  866.833.3529
D:  646.475.3118
F:  202.688.1896
www.fedemploylaw.com

Confidentiality / Privilege Notice: This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged or otherwise protected from disclosure. The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.  Admitted in New York State.

---

**From:** Kathryn Barcroft
**Sent:** Monday, November 15, 2021 1:51 PM
**To:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Cc:** Ariel Solomon <asolomon@fedemploylaw.com>; Ryan T. Donovan <RDonovan@hcdlegal.com>; Ben Hill <Ben@capezzahill.com>; William J. White <wjwhite163@gmail.com>

**Subject:** Tromblee v. NYS, OPWDD, et al. Letter Regarding 30b6 Deponent/Outstanding Discovery

Bob,

Please see the attached letter.

Thank you,
Kathryn

**Kathryn L. Barcroft, Esq.**
Partner & Chair of the Private Sector Employment Division

<image003.jpg>

Albany, NY | New York, NY | Washington, DC

P:  866.833.3529
D:  646.475.3118
F:   202.688.1896
www.fedemploylaw.com

Confidentiality / Privilege Notice: This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged or otherwise protected from disclosure. The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.  Admitted in New York State.

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

EXHIBIT 10

**From:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Date:** December 7, 2021 at 3:52:38 PM EST
**To:** "Rock, Robert" <Robert.Rock@ag.ny.gov>
**Cc:** Ariel Solomon <asolomon@fedemploylaw.com>
**Subject: Attachments to the Sheehan Report**

Bob, Another important category of documents that are missing are all of the attachments to Ms. Sheehan's various reports.  She references several documents that are attached but we have none of the attachments.  I had mentioned this to Chris.  I know that you mentioned you are reviewing emails, can you please also make sure that all of the attachments referenced in Ms. Sheehan's report are also produced as part of the State's next production.

Kathryn L. Barcroft, Esq.
Partner & Chair of the Private Sector Employment Division

<!--[if !vml]--><!--[endif]-->

SOLOMON LAW FIRM PLLC

Albany, NY | New York, NY | Washington, DC

P:  866.833.3529
D: 646.475.3118
F:  202.688.1896
www.fedemploylaw.com

Confidentiality / Privilege Notice: This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged or otherwise protected from disclosure. The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.  Admitted in New York State.

EXHIBIT 11

**From:** "Rock, Robert" <Robert.Rock@ag.ny.gov>
**Date:** December 28, 2021 at 6:13:44 PM EST
**To:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Cc:** Ariel Solomon <asolomon@fedemploylaw.com>
**Subject: Re: Tromblee**


I realize that Kathryn and I am certainly hopeful of getting you the documents today.

Get Outlook for iOS

---

**From:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Sent:** Tuesday, December 28, 2021 5:47:08 PM
**To:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Cc:** Ariel Solomon <asolomon@fedemploylaw.com>
**Subject:** RE: Tromblee

[EXTERNAL]

Bob,

The Judge had set a deadline of today for NYS to produce all documents and I am required to make any motion to compel by January 3rd (no extensions) which is a tight deadline to review what has been produced and draft a potential motion.  Will we have all of the documents today?

---

**From:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Sent:** Tuesday, December 28, 2021 4:52 PM
**To:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Cc:** Ryan T. Donovan <RDonovan@hcdlegal.com>; Ben Hill <Ben@Capezzahill.com>; William J. White <wjwhite163@gmail.com>
**Subject:** Tromblee

Kathryn,

I am still awaiting the additional documents that have been gathered and are being prepared by my colleague.  I will forward them to you as soon as I have them.  In the meantime, I wanted to disclose to you that the additional 30(b)(6) witness would be Jodi Fisher.  I suspect that you will want to set up her deposition as soon as possible so get me over some dates and I will get this confirmed.

Bob

**Robert J. Rock**
Assistant Attorney General
New York State Office of the Attorney General
Litigation Bureau
The Capitol
Albany, New York 12224
Telephone: (518)776-2603
Fax: (518) 915-7738
Email: RRock@ag.ny.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

**Subject:**          FW: Activity in Case 1:19-cv-00638-BKS-CFH Tromblee v. The State of New York et al Discovery
                      Hearing

**From:** ecf.notification@nynd.uscourts.gov
**Date:** December 27, 2021 at 2:47:48 PM EST
**To:** NYND_ECFQC@nynd.uscourts.gov
**Subject: Activity in Case 1:19-cv-00638-BKS-CFH Tromblee v. The State of New York et al Discovery
Hearing**

This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys
of record and parties in a case (including pro se litigants) to receive one free electronic copy of all
documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees
apply to all other users.  To avoid later charges, download a copy of each document during this first
viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not
apply.

U.S. District Court Northern District of New York - Main Office (Syracuse)  [NextGen CM/ECF Release  1.6
(Revision 1.6.2)]

Notice of Electronic Filing
The following transaction was entered on 12/27/2021 2:46 PM EST and filed  on 12/21/2021

Case Name: Tromblee v. The State of New York et al
Case Number: 1:19-cv-00638-BKS-CFH https://ecf.nynd.uscourts.gov/cgi-bin/DktRpt.pl?119582

Filer:

Document Number:

Copy the URL address from the line below into the location bar of your Web browser to view the
document:
No document attached

Docket Text:
Minute Entry for proceedings held before Magistrate Judge Christian F. Hummel:  Discovery
Hearing  held on 12/21/2021.  Appearances by Kathryn Lynne Barcroft, Esq. for plaintiff; Robert J. Rock,
AAG for NYS; William J. White, Esq, for Deft Dominie; Tom Capezza, Esq. for Deft Stander; Ryan T.
Donovan, Esq. for Deft Barlow. The Court addresses Plaintiff's letter request at Dkt. no. 121 and grants
the extension to file plaintiff's rebuttal report for economic witness until 12/23/2021.
Deft OPWDD is to serve it's discovery responses to plaintiff and to identify any additional 306b witnesses
by 12/28/2021. Plaintiff is permitted to file a motion to compel on or before 1/3/2022; any response to
be filed  by 1/11/2022. The dispositive motion filing deadline is extended to 2/18/2022  (Court Reporter
FTR Recorded)  (tab)

1:19-cv-00638-BKS-CFH Notice has been electronically mailed to:

Ariel E. Solomon
  asolomon@fedemploylaw.com

Benjamin W. Hill
  ben@capezzahill.com, areuter@capezzahill.com

Christopher  Liberati-Conant  (Terminated)
  christopher.liberati-conant@ag.ny.gov, John.Moore@ag.ny.gov

Ira B. Lobel
(Terminated)   iralobel@gmail.com

Joseph  R. Brennan
  brennanbwllp@albany.twcbc.com

Kathryn Lynne Barcroft
  kbarcroft@fedemploylaw.com

Michael C. Conway
  mcconway@capitalregionlaw.com, PB@hcdlegal.com

Nicholas Luke Zapp
  NZapp@HCDlegal.com

Robert  C. Tietjen
  rtietjen@hcdlegal.com

Robert J. Rock
  Robert.Rock@ag.ny.gov, federal.papers@ag.ny.gov, William.Scott@ag.ny.gov

Ryan E. Manley
  rmanley@hcdlegal.com

Ryan  T. Donovan
  RDonovan@HCDLegal.com, PB@hcdlegal.com, rmanley@capitalregionlaw.com

William J. White
  wjwhite163@gmail.com


1:19-cv-00638-BKS-CFH Notice has been delivered by other means to:

EXHIBIT 12



1330 Avenue of the Americas
Suite 23A
New York, NY 10019

••••

300 Great Oaks Blvd., Suite 312
Albany, NY 12203

••••

1025 Connecticut Ave, NW
Suite 1000
Washington, DC 20036

P:  1-866-8-FedLaw
F:  (202) 688-1896
attorneys@fedemploylaw.com

ADMITTED TO PRACTICE
IN NEW YORK STATE

**Via E-Mail: Kyle.Sturgess@ag.ny.gov**

December 4, 2020

Kyle W. Sturgess
Assistant Attorney General
Attorney for Defendant State of New York
and NYS Office of People with Developmental Disabilities
Litigation Bureau – Third Floor
The Capitol
Albany, New York 12224

RE:   ***Tromblee v. New York State, et al.,***
      **Case Number: 1:19-cv-00638-LEK-CFH**

Dear Mr. Sturgess,

Enclosed please find Plaintiff Mary Tromblee's Notice of Rule30(b)(6) Deposition of Defendant NYSOPWDD.

Thank you for your time and attention to this matter.

Very truly yours,

Kathryn Barcroft, Esq.
kbarcroft@fedemploylaw.com

Enclosure

cc:   Benjamin Hill, Esq.
      Capezza Hill LLP
      Attorneys for Defendant Liam Stander
      30 South Pearl Street, Suite P-110
      Albany, New York 12207
      ben@capezzahill.com

      Ryan T. Donovan, Esq.
      Harris, Conway and Donovan, PLLC
      Attorney for Defendant Alexis Barlow
      50 State Street, 2nd Floor
      Albany, New York, 12207
      RTDonovan@CapitalRegionLaw.com

William J. White, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
wjwhite163@gmail.com

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK
‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

MARY TROMBLEE,

                              Plaintiff,

                v.

                                        Civil Action No.:
                                        1:19-CV-0638 (LEK/CFH)

THE STATE OF NEW YORK, et al.,

                            Defendants.

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

### PLAINTIFF MARY TROMBLEE'S NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT NYSOPWDD

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Mary Tromblee, by and through her undersigned counsel, will take the deposition upon oral examination of the person(s) designated by Defendant NYSOPWDD, c/o Kyle Sturgess, Esq., Litigation Bureau – Third Floor, the Capitol, Albany, New York 12224, with respect to the topics set forth below. The deposition will take place **on January 18, 2021 commencing at 10:00 a.m.** before a Notary Public or other person authorized by law to administer oaths. The deposition will be conducted by videoconference and will be recorded by stenographic/audio means and/or videotaped and may also be recorded by instant visual display using real-time transcription software. You are invited to attend and cross-examine.

Defendant shall provide Plaintiff's counsel with written notice at least ten (10) business days before the date of the deposition of the name(s) and title(s) of the designee(s) who will testify on Defendant's behalf and shall identify the matters to which each designee will testify. Plaintiff reserves the right to seek relief from the court in the event that the designated deponent is not properly prepared to testify on behalf of NYSOPWDD with respect to each of the identified topics.

## DEFINITIONS

1. Plaintiff incorporates by reference the Local Rules for Northern District of New York and the Definitions set forth in Plaintiff's First Set of Interrogatories and Document Requests to Defendant, served on February 3, 2020.

2. "Plaintiff" means all persons or entities who have commenced the within action and remain in the caption thereof.

3. "Dominie" or "Mr. Dominie" shall be deemed to refer to Defendant CHAD DOMINIE.

4. "Barlow" or "Ms. Barlow" shall be deemed to refer to Defendant ALEXIS BARLOW.

5. "Stander" or "Mr. Stander" shall be deemed to refer to Defendant LIAM STANDER

6. "NYSOPWDD" "you," or "your" means Defendant NEW YORK STATE OFFICE OF PEOPLE WITH DEVELOPMENTAL DISABILITIES, its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

7. "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmissions.

8. "Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

9. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

10. The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the topic all responses that might otherwise fall outside the scope of the topic.

11. The terms "all," "any," or "each" encompass any and all of the matter discussed.

12. The use of the singular form of any word includes plural and vice versa.

## DEPOSITION TOPICS

**TOPIC NO. 1:** NYSOPWDD's structure, including type of entity, size, and relationships to other agencies.

**TOPIC NO. 2:** The structure of NYSOPWDD's human resources department, including number of employees, names, educational background, and reporting relationships from May 2016 through the present.

**TOPIC NO. 3:** The creation, adoption, amendment and implementation of NYSOPWDD's personnel manual/equal employment opportunity policy/anti-discrimination policy/anti-

2

harassment policy from May 2016 through the present, including the individuals involved, the dates the policy was created, adopted, amended or implemented, and the process for amending or revising the policy.

**TOPIC NO. 4:** Policies, procedures, and practices for enforcing NYSOPWDD's anti-discrimination/anti-harassment/anti-retaliation policies, including the process for reporting, investigating, and resolving complaints of discrimination, harassment, or retaliation.

**TOPIC NO. 5:** Policies, procedures, and practices for reporting, investigating, and resolving complaints of discrimination, harassment, and/or retaliation through the Governor's Office of Employee Relations.

**TOPIC NO. 6:** NYSOPWDD's policies and procedures for recruiting and hiring employees in effect from May 2016 through the present, including how and where NYSOPWDD advertises vacancies; how NYSOPWDD selects candidates to interview or hire; what other methods NYSOPWDD uses to assess candidates; and what records NYSOPWDD keeps about successful and unsuccessful applicants.

**TOPIC NO. 7:** Information about the positions of Plaintiff, Chad Dominie, Liam Stander, and Alexis Barlow, including job descriptions and the minimum, required, or desirable qualifications for each position.

**TOPIC NO. 8:** NYSOPWDD's policies, procedures, and practices for conducting performance reviews and making decisions regarding exit from NYSOPWDD, including suspension and termination and the process for the same from May 2016 through the present, changes to such policies, procedures, and practices since May 2016, and the decision makers involved, including those who provided input and those who had final authority.

**TOPIC NO. 9:** Policies, procedures, and practice regarding the orientation and training of new employees, the materials provided new employees during orientation or training, and the staff involved in orientation or training.

**TOPIC NO. 10:** Training that NYSOPWDD has provided its officers, directors, managers, supervisors, and employees regarding how to handle, report, process, or otherwise address claims of discrimination, harassment, or retaliation, the materials provided to attendees during any training, the frequency and timing of such training, and the staff involved in providing such training from May 2016 through the present.

**TOPIC NO. 11:** Formal or informal complaints of discrimination on the basis of sex/gender made by any NYSOPWDD employee, including Plaintiff, at its Glens Falls location from May 2016 through the present, including formal and informal internal complaints, complaints filed with the Equal Employment Opportunity Commission (EEOC), and lawsuits.

**TOPIC NO. 12:** NYSOPWDD's knowledge of the criminal charges filed against Mr. Dominie on October 25, 2017, his subsequent arrest on November 28, 2017, and the fact that Mr.

3

Dominie plead guilty to Harassment in the Second Degree on April 16, 2018 and process for suspension or termination based on same.

**TOPIC NO. 13:** NYSOPWDD's knowledge of statements made by Mr. Dominie to the Associated Press in or around March 2019 and the allegations of other women against Mr. Dominie prior to Ms. Tromblee's employment at NYOPWDD and inaction by supervisors as referenced therein.

**TOPIC NO. 14:** NYSOPWDD's knowledge of Plaintiff's opposition to testify at Mr. Dominie's disciplinary hearing, including her ongoing mental anguish and stress related to these matters, but her being required to testify.

**TOPIC NO. 15:** NYSOPWDD's knowledge surrounding the retaliatory actions taken against Amanda Tromblee, Aubrey Shrestha, and Marcia Marcotte as a result of Plaintiff's allegations.

**TOPIC NO. 16:** The actions taken by NYSOPWDD to address, mitigate, or resolve the discrimination and retaliation faced by Plaintiff and her family as described in the Amended Complaint, if any.

**TOPIC NO. 17:** NYSOPWDD's personnel or human resource information system used from December 2016 through the present, including:

a. The name of each computer file, database, or software program that contains the employer's payroll or human resource information system.
b. The name, model number, operating system, configuration, and location of the computer(s) used to access or run the payroll or human resource information system.
c. The date on which NYSOPWDD began using the database or program, upgrade history, and if the database or program is no longer in use, the date it was discontinued.
d. The name of the predecessor or successor database or program, if any.
e. How the database or program is stored, backed up, or archived.
f. The number, names, and description of each record in the database and how each record is generated.
g. The documentation for the database or software programs, including file layouts and field formats.
h. The individuals responsible for entering or accessing information in the database or program.
i. Titles and descriptions of reports or analyses that can be or have been generated from the database or software program, including the individuals who are responsible for running reports or analyses; the frequency with which reports or analyses are run; and the purpose and use of each report or analysis.

**TOPIC NO. 18:** NYSOPWDD's record-keeping and document retention policies, procedures, and practices.

**TOPIC NO. 19:** The facts upon which Defendant bases its affirmative defenses as described in its Answer dated September 10, 2019.

**TOPIC NO. 20:** The facts and circumstances concerning NYSOPWDD's collection and production of documents in this litigation.

**TOPIC NO. 21:** The legal hold process including all details of that policy and specific steps that were taken in this case to implement the hold.

**TOPIC NO. 22:** The nature, structure, and format of the information stored in NYSOPWDD's database or systems.

**TOPIC NO. 23:** Personnel employed to conduct the electronically stored information review, including their qualifications, experience, and training.

**TOPIC NO. 24:** The manner or methods used to cull the electronically stored information prior to review (including de-duping, date range exclusion, and other mechanisms, as well as the search criteria for inclusion or exclusion in review and how the search criteria was developed, including potential use of subject matter experts to flush out search terms).

**TOPIC NO. 25:** The process for testing and refining search terms used as well as any testing or sampling conducted on electronically stored information not retrieved.

**TOPIC NO. 26:** How the collection process was managed and conducted.

**TOPIC NO. 27:** The duplication and export capabilities of each database or system.

**TOPIC NO. 28:** The ability to search and export potentially responsive data from all media to be searched.

**TOPIC NO. 29:** The methods used to conduct review of the electronically stored information including review application(s) used and workflow associated with the review process.

**TOPIC NO. 30:** Use of technology to assist with the review, such as clustering, predictive coding, and near-duplicate identification.

**TOPIC NO. 31:** Methodology for determining privileged electronically stored information.

**TOPIC NO. 32:** Methodology for organizing and verifying the production, including confirmation of file counts and spot QC checks of produced files for content.

**TOPIC NO. 33:** The total volume of electronically stored information collected, reviewed, and produced.

**TOPIC NO. 34:** The identity of current or former employees who may be in possession of media or electronically stored information relating to the issues in the case.

**TOPIC NO. 35:** The name, address and phone numbers for all custodians of the documents produced by NYSOPWDD in response to discovery requests in this case.

**TOPIC NO. 36:** The nature of all responsive documents, communications, or things that have been withheld, in response to all discovery requests in this case, on the ground of privilege or protection, including:

a. A description of any documents;
b. The author of any documents and his or her address(es) and phone number(s);
c. The identity of the custodian of any documents and things and his or her address(es) and phone number(s);
d. The date the document was created and the person(s) to whom the document or copies were transmitted; and,
e. A summary of the contents of each document, communication, or thing.

**TOPIC NO. 37:** Identification of all investigation reports, photographs (moving or still), videotapes, or other documents of any kind which reflect or relate to the occurrence which gives rise to Plaintiff's claims or Defendant's contentions in this action or any of the facts or circumstances upon which Plaintiff's claims or Defendant's contentions are based.

**TOPIC NO. 38:** Identification of all written or otherwise recorded statements in connection with the subject matter of this litigation.

**TOPIC NO. 39:** The process for approving timecards at NYSOPWDD in or about November 2017 through 2018.

DATED: December 4, 2020

Respectfully Submitted,

SOLOMON LAW FIRM, PLLC

BY: _Kathryn Barcroft_____

Kathryn Barcroft, Esq.
Ariel E. Solomon, Esq.
Attorneys for Plaintiff
300 Great Oaks Blvd Ste 312
Albany, New York 12203
Telephone: (866) 833-352
kbarcroft@fedemploylaw.com
asolomon@fedemploylaw.com

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
MARY TROMBLEE,

                              Plaintiff,

     -against-

STATE OF NEW YORK, et al.,

                              Defendants.
------------------------------------------------------------

**CERTIFICATE OF SERVICE**

Case No. 1:19-CV-0638 (LEK/CFH)

STATE OF NEW YORK )
COUNTY OF ALBANY )ss:

I hereby certify that a copy of the foregoing **Plaintiff Mary Tromblee's Notice of Rule30(b)(6) Deposition of Defendant NYSOPWDD** was served this **4th day of December 2020** by Email on the following:

Kyle W. Sturgess
Assistant Attorney General
Attorney for Defendant State of New York
and NYS Office of People with Developmental
Disabilities
Litigation Bureau – Third Floor
The Capitol
Albany, New York 12224
Kyle.Sturgess@ag.ny.gov

Benjamin Hill, Esq.
Capezza Hill LLP
Attorneys for Defendant Liam Stander
30 South Pearl Street, Suite P-110
Albany, New York 12207
ben@capezzahill.com

Ryan T. Donovan, Esq.
Harris, Conway and Donovan, PLLC
Attorney for Defendant Alexis Barlow
50 State Street, 2nd Floor
Albany, New York, 12207
RTDonovan@CapitalRegionLaw.com

William J. White, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
wjwhite163@gmail.com

_____
Gina Sitcer
Solomon Law Firm, PLLC

EXHIBIT 13



1330 Avenue of the Americas
Suite 23A
New York, NY 10019
••••
300 Great Oaks Blvd., Suite 312
Albany, NY 12203
••••
1025 Connecticut Ave, NW
Suite 1000
Washington, DC 20036

P:  1-866-8-FedLaw
F:  (202) 688-1896
attorneys@fedemploylaw.com

ADMITTED TO PRACTICE
IN NEW YORK STATE

**<u>Via E-Mail: christopher.liberati-conant@ag.ny.gov</u>**

May 20, 2021

Chris Liberati-Conant
N.Y.S. Office of the Attorney General
Attorneys for NYS & NYSOPWDD
The Capitol, Justice Building 4th Fl.
Litigation Bureau
Albany, New York 12224

RE:   ***Tromblee v. New York State, et al.,***
      **Case Number: 1:19-cv-00638-LEK-CFH**

Dear Mr. Liberati-Contant,

Enclosed please find Plaintiff Mary Tromblee's Notice of Rule30(b)(6) Deposition.

Thank you for your time and attention to this matter.

Very truly yours,

Kathryn Barcroft, Esq.
kbarcroft@fedemploylaw.com

Enclosure

cc:   Benjamin Hill, Esq.
      Capezza Hill LLP
      Attorneys for Defendant Liam Stander
      30 South Pearl Street, Suite P-110
      Albany, New York 12207
      ben@capezzahill.com

      Ryan T. Donovan, Esq.
      Harris, Conway and Donovan, PLLC
      Attorney for Defendant Alexis Barlow
      50 State Street, 2nd Floor
      Albany, New York, 12207
      RDonovan@hcdlegal.com

William J. White, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
wjwhite163@gmail.com

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – –

MARY TROMBLEE,

                         Plaintiff,

       v.

                                  Civil Action No.:
                                  1:19-CV-0638 (LEK/CFH)

THE STATE OF NEW YORK, et al.,

                         Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – –

### <u>PLAINTIFF MARY TROMBLEE'S NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT NYSOPWDD</u>

         **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Mary Tromblee, by and through her undersigned counsel, will take the deposition upon oral examination of the person(s) designated by Defendant NYSOPWDD, c/o Kyle Sturgess, Esq., Litigation Bureau – Third Floor, the Capitol, Albany, New York 12224, with respect to the topics set forth below. The deposition will take place on **July 23, 2021 commencing at 10:00 a.m.** before a Notary Public or other person authorized by law to administer oaths.  The deposition shall take place at the undersigned's office located at **300 Great Oaks Blvd, Suite 312, Albany, NY 12203** and will be recorded by stenographic/audio means and/or videotaped and may also be recorded by instant visual display using real-time transcription software. Said deposition will continue day to day, excepting Saturdays, Sunday and holidays, until completed. You are invited to attend and cross-examine.

         Defendant shall provide Plaintiff's counsel with written notice at least ten (10) business days before the date of the deposition of the name(s) and title(s) of the designee(s) who will testify on Defendant's behalf and shall identify the matters to which each designee will testify. Plaintiff reserves the right to seek relief from the court in the event that the designated deponent is not properly prepared to testify on behalf of NYSOPWDD with respect to each of the identified topics.

1

## DEFINITIONS

1.  Plaintiff incorporates by reference the Local Rules for Northern District of New York and the Definitions set forth in Plaintiff's First Set of Interrogatories and Document Requests to Defendant, served on February 3, 2020.

2.  "Plaintiff" means all persons or entities who have commenced the within action and remain in the caption thereof.

3.  "Dominie" or "Mr. Dominie" shall be deemed to refer to Defendant CHAD DOMINIE.

4.  "Barlow" or "Ms. Barlow" shall be deemed to refer to Defendant ALEXIS BARLOW.

5.  "Stander" or "Mr. Stander" shall be deemed to refer to Defendant LIAM STANDER

6.  "NYSOPWDD" "you," or "your" means Defendant NEW YORK STATE OFFICE OF PEOPLE WITH DEVELOPMENTAL DISABILITIES, its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

7.  "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmissions.

8.  "Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

9.  "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

10. The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the topic all responses that might otherwise fall outside the scope of the topic.

11. The terms "all," "any," or "each" encompass any and all of the matter discussed.

12. The use of the singular form of any word includes plural and vice versa.

## DEPOSITION TOPICS

**TOPIC NO. 1:** NYSOPWDD's structure, including type of entity, size, and relationships to other agencies.

**TOPIC NO. 2:** The structure of NYSOPWDD's human resources department, including number of employees, names, educational background, and reporting relationships from May 2016 through the present.

**TOPIC NO. 3:** The creation, adoption, amendment and implementation of NYSOPWDD's personnel manual/equal employment opportunity policy/anti-discrimination policy/anti-

2

harassment policy from May 2016 through the present, including the individuals involved, the dates the policy was created, adopted, amended or implemented, and the process for amending or revising the policy.

**TOPIC NO. 4:** Policies, procedures, and practices for enforcing NYSOPWDD's anti-discrimination/anti-harassment/anti-retaliation policies, including the process for reporting, investigating, and resolving complaints of discrimination, harassment, or retaliation.

**TOPIC NO. 5:** Policies, procedures, and practices for reporting, investigating, and resolving complaints of discrimination, harassment, and/or retaliation through the Governor's Office of Employee Relations.

**TOPIC NO. 6:** NYSOPWDD's policies and procedures for recruiting and hiring employees in effect from May 2016 through the present, including how and where NYSOPWDD advertises vacancies; how NYSOPWDD selects candidates to interview or hire; what other methods NYSOPWDD uses to assess candidates; and what records NYSOPWDD keeps about successful and unsuccessful applicants.

**TOPIC NO. 7:** Information about the positions of Plaintiff, Chad Dominie, Liam Stander, and Alexis Barlow, including job descriptions and the minimum, required, or desirable qualifications for each position.

**TOPIC NO. 8:** NYSOPWDD's policies, procedures, and practices for conducting performance reviews and making decisions regarding exit from NYSOPWDD, including suspension and termination and the process for the same from May 2016 through the present, changes to such policies, procedures, and practices since May 2016, and the decision makers involved, including those who provided input and those who had final authority.

**TOPIC NO. 9:** Policies, procedures, and practice regarding the orientation and training of new employees, the materials provided new employees during orientation or training, and the staff involved in orientation or training.

**TOPIC NO. 10:** Training that NYSOPWDD has provided its officers, directors, managers, supervisors, and employees regarding how to handle, report, process, or otherwise address claims of discrimination, harassment, or retaliation, the materials provided to attendees during any training, the frequency and timing of such training, and the staff involved in providing such training from May 2016 through the present.

**TOPIC NO. 11:** Formal or informal complaints of discrimination on the basis of sex/gender made by any NYSOPWDD employee, including Plaintiff, at its Glens Falls location from May 2016 through the present, including formal and informal internal complaints, complaints filed with the Equal Employment Opportunity Commission (EEOC), and lawsuits.

**TOPIC NO. 12:** NYSOPWDD's knowledge of the criminal charges filed against Mr. Dominie on October 25, 2017, his subsequent arrest on November 28, 2017, and the fact that Mr.

3

Dominie plead guilty to Harassment in the Second Degree on April 16, 2018 and process for suspension or termination based on same.

**TOPIC NO. 13:** NYSOPWDD's knowledge of statements made by Mr. Dominie to the Associated Press in or around March 2019 and the allegations of other women against Mr. Dominie prior to Ms. Tromblee's employment at NYOPWDD and inaction by supervisors as referenced therein.

**TOPIC NO. 14:** NYSOPWDD's knowledge of Plaintiff's opposition to testify at Mr. Dominie's disciplinary hearing, including her ongoing mental anguish and stress related to these matters, but her being required to testify.

**TOPIC NO. 15:** NYSOPWDD's knowledge surrounding the retaliatory actions taken against Amanda Tromblee, Aubrey Shrestha, and Marcia Marcotte as a result of Plaintiff's allegations.

**TOPIC NO. 16:** The actions taken by NYSOPWDD to address, mitigate, or resolve the discrimination and retaliation faced by Plaintiff and her family as described in the Amended Complaint, if any.

**TOPIC NO. 17:** NYSOPWDD's personnel or human resource information system used from December 2016 through the present, including:

a. The name of each computer file, database, or software program that contains the employer's payroll or human resource information system.
b. The name, model number, operating system, configuration, and location of the computer(s) used to access or run the payroll or human resource information system.
c. The date on which NYSOPWDD began using the database or program, upgrade history, and if the database or program is no longer in use, the date it was discontinued.
d. The name of the predecessor or successor database or program, if any.
e. How the database or program is stored, backed up, or archived.
f. The number, names, and description of each record in the database and how each record is generated.
g. The documentation for the database or software programs, including file layouts and field formats.
h. The individuals responsible for entering or accessing information in the database or program.
i. Titles and descriptions of reports or analyses that can be or have been generated from the database or software program, including the individuals who are responsible for running reports or analyses; the frequency with which reports or analyses are run; and the purpose and use of each report or analysis.

**TOPIC NO. 18:** NYSOPWDD's record-keeping and document retention policies, procedures, and practices.

**TOPIC NO. 19:** The facts upon which Defendant bases its affirmative defenses as described in its Answer dated September 10, 2019.

**TOPIC NO. 20:** The facts and circumstances concerning NYSOPWDD's collection and production of documents in this litigation.

**TOPIC NO. 21:** The legal hold process including all details of that policy and specific steps that were taken in this case to implement the hold.

**TOPIC NO. 22:** The nature, structure, and format of the information stored in NYSOPWDD's database or systems.

**TOPIC NO. 23:** Personnel employed to conduct the electronically stored information review, including their qualifications, experience, and training.

**TOPIC NO. 24:** The manner or methods used to cull the electronically stored information prior to review (including de-duping, date range exclusion, and other mechanisms, as well as the search criteria for inclusion or exclusion in review and how the search criteria was developed, including potential use of subject matter experts to flush out search terms).

**TOPIC NO. 25:** The process for testing and refining search terms used as well as any testing or sampling conducted on electronically stored information not retrieved.

**TOPIC NO. 26:** How the collection process was managed and conducted.

**TOPIC NO. 27:** The duplication and export capabilities of each database or system.

**TOPIC NO. 28:** The ability to search and export potentially responsive data from all media to be searched.

**TOPIC NO. 29:** The methods used to conduct review of the electronically stored information including review application(s) used and workflow associated with the review process.

**TOPIC NO. 30:** Use of technology to assist with the review, such as clustering, predictive coding, and near-duplicate identification.

**TOPIC NO. 31:** Methodology for determining privileged electronically stored information.

**TOPIC NO. 32:** Methodology for organizing and verifying the production, including confirmation of file counts and spot QC checks of produced files for content.

**TOPIC NO. 33:** The total volume of electronically stored information collected, reviewed, and produced.

5

**TOPIC NO. 34:** The identity of current or former employees who may be in possession of media or electronically stored information relating to the issues in the case.

**TOPIC NO. 35:** The name, address and phone numbers for all custodians of the documents produced by NYSOPWDD in response to discovery requests in this case.

**TOPIC NO. 36:** The nature of all responsive documents, communications, or things that have been withheld, in response to all discovery requests in this case, on the ground of privilege or protection, including:

a. A description of any documents;
b. The author of any documents and his or her address(es) and phone number(s);
c. The identity of the custodian of any documents and things and his or her address(es) and phone number(s);
d. The date the document was created and the person(s) to whom the document or copies were transmitted; and,
e. A summary of the contents of each document, communication, or thing.

**TOPIC NO. 37:** Identification of all investigation reports, photographs (moving or still), videotapes, or other documents of any kind which reflect or relate to the occurrence which gives rise to Plaintiff's claims or Defendant's contentions in this action or any of the facts or circumstances upon which Plaintiff's claims or Defendant's contentions are based.

**TOPIC NO. 38:** Identification of all written or otherwise recorded statements in connection with the subject matter of this litigation.

**TOPIC NO. 39:** The process for approving timecards at NYSOPWDD in or about November 2017 through 2018.

DATED: May 19, 2021

Respectfully Submitted,

SOLOMON LAW FIRM, PLLC

BY: _____

Kathryn Barcroft, Esq.
Ariel E. Solomon, Esq.
Attorneys for Plaintiff
300 Great Oaks Blvd Ste 312
Albany, New York 12203
Telephone: (866) 833-352
kbarcroft@fedemploylaw.com
asolomon@fedemploylaw.com

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
MARY TROMBLEE,

                       Plaintiff,

     -against-

**CERTIFICATE OF SERVICE**

Case No. 1:19-CV-0638 (LEK/CFH)

STATE OF NEW YORK, et al.,

                      Defendants.
-------------------------------------------------------------
STATE OF NEW YORK )
COUNTY OF ALBANY )ss:

I hereby certify that a copy of the foregoing **Plaintiff Mary Tromblee's Notice of Rule30(b)(6) Deposition of Defendant NYSOPWDD** was served this **20ᵗʰ day of May 2021** by Email on the following:

Chris Liberati-Conant
N.Y.S. Office of the Attorney General
Attorneys for NYS & NYSOPWDD
The Capitol, Justice Building 4th Fl.
Litigation Bureau
Albany, New York 12224
christopher.liberati-conant@ag.ny.gov

Benjamin Hill, Esq.
Capezza Hill LLP
Attorneys for Defendant Liam Stander
30 South Pearl Street, Suite P-110
Albany, New York 12207
ben@capezzahill.com

Ryan T. Donovan, Esq.
Harris, Conway and Donovan, PLLC
Attorney for Defendant Alexis Barlow
50 State Street, 2nd Floor
Albany, New York, 12207
RDonovan@hcdlegal.com

William J. White, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
wjwhite163@gmail.com

_____
Gina Sitcer
Solomon Law Firm, PLLC

EXHIBIT 14



1330 Avenue of the Americas
Suite 23A
New York, NY 10019

••••

300 Great Oaks Blvd., Suite 312
Albany, NY 12203

••••

1025 Connecticut Ave, NW
Suite 1000
Washington, DC 20036

P:  1-866-8-FedLaw
F:  (202) 688-1896
attorneys@fedemploylaw.com

ADMITTED TO PRACTICE
IN NEW YORK STATE

**Via E-Mail: david.green@ its.ny.gov**
**and marcy.stevens@its.ny.gov**

October 12, 2021

David Green, Associate Counsel
Marcy Stevens, Chief General Counsel
New York State Office of Information Technology Services
Division of Legal Affairs
Empire State Plaza, Core 4, 2nd Fl – Suite 2406
Albany, NY 12220

RE:    *Tromblee v. New York State, et al.,*
        **Case Number: 1:19-cv-00638-LEK-CFH**

Dear Mr. Green and Ms. Stevens,

We have been advised by Chris Liberati-Contant, Attorney for New York State and the Office for People with Developmental Disabilities, that your office will accept service of a subpoena in the above matter on behalf of ITS employee Scott Geer.  Accordingly, please find Plaintiff Mary Tromblee's Subpoena to be served upon Mr. Geer, to testify at a deposition in connection with the above-referenced case on November 12, 2021 starting at 10:00 a.m.  We would ask that Mr. Geer come to this deposition with a copy of any and all documents as set forth in Attachment A to the Subpoena.  By copy of this correspondence, I am serving a copy of this subpoena on counsel for all Defendants.

Thank you for your time and attention to this matter.

Very truly yours,

Kathryn Barcroft, Esq.
kbarcroft@fedemploylaw.com

Enclosure

cc:    Chris Liberati-Conant
        N.Y.S. Office of the Attorney General
        Attorneys for NYS & NYSOPWDD
        The Capitol, Justice Building 4th Fl.
        Litigation Bureau
        Albany, New York 12224
        christopher.liberati-conant@ag.ny.gov

Benjamin Hill, Esq.
Capezza Hill LLP
Attorneys for Defendant Liam Stander
30 South Pearl Street, Suite P-110
Albany, New York 12207
ben@capezzahill.com

Ryan T. Donovan, Esq.
Harris, Conway and Donovan, PLLC
Attorneys for Defendant Alexis Barlow
50 State Street, 2nd Floor
Albany, New York, 12207

William J. White, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
wjwhite163@gmail.com

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

| Mary Tromblee | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| State of New York, et al | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:19-cv-00638-LEK-CFH

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Scott Geer, New York State Office of Information Technology Services

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Solomon Law Firm, PLLC<br>300 Great Oaks Blvd, Suite 312<br>Albany, NY 12203 | Date and Time:<br><br>11/12/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:     Certified Court Reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/12/2021

CLERK OF COURT

OR     *Kathryn Barcroft*

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
 Plaintiff Mary Tromblee
_____ , who issues or requests this subpoena, are:
Kathryn Barcroft, Esq., 300 Great Oaks Blvd., Suite 312, Albany, NY 12203; Phone: 866-833-3529
Email: kbarcroft@fedemploylaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

*Tromblee v. State of New York, et. al.*
Civil Action No. 1:19-CV-0638 (LEK/CFH)


# ATTACHMENT A

Please provide the following:

1. Documents concerning NYSOPWDD's personnel or human resource information system used from December 2016 through the present.

2. Documents concerning the identifying name of each computer file, database, or software program that contains the employer's human resource information system.

3. Documents concerning the date on which NYSOPWDD began using the database or program, upgrade history, and if the database or program is no longer in use, the date it was discontinued.

4. Any and all documents concerning how NYSOPWDD's database or program is stored, backed up, or archived.

5. Any and all documentation for the database or software programs, including file layouts and field formats.

6. Any and all documents concerning the titles and descriptions of reports or analyses that can be or have been generated for the *Tromblee v. State of New York, et. al.*Civil Action No. 1:19-CV-0638 (LEK/CFH) (the "Litigation") from NYSOPWDD's database or software program, including the individuals who are responsible for running reports or analyses of data for the litigation of the Tromblee; the dates with which reports or analyses were run.

7. Any and all documents concerning NYSOPWDD's record-keeping and document retention policies, procedures, and practices.

8. Any and all documents concerning NYSOPWDD's collection and production of documents in this Litigation including search histories, dates and hits for any and all documents collected including a list of custodians, search protocols and search terms to be utilized by ITS and the record of its search efforts – including but not limited to emails, text messages, inter-office lynx or other messages, hard copy or electronic documents, and internet history searches including efforts to produce any documents in native format.

9. Any and all documents concerning the legal hold process in connection with this Litigation including all details of that policy and specific steps that were taken in this case to implement the hold.

10. Any and all documents concerning the nature, structure, and format of the information stored in NYSOPWDD's database or systems.

*Tromblee v. State of New York, et. al.*
Civil Action No. 1:19-CV-0638 (LEK/CFH)

11. Any and all documents that reflect a record of which custodians performed searches, what search terms they used, what records they searched, and how many responsive documents were found.

12. Any and all documents concerning the personnel at ITS employed to conduct the electronically
stored information review, including their qualifications, experience, and training.

13. Any and all documents concerning the manner or methods used to cull the electronically stored information prior to review (including de-duping, date range exclusion, and other mechanisms, as well as the search criteria for inclusion or exclusion in review and how the search criteria was developed, including potential use of subject matter experts to flush out search terms).

14. Any and all documents concerning the process for testing and refining search terms used as well as any testing or sampling conducted on electronically stored information not retrieved.

15. Any and all documents concerning the collection process and how the process was managed and conducted.

16. Any and all documents concerning the duplication and export capabilities of each database or system.

17. Any and all documents concerning ITS's ability to search and export potentially responsive data from all media to be searched.

18. Any and all documents concerning the methods used to conduct review of the electronically stored information including review application(s) used and workflow associated with the review process.

19. Documents concerning the use of technology to assist with the review for documents produced in the Litigation, such as clustering, predictive coding, and near-duplicate identification.

20. Documents concerning the methodology for determining privileged electronically stored information.

21. Documents concerning the methodology for organizing and verifying the production for the Litigation, including confirmation of file counts and spot QC checks of produced files for content.

22. Documents concerning the total volume of electronically stored information collected, reviewed, and produced for the Litigation.

*Tromblee v. State of New York, et. al.*
Civil Action No. 1:19-CV-0638 (LEK/CFH)

23. Documents regarding the identity of current or former employees who may be in possession of media or electronically stored information relating to the issues in the case.

24. All inter-office messages, on Lynx or any other program, between Angela Erfelt and Chad Dominie which have the word "sex" or "fuck."

25. All inter-office messages, on Lynx or any other program, between Alexis Barlow and Liam Stander regarding Chad Dominie and his office behavior, including violent or sexual conduct, at the NYSOPWDD office.

26. All inter-office messages, on Lynx or any other program, between Alexis Barlow and Chad Dominie.

27. All inter-office messages, on Lynx or any other program, Liam Stander and Chad Dominie.

28. All documents regarding the regulation of pornographic material on NYS computers at NYSOPWDD.

29. All emails or messages between Stephen Cernak and Liam Stander concerning Chad Dominie and/or Mary Tromblee.

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:19-cv-00638-LEK-CFH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

       I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

       ❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

       ❐ I returned the subpoena unexecuted because: _____

_____ .

       Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

       $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

       I declare under penalty of perjury that this information is true.

Date: _____

                                 _____
                                        *Server's signature*

                                 _____
                                      *Printed name and title*

                                 _____
                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **12th day of October 2021** I have submitted via electronic mail the foregoing **Plaintiff's Subpoena to Testify at a Deposition in a Civil Action for Scott Geer** to all counsel of record.

David Green, Associate Counsel
Marcy Stevens, Chief General Counsel
New York State Office of Information Technology Services
Division of Legal Affairs
Empire State Plaza, Core 4, 2nd Fl – Suite 2406
Albany, NY 12220
David.Green@its.ny.gov
Marcy.stevens@its.ny.gov

Chris Liberati-Conant
N.Y.S. Office of the Attorney General
Attorneys for NYS & NYSOPWDD
The Capitol, Justice Building 4th Fl.
Litigation Bureau
Albany, New York 12224
christopher.liberati-conant@ag.ny.gov

Ryan T. Donovan, Esq.
Harris, Conway and Donovan, PLLC
Attorney for Defendant Alexis Barlow
50 State Street, 2nd Floor
Albany, New York, 12207
RDonovan@hcdlegal.com

Benjamin Hill, Esq.
Capezza Hill LLP
Attorneys for Defendant Liam Stander
30 South Pearl Street, Suite P-110
Albany, New York 12207
ben@capezzahill.com

William J. White, Esq.
Brennan & White, LLP
Attorneys for Defendant, Chad Dominie
163 Haviland Road
Queensbury, New York 12804
wjwhite163@gmail.com

Gina Sitcer, Paralegal
Solomon Law Firm, PLLC

EXHIBIT 15

**From:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Date:** December 13, 2021 at 1:17:00 PM EST
**To:** "Rock, Robert" <Robert.Rock@ag.ny.gov>
**Subject: RE: 280LTR to Judge Hummel re MTC or Extension.pdf**

Robert,

While we understand that you have other deadlines and are new to the case after a few other attorneys, the discovery period closed in this matter on November 19th and the documents/30b6 witness are the subject of request dating back for quite some time as noted in communications sent to NYS/NYSOPWDD on behalf of Plaintiff.  As we noted in prior correspondence to Judge Hummel, on November 22, 2021, you had indicated that a 30(b)(6) witness would be produced on December 3rd, outside of the discovery period, however, you then indicated that you NYS could not identify or produce a witness as the witness you thought could testify, a lawyer for NYSOPWDD, did not in fact have knowledge of the outstanding 30(b)(6) topics.  We indicated in our conversations that we still would like to depose the proper witness, even after Ms. Beitter's deposition last Thursday we requested the identity of the 30(b)(6) witness but you would not respond.  Also, we are not requesting an "additional" 30(b)(6) witness, as detailed in the prior letter to Judge Hummel, we have been seeking a witness on IT related topics since *December 2020*, and we were told it was ITS who had the requisite knowledge, not NYS/NYSOPWDD.  An ITS witness was then subpoenaed, however, the witness appeared without any knowledge of the IT topics and we were required to pay the appearance fee (NYS has not offered to reimburse the same even though you noted that you would check).  The ITS witness testified it was NYSOPWDD that had the requisite knowledge – thus, a 30(b)(6) witness from NYSOPWDD should have been identified since over a year ago.  Now, again, even after December 3rd was set for the 30(b)(6) date we still have not witness.  Additionally, I never represented that I did not know about what has not been produced which would require a 30(b)(6) deposition – in fact, as you can see in the good faith letter as well as emails that I have sent to your office, there are several documents outstanding as well as written responses that have been identified.  I pointedly referred to the same during our conversation.  Also, you did in fact state that you would give it the good college try to get the documents to us

either last Friday or today – yet, we have no further information as to when anything
will be produced or a deponent identified. We had sent a letter that we plan to e-file
last Friday and received your email response this morning.  Unfortunately, with no date
provided for the document production or a 30(b)(6) witness, we find that it is necessary
to write to the Court regarding an extension for the motion to compel and to request a
conference regarding the outstanding discovery.

Thank you,
Kathryn

---

**From:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Sent:** Monday, December 13, 2021 8:45 AM
**To:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Subject:** RE: 280LTR to Judge Hummel re MTC or Extension.pdf

Kathryn,

As I have told you, we are still in the process of attempting to collect the information
requested in your good faith letter and supplemental demands. The process was
slowed a bit last week for the Beitter deposition as well as a deposition and discovery
deadlines in other cases that I am handling. I have enlisted the assistance of one of my
colleagues on this case and she has been working on this while I have been otherwise
engaged on this and other cases.  We are doing our best to promptly provide the
responses you are looking for.  I appreciate that you have been looking for certain
things for quite a while but I would remind you that I have been involved in this case
for just over a month and the volume of discovery to date has prevented me from
determining which witnesses said that they might be able to review their emails and
text messages although we are working with the client to attempt to identify those
witnesses and see what can and cannot be obtained.

As to the additional 30(b)(6) witness, I had told you during our December 3, 2021
telephone conversation which occurred as I was driving to Glens Falls for another
deposition in this case, we are attempting to get you the information requested in your
good faith letter and supplemental demands.  I asked if you felt that there was
something that we had not produced that was causing you to requested an additional
30(b)(6) witness and your response was that you didn't know due to our lack of
response.  You further stated that if we were able to provide everything requested by
the good faith letter and supplemental demand, that might obviate the need for a
further 30(b)(6) witness.  Therefore, our focus has been on getting the responses
rather than trying to identify an additional 30(b)(6) witness.  Further, I did not at any
time tell you we would provide the responses by last Friday or today.  I was very careful
to say that I hoped to provide the responses by the 10th but that I would not make
promises that I can't keep.

If you feel compelled to write to the Judge about delays in discovery, that is most

certainly up to you.  We will continue to try to get you that answers you seek as quickly as possible. As to extending your time to bring a motion to compel, as I have previously stated, I will not oppose that request.


Bob

**Robert J. Rock**
Assistant Attorney General
New York State Office of the Attorney General
Litigation Bureau
The Capitol
Albany, New York 12224
Telephone: (518)776-2603
Fax: (518) 915-7738
Email: RRock@ag.ny.gov

---

**From:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Sent:** Friday, December 10, 2021 4:06 PM
**To:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Subject:** 280LTR to Judge Hummel re MTC or Extension.pdf

**[EXTERNAL]**
Bob,

Given that we have not received any documents today nor has a 30b6 deponent been identified we would like to file the attached letter.  We did want to send it to you prior to filing to see if you have any further update.

Thanks,
Kathryn



**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

EXHIBIT 16

:

**From:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Date:** December 29, 2021 at 12:36:38 PM EST
**To:** "Rock, Robert" <Robert.Rock@ag.ny.gov>
**Cc:** Ariel Solomon <asolomon@fedemploylaw.com>, "Haner, Brittany" <Brittany.Haner@ag.ny.gov>
**Subject: Re: Tromblee**

Please also confirm the witnesses title, employer, and confirm the witnesses knowledge of all IT topics in the 30b6 notice.

Sent from my iPhone

On Dec 29, 2021, at 12:33 PM, Kathryn Barcroft <kbarcroft@fedemploylaw.com> wrote:

We would like to depose the 30b6 witness next week. Please provide availability for the witness.

On Dec 29, 2021, at 11:33 AM, Rock, Robert <Robert.Rock@ag.ny.gov> wrote:

Kathryn,

To follow up on this matter, our review of the file indicates that we have no documents which are responsive to your outstanding demands that have not already been produced other than a relatively small number of documents which are subject to attorney client privilege.  I know that I told you that I had been provided with a substantial amount of documents that are responsive and that is true.  What I did not know at the time, and which I was not able to confirm until this morning, is that those documents have already been produced by the AAGs who proceeded me in the handling of this file.  I have now confirmed that all relevant emails, text messages and other similar documents have already been produced.

1

I am sorry for the confusion caused by my prior comments.

Bob

**Robert J. Rock**
Assistant Attorney General
New York State Office of the Attorney General
Litigation Bureau
The Capitol
Albany, New York 12224
Telephone: (518)776-2603
Fax: (518) 915-7738
Email: RRock@ag.ny.gov

---

**From:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Sent:** Tuesday, December 28, 2021 5:47 PM
**To:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Cc:** Ariel Solomon <asolomon@fedemploylaw.com>
**Subject:** RE: Tromblee

[EXTERNAL]

Bob,

The Judge had set a deadline of today for NYS to produce all documents and I am required to make any motion to compel by January 3rd (no extensions) which is a tight deadline to review what has been produced and draft a potential motion.  Will we have all of the documents today?

---

**From:** Rock, Robert <Robert.Rock@ag.ny.gov>
**Sent:** Tuesday, December 28, 2021 4:52 PM
**To:** Kathryn Barcroft <kbarcroft@fedemploylaw.com>
**Cc:** Ryan T. Donovan <RDonovan@hcdlegal.com>; Ben Hill <Ben@Capezzahill.com>; William J. White <wjwhite163@gmail.com>
**Subject:** Tromblee

Kathryn,

I am still awaiting the additional documents that have been gathered and are being prepared by my colleague.  I will forward them to you as soon as I have them.  In the meantime, I wanted to disclose to you that the additional 30(b)(6) witness would be Jodi Fisher.  I suspect that you will want to set up her deposition as soon as possible so get me over some dates and I will get this confirmed.

Bob

**Robert J. Rock**
Assistant Attorney General
New York State Office of the Attorney General
Litigation Bureau

EXHIBIT 17

```
1    UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF NEW YORK
2    -------------------------------------------------
     MARY TROMBLEE,
3                                      Plaintiff,

4              - against -
                                       Index No:  1:19-CV-0638
5
     STATE OF NEW YORK, et al,
6                                      Defendants.

7    -------------------------------------------------
```

8          The following **EXAMINATION BEFORE TRIAL** of

9    **MARGARET SHEEHAN** (produced on behalf of the State of

10   New York) in the above-entitled matter was held

11   pursuant to Notice at the **SOLOMON LAW FIRM, PLLC,** 300

12   Great Oaks Boulevard, Suite 312, Albany, New York, on

13   Thursday, July 22, 2021, commencing at 12:10 p.m.

14   before Laurel Stephenson, Court Reporter and Notary

15   Public.

16

17

18

19

20

21

22

23

24

25

**<u>Margaret Sheehan - Atty. Barcroft</u>**

1
2    through time sheets confirming that the complainant and
3    respondent worked together on all dates?
4                    **MR. LIBERATI-CONANT:**  And you can answer
5            in a second, but if you need to look at the
6            documents to refresh your recollection, take all
7            the time you need.  I assume that's correct?
8                    **MS. BARCROFT:**  Yes, that's correct.  You
9            can take time to look at this document.
10   **BY MS. BARCROFT:**
11       **Q**    It's page 22, State Def.  It's the one, two,
12   three, four, five, sixth bullet point.
13       **A**    Yes.  Time sheets were confirming complainant
14   and respondent did work together on all dates.  It's
15   stated there, so I must have looked at the time
16   records.
17       **Q**    And that's something that you relied upon in
18   documents reviewed for this investigation report?
19       **A**    Not just this one, but that would be part of
20   it, yes, to make sure they were working.  You know,
21   that they were at that location at the same time.
22       **Q**    Did you produce those times sheets at all as
23   part of the...
24       **A**    They may have been exhibits to my draft
25   investigation report.  I don't recall.

## Margaret Sheehan - Atty. Barcroft

1              

      **MS. BARCROFT:**  So, we would request that
OPWDD produce any documents --

      **MR. LIBERATI-CONANT:**  Sure.

      **MS. BARCROFT:** -- exhibits to this report.

      **MR. LIBERATI-CONANT:**  So that's two
different questions, because so far I have
produced to you everything --

      **MS. BARCROFT:**  We can go off the record.

      **MR. LIBERATI-CONANT:**  -- I know about
with respect to this.  If you are asking
specifically for any of these (indicating)
because I think Ms. Sheehan has made clear --
maybe she hasn't, but I don't think it's clear
necessarily that these are all exhibits to her
report.

      **MS. BARCROFT:**  I would ask to just check
that the exhibits to the reports are produced.
That's all.

      We don't need to keep the record going.

      **MR. LIBERATI-CONANT:**  All I'm saying,
I've given you everything that I understand are
exhibits to this report.  I don't know that there
are any additional --

      **MS. BARCROFT:**  I'd just ask you to double

64

**<u>Margaret Sheehan - Atty. Barcroft</u>**

1

2      check.

3              **MR. LIBERATI-CONANT:**  Just one more

4      thing.  If there's a specific question --

5              (Discussion off the record)

6              **MS. BARCROFT:**  We're back on the record

7      now.

8  **BY MS. BARCROFT:**

9      **Q**    Do you recall if any of the witnesses in this

10     report produced text messages to you that you reviewed

11     as part of the report?

12     **A**    I don't recall.  If it's in my report, it

13     would -- I mean, I would have documented in the draft

14     investigation report.

15     **Q**    Okay.  If you look at page 6, State Defendant

16     00275 of Exhibit 48, Draft Investigation Report, if you

17     look at the top of that.

18     **A**    I'm looking at the top page of page 6?

19     **Q**    And if you could just look at that first

20     paragraph, and when you're done, just let me know when

21     you're done.

22             (The witness examined the document.)

23     **A**    I'm done.

24     **Q**    Alexis Barlow and Liam Stander were aware of

25     respondent's behavior, Leyna Marcotte provided a copy

## <u>Margaret Sheehan - Atty. Barcroft</u>

1

2 of a text, a copy of a text between her and Elysse

3 Lavin, saying the respondent was returning to the

4 office and neither was happy about it.

5      Do you have a copy of that text?

6     **A**   I work for the -- I work for GOER.  I don't

7 have a copy of that text.

8     **Q**   Well, did you have a copy of the text at the

9 time you wrote this report?

10     **A**   I don't recall.  I mean, if she showed me it,

11 I would have maintained it.

12     **Q**   Well, it says Leyna Marcotte provided a copy

13 of a text, so would that have been provided to you?

14     **A**   Yes, then it would have been provided to me.

15     **Q**   Where did you -- you said you retained copies

16 of those documents.  You retained copies of documents,

17 correct?

18     **A**   Yes.

19     **Q**   So, where is that text?

20     **MR. LIBERATI-CONANT:**  Objection.

21     **A**   Any of my documents would have been left with

22 OPWDD when I left for GOER in December of 2018.

23     **Q**   Where are your files maintained at OPWDD?

24     **MR. LIBERATI-CONANT:**  Objection.

25     **A**   I --

**Margaret Sheehan - Atty. Barcroft**

1

2        **MR. LIBERATI-CONANT:**  If you can answer.

3    **A**    I left OPWDD.  I don't -- counsel's office?

4    **Q**    Well, when you're at OPWDD, where did you

5    maintain your document files?

6    **A**    At my office in a locked file cabinet, but I

7    left OPWDD --

8    **Q**    Would --

9    **A**    -- and they --

10        **MR. LIBERATI-CONANT:**  Objection.  Hold

11       on.  Can you just also let her finish?

12    **Q**    Yes, sorry.  I apologize.

13    **A**    And they were left with OPWDD.  I don't know

14    what they did with those after.

15    **Q**    Where would that e-mail be maintained within

16    that file system that you had?

17    **A**    This e-mail or this text?

18    **Q**    This text.  Sorry, I misspoke.

19    **A**    It would be -- any of the documents I

20    maintained on the Mary Tromblee versus Chad Dominie

21    would have been maintained in the locked file cabinet.

22    **Q**    All right.

23        **MS. BARCROFT:**  So I would ask this file

24       cabinet be searched at OPWDD and this text be

25       produced, since it was provided to Ms. Sheehan.

<u>**Margaret Sheehan - Atty. Barcroft**</u>

1

2          **MR. LIBERATI-CONANT:**  This cabinet has

3      been searched and you have received all the

4      documents that were in the cabinet.  So, to the

5      extent that there's something you think shouldn't

6      be there, I will ask OPWDD to take another look,

7      make sure there's nothing else hanging around in

8      the back of a filing cabinet.

9          **MS. BARCROFT:**  I would just --

10          **THE WITNESS:**  I --

11          **MR. LIBERATI-CONANT:**  There's no

12      question.

13          **MS. BARCROFT:**  I would request OPWDD

14      check for a copy of the text that was provided to

15      Ms. Sheehan as documented in her report on State

16      Def 2752 regarding her and Elysse Lavin saying

17      respondent was returning to work and neither was

18      happy about it.

19  **BY MS. BARCROFT:**

20      **Q**    With respect to Leyna Marcotte, do you recall

21  interviewing her?

22      **A**    I do remember the name.  Let me go to -- what

23  page is this on?  This is three and a half years ago,

24  so I'm going to have to...

25      **Q**    You want to go to her interview, Leyna

<u>**Margaret Sheehan - Atty. Barcroft**</u>

1

2    **Q**    Were there arms on each side of the couch

3    where you could bend somebody over?

4        **A**    I believe there were arms, yes.

5        **Q**    And with respect to Chad and Liam, dirty texts

6    and pictures on their phone and Chad on his office

7    computer, did you look into that at all?

8        **A**    I did.  I asked Chad Dominie -- he said he had

9    texts -- to produce the evidence, he never did, and I

10   gave him ample time, even reached out to him several

11   times.  He never produced that.  I interrogated Liam

12   Stander about the text messages.  I notified counsel's

13   office to alert me of Chad Dominie's, you know, review

14   of his computer.  I never received anything that, you

15   know, showed that he was looking up any pornographic or

16   any sexual, you know, I never received that from

17   counsel.

18           But Liam Stander did admit that that they

19   exchanged some text messages that probably were

20   inappropriate, just inappropriate jokes, during his

21   interrogation, which was taped.  I think you have that.

22       **Q**    But you never were able to receive these texts

23   from Dominie?

24       **A**    No.

25       **Q**    And were you ever able to review them from

### <u>Margaret Sheehan - Atty. Barcroft</u>

(The document was handed to the witness,

and the witness examined the document.)

**BY MS. BARCROFT:**

Q   Ms. Sheehan, you can take a moment to review

this document, State Def 2495 to 2498.

A   Yeah, I'm ready.

Q   You've had sufficient time to review the

document?

A   I have.

Q   Right now you're looking at the document

produced by the State of New York.  Do you recognize

this document?

A   I don't really recall this document.  Looks

like it might be a draft document.

Q   What is this document, if you can --

A   It says interview of Mary Tromblee, September

14th, 2018, and it looks like a draft set up, but it

doesn't -- I don't know if it's, you know, final or --

it looks like a draft.

Q   Did you use similar outlines to conduct

interviews or interrogations of witnesses you spoke

with in connection with Mary Tromblee's --

A   Sometimes I do.

Q   -- complaint?

<u>**Margaret Sheehan - Atty. Barcroft**</u>

1

2              **MR. LIBERATI-CONANT:**  Just let her

3       finish.

4       Q    Do you use similar written outlines to this

5    exhibit when you conducted interviews or interrogations

6    of other witnesses that you spoke with in connection of

7    Mary Tromblee's complaint?

8       A    I may develop questions prior to the

9    interview.

10      Q    Where were those documents maintained, were

11   they also maintained in your file in the file cabinet?

12      A    In the locked file cabinet or electronically.

13      Q    Do you recall if this is something that you

14   had typed out?

15      A    I can't say that for sure.

16      Q    But you did create outlines similar to this;

17   is that correct?

18              **MR. LIBERATI-CONANT:**  Objection.

19      A    I don't know.  I don't know if this is a

20   document that I actually created.  So, I mean, I

21   created questions before, electronically, to interviews

22   but...

23      Q    And you would have had printouts in your file

24   of these interviews?

25      A    Either a printout or an electronic.  I'm not

<u>**Margaret Sheehan - Atty. Barcroft**</u>

1

2       -- either one.

3            **Q**    Do you know if they were produced ever as far

4       as part of --

5                      **MR. LIBERATI-CONANT:**  Objection.  She

6                 wouldn't know.

7            **A**    I don't know.

8                      **MS. BARCROFT:**  Chris, I would just ask

9                 you to check if there are outlines like this.

10                     **MR. LIBERATI-CONANT:**  I will again say

11                that we have given you everything.  I will ask

12                agency counsel again, but we have given you

13                everything that was located in the OPWDD office

14                with respect to this case.

15                     **MS. BARCROFT:**  And if there was any sort

16                of electronic version that she testified, if you

17                could check for those outlines?

18                     **MR. LIBERATI-CONANT:**  Sure.  Yes.

19                     **MS. BARCROFT:**  Okay.

20                     **MS. BARCROFT:**  I'm going to mark another

21                exhibit.

22                     (Deposition Exhibit Number 70 was marked

23                for identification, this date.)

24                     (The document was handed to the witness,

25                and the witness examined the document.)

EXHIBIT 18



1   UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF NEW YORK
2   ------------------------------------------------------
    MARY TROMBLEE,
3                                       Plaintiff,

4             - against -
                                        Index No:  1:19-CV-0638
5
    STATE OF NEW YORK, et al,
6                                       Defendants.

7   ------------------------------------------------------

8         The following **EXAMINATION BEFORE TRIAL** of

9   **STEPHEN D. CERNAK** (produced on behalf of NYS ITS) in

10  the above-entitled matter was held pursuant to Notice

11  at the **SOLOMON LAW FIRM, PLLC**, 300 Great Oaks

12  Boulevard, Suite 312, Albany, New York, on Monday,

13  September 27, 2021, commencing at 10:00 a.m. before

14  Laurel Stephenson, Court Reporter and Notary Public.

15

16

17

18

19

20

21

22

23

24

25

**Stephen D. Cernak - Atty. Solomon**

1

2     A    Right, and asked that she talk with Chad.

3     Q    I got to get the question out first.

4     A    I'm sorry.

5     Q    That's okay.  You're doing great.  We all do

6     it.

7          So you wrote an e-mail to Mr. Stander after

8     observing the February 20th, 2017, interaction between

9     Chad and Mary?

10    A    Correct.

11    Q    And that e-mail is something that you also

12    provided to Ms. Margaret Sheehan at some point?

13    A    Yes.

14    Q    In that e-mail to Mr. Stander, to the best

15    that you recall, what did you report?

16    A    The exact same thing that -- pretty much

17    verbatim for what this was written out when asked how

18    -- what the report was.

19    Q    Okay.  And after send -- do you recall when

20    you sent that e-mail to Liam, was it the same day, was

21    it the next day?

22    A    It was either that night when I got back, if

23    it was too late, then it would have been the next day.

24    So it was within a 24-hour period.

25    Q    Did Mr. Stander respond to you by e-mail, to

**Stephen D. Cernak - Atty. Solomon**

the extent that you recall?

   **A**   I don't know if she replied to the e-mail.
She did give me a call and said that, hey, we know that
Chad gets out of hand here now and then, and we all
know how he is.  I said, we do, and I understand it,
but that was way, way -- it's getting out of control.
It's getting more and more aggressive.  I said it's got
to stop.

        What he did in front of us, we have to make
sure we stop this, because the staff even in the office
were, you know, very quiet and embarrassed.  I was kind
of shocked none of them didn't say anything either.

   **Q**   So you sent this to Mr. Stander within 24
hours of this happening?

   **A**   Yes.

   **Q**   And then Mr. Stander responded to you by
e-mail?

        **MR. LIBERATI-CONANT:**  Objection.

   **Q**   I could have gotten that wrong.

   **A**   I would have to go back in, and I could pull
the record on the e-mails and verify.  Everything is
backed up, so any time that we need any of these
e-mails, I can retrieve them, anything from the time
our exchange server has been started I can have it

EXHIBIT 19



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
MARY TROMBLEE,

                                    Plaintiff,

        - against -
                                    Index No:  1:19-CV-0638

STATE OF NEW YORK, et al,

                                    Defendants.

-----------------------------------------------------

        The following **EXAMINATION BEFORE TRIAL** of

**ANNETTE ABARE** in the above-entitled matter was held

pursuant to Notice at the **SOLOMON LAW FIRM, PLLC**, 300

Great Oaks Boulevard, Suite 312, Albany, New York, on

Wednesday, October 6, 2021, commencing at 1:30 p.m.

before Laurel Stephenson, Court Reporter and Notary

Public.

<u>**Annette Abare - Atty. Barcroft**</u>

1
2   supervisor, anyone, even DSPs at that time, it is your

3   responsibility to stop the situation and to report it.

4   It doesn't matter where you are, and even if you're in

5   a grocery -- it doesn't matter where we are.  We could

6   not be at work, it's our job to report it.

7   **BY MS. BARCROFT:**

8       Q    Okay.  And that's for anybody in New York

9   State, correct?

10      A    Correct.

11      Q    And that's pursuant to the New York State

12  sexual harassment trainings that you understand that?

13      A    That you report it, correct.

14      Q    Okay.  Just going back to your notes marked

15  91.  It says at the top -- if you could just read that

16  top statement.  I can't necessarily read --

17      A    Angela Ertelt asked if he would fuck her on

18  Link.

19      Q    Okay.  So -- so what does that mean?

20      A    If I'm reading it right, Chad had asked Angela

21  Ertelt to fuck him on Link, which was a message system

22  at the time.

23      Q    What is this Link message system?

24      A    I don't know.  I don't use it.

25      Q    All right.  But Angela Ertelt asked if -- he

**Annette Abare - Atty. Barcroft**

asked -- was this Chad asked Angela Ertelt?

    **A**   That would be -- that would be, yeah.

    **Q**   If he would fuck her?

    **A**   On Link, yeah.

    **Q**   All right.  So --

    **A**   That's so long ago.  It could have been Angela asked him.  I don't know.

    **Q**   All right.  And Link is a messaging system?

    **A**   It was a message system, correct.

    **Q**   Have you ever used Link?

    **A**   No.  I don't even know -- I don't even know -- I know Link is a message system, but I don't know if it's something we use or it's something outside of our agency, like their personal.

    **Q**   How do you know this?

    **A**   I couldn't even tell you.  That could have been someone else telling me that information.  That's in pencil, so I am assuming someone else said that.

    **Q**   How do you know that it's in pencil, is it because it's lighter than the rest of the notes?

    **A**   Because it's in pencil on my notes.

    **Q**   Okay.  So your notes show pencil.  All right.

    Do you know what Angela Ertelt was?

    **A**   Psychologist.

EXHIBIT 20

ORIGINAL

```
 1   UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF NEW YORK
 2   ------------------------------------------------------
 3   MARY TROMBLEE,
                                      Plaintiff,
 4          - against -
                                      Index No:  1:19-CV-0638
 5
     STATE OF NEW YORK, et al,
 6                                    Defendants.
 7   ------------------------------------------------------
 8        The following **EXAMINATION BEFORE TRIAL** of **DAVID**
 9   **ALBANO** (produced on behalf of the State of New York) in
10   the above-entitled matter was held pursuant to Subpoena
11   at **HARRIS, CONWAY & DONOVAN, PLLC**, 50 State Street,
12   Second Floor, Albany, New York, on Tuesday, November 2,
13   2021, commencing at 9:35 a.m. before Laurel Stephenson,
14   Court Reporter and Notary Public.
15
16
17
18
19
20
21
22
23
24
25
```

**David Albano - Atty. Solomon**

was not related to preparing for the arbitration?

    A   The only conversation I would have had with her would have been preparing for the arbitration, so it would have had to be something to do with the arbitration.

    Q   Okay.  Is it also something that could have been raised in an e-mail to you?

    A   It's possible.

    Q   Okay.  And who at OPWDD, if anyone, did you raise her concern with?

    A   I -- I don't know.  I'd have to go through my e-mails or check and see if I had forwarded it on. It's possible I didn't.  I don't know if this came after that other thing.

           (The witness examined Exhibits 105 and 67.)

    A   This is -- is there a date on this?

    Q   There is a date on this particular document. I'll draw your attention to the bottom of the page, but you testified that you don't recall when you received this e-mail?

    A   I don't -- I don't remember the e-mail.

    Q   Okay.  Did you ever produce -- did you ever look through your e-mails to find whether or not you

<u>**David Albano - Atty. Solomon**</u>

1

2  had correspondences with OPWDD relating to Ms.

3  Tromblee's testimony --

4     **A**   No.

5     **Q**   -- remotely?

6     **A**   Once this is behind me, I just move onto the

7  next.  I don't...

8     **Q**   Okay.  So they could exist, but you don't

9  know?

10     **A**   Right.

11        **MS. SOLOMON:**  To the extent they do

12     exist, I would just ask that the State produce

13     them if they haven't already.

14        **MR. LIBERATI-CONANT:**  Okay.  We're

15     running up on the discovery deadline.

16  **BY MS. SOLOMON:**

17     **Q**   You also testified that you raised this issue

18  during a conference call with the arbitrator.  Do you

19  recall that?

20     **A**   Yes.

21     **Q**   What was the context in which that issue was

22  raised, meaning the issue meaning Ms. Tromblee's

23  ability to testify remotely?

24     **A**   I think it was because it might have been as a

25  result of this.  It may have been as a result of this

1   **<u>David Albano - Atty. Solomon</u>**

2      A   I -- not really sure.  It may have been Mary

3   that sent it to me, Mary Tromblee.

4      Q   And she sent it by e-mail correspondence?

5      A   I believe so.

6      Q   And you did not receive it via another means?

7      A   I don't remember.

8      Q   Okay.  When was the first time that you let

9   Ms. Tromblee know that she could testify at the

10  arbitration in another room?

11     A   You mean a date?

12     Q   To the extent you recall.

13     A   I don't remember the date.

14     Q   How far in advance of when the arbitration was

15  going to go forward?

16     A   I don't recall.

17     Q   How many conferences did you have with the

18  arbitrator regarding Ms. Tromblee's matter?

19     A   I -- I can only recall the one.  It may have

20  been more in some -- usually -- I usually have two or

21  three.  It's possible, but I don't recall.  I'd have to

22  go through records.

23     Q   What records would you go through to

24  determine?

25     A   I'd look on my Outlook calendar to see if

<u>**David Albano - Atty. Solomon**</u>

2     there was any scheduled conference calls.

3          **Q**     Okay.  And when you say you go through your

4     Outlook calendar, would you search your Outlook

5     calendar for anything in specific?

6          **A**     I would just punch in Tromblee, and then any

7     appointments that I had involving Tromblee would come

8     up.

9          **Q**     Okay.

10          **MS. SOLOMON:**   Similarly we ask that the

11     State produce a copy of Mr. Albano's Outlook

12     calendar.

13          **MR. LIBERATI-CONANT:**   Okay.  Will you put

14     that in writing?

15          **MS. SOLOMON:**   Yes.  We can.  I think it's

16     already responsive to some of our demands, but so

17     you have a record of it, we will send you a

18     separate e-mail.

19          **MR. LIBERATI-CONANT:**   Okay.

20     **BY MS. SOLOMON:**

21          **Q**     Did you -- I'm want to show you what's

22     previously been marked as Plaintiff's Exhibit 39.

23          Mr. Albano, if you could just take a moment

24     and review Plaintiff's Exhibit 39 and let me know when

25     you've had an opportunity to do so.

**<u>David Albano - Atty. Solomon</u>**

1

2  **A**   I didn't know that was a question, I'm sorry.

3  What was the question?

4  **Q**   Is it fair to say that you make the decision,

5  as the individual who was representing New York State,

6  about what evidence gets introduced at the arbitration?

7  **A**   Yes.

8  **Q**   If you wanted to see whether or not this

9  document, meaning Exhibit 39, was introduced at the

10  arbitration, where would you look?

11  **A**   If I wanted to find out if I introduced it?

12  **Q**   That's correct.

13  **A**   It would be in my record.  Usually I keep a

14  file of my exhibits.  It would also be probably

15  referenced maybe in the arbitrator's award, maybe even

16  my closing brief.

17      **MS. SOLOMON:**  Okay.  To the extent that

18      the State hasn't produced any of the documents

19      just referenced by Mr. Albano, we ask that they

20      do so, and we will send a separate e-mail to

21      remind you.

22      **MR. LIBERATI-CONANT:**  In particular, it

23      sounds like you were looking for his file.

24      **MS. SOLOMON:**  Yes, for the arbitration.

25      **MR. LIBERATI-CONANT:**  To the extent it

<u>**David Albano - Atty. Solomon**</u>

1
2   exists.

3   **BY MS. SOLOMON:**

4   **Q**   Do you believe that the file exists?  Did you

5   have a file?

6   **A**   It should be.

7   **Q**   Is it your office's practice to maintain your

8   files?

9   **A**   Well, we -- we maintain files pretty well, but

10  they're all electronic, so there's about 1,000 people

11  that have access to it, so sometimes things get deleted

12  or screwed up.

13  **Q**   But that's not your office's practice?

14  **A**   No, no.

15  **Q**   Okay.  And how about Exhibit 38 that I showed

16  you earlier, do you recall whether this document was

17  introduced at the arbitration?

18  **A**   I don't believe it was.  I wouldn't have a

19  reason to introduce that.  That's why I say that.

20  **Q**   Now, you testified -- and I'm going to refer

21  you back to Exhibit 39.  You testified earlier that Mr.

22  Dominie's plea was not a crime; is that correct?

23  **A**   A violation is not a crime.

24  **Q**   A violation is not a crime.  Okay.  And in

25  your -- how is that relevant to how you decided to try

**David Albano - Atty. Solomon**

Q    If you wanted today to set up an arbitration remotely, who had at ITS would you contact?

A    I don't even -- well, I don't know.  I'd have to -- I probably have to start at like the director of ITS and then ask him, you know, who -- who does ITS work for Capital District DDSO and then start from there.

Q    Okay.  But as you sit here today, you don't know how you would set that up?

A    No.

Q    Okay.

A    It could have been in e-mail traffic.

Q    Okay.  And that's something that you could verify if you searched your e-mail, correct?

A    Sure.

Q    If you wanted to find if there was e-mail traffic related to Mary Tromblee testifying remotely, how would you find those e-mails?

A    I would just -- again, I would just probably start with her name, my e-mail, would go down to 2018 when I first started, and then I would just start working up.

Q    Okay.

MS. SOLOMON:  We would ask that New York

**<u>David Albano - Atty. Solomon</u>**

State also produce those e-mails if they exist.

**BY MS. SOLOMON:**

Q    In 2018 and '19 who was the director at ITS,
to the extent that you know?

A    I don't remember.

Q    What equipment, if any, was needed to set up
the video, the WebEx?

A    Just the video.  There was something that the
ITS people had to do.  It was too technical for me, but
the equipment has to be in place.  So it was just kind
of like what you have here, and all you have to -- they
have to do something to make a connection.

Q    Okay.  And was this equipment set up in the
same building that everybody else was providing
testimony for the arbitration?

A    No, it was -- it was a different building.  It
was the building that the director actually works in.
We were -- we were in Building 1 in the human resource
conference room, and I had made arrangements for, I
think, it was Building 10, I think was the number of
the director's building.

Q    Who did you make arrangements with?

A    I don't remember.

Q    Is there anything that would refresh your

1      **<u>David Albano - Atty. Solomon</u>**

2      Plaintiff's 107.

3                      (Plaintiff's Deposition Exhibit Number

4            107 was marked for identification, this date.)

5      **BY MS. SOLOMON:**

6          **Q**     If you could just take a moment to review that

7      and let me know if you recognize 107.

8                      (The document was handed to the witness,

9            and the witness examined the document.)

10         **A**     Okay.

11         **Q**     Do you recognize Plaintiff's Exhibit 107?

12         **A**     Yeah, it looks familiar.

13         **Q**     Okay.  What is it?

14         **A**     This is an e-mail that looks like I sent it

15     out from me to myself.

16         **Q**     Okay.  Was anyone blind carbon copied on this

17     e-mail?

18         **A**     I don't know.

19         **Q**     I'll direct you to the bottom part of page 1

20     of Plaintiff's Exhibit 107.

21                     Is it fair to say that this is a notice

22     regarding the time, date, and location of the

23     arbitration for Chad Dominie?

24         **A**     Yeah, the only -- it does, but the only thing

25     I don't understand is I sent it to myself and then I

**<u>David Albano - Atty. Solomon</u>**

1

2   sent it to Emilee Walker.  I don't know why I would do

3   that.

4        Q     You're referring to the correspondence from

5   you to you and carbon copying Emilee Walker?

6        A     Yeah.

7        Q     Is it possible there are any blind carbon

8   copies?

9        A     Anything is possible.

10       Q     Do you normally send yourself e-mail with

11  notice?

12       A     No.

13       Q     Is this the kind of notice that you were

14  referencing earlier that you send out in advance of

15  arbitrations?

16       A     Usually the one at the bottom.  The one on the

17  top is usually what I -- I try to -- because everyone

18  is always pestering me about how long it's going to

19  take, you know, when do they need to be there, that

20  kind of thing, so I try to give them a ballpark, you

21  know, because they've all got things to do.

22         The one on the bottom, that's usually just my

23  notice saying that this is, you know, you've got a

24  hearing that's scheduled on this date, this time, and

25  this location.  So, I mean, that's common what I use.

### David Albano - Atty. Solomon

    **Q**   Okay.  Did you send this to -- this e-mail language to the witnesses in the Chad Dominie case?

    **A**   I'm sure I probably -- but I don't know what this is.  This is kind of weird looking.  I don't know why I would send it to myself, and I don't know why I would send it to Emilee.

    **Q**   If you wanted to see if this e-mail was sent to -- around this time frame to anyone else other than yourself, where would you look?

    **A**   I would go into my sent Outlook and I would just do a little search and try to locate it.

          **MS. SOLOMON:**  We'd also ask that the State produce any e-mails sending Plaintiff's Exhibit 107 to individuals other than Mr. Albano.

          **MR. LIBERATI-CONANT:**  Okay.

**BY MS. SOLOMON:**

    **Q**   Do you know whether the witnesses referenced on Plaintiff's 107, the top part of this e-mail here, were scheduled to appear on March 28th, 2019?

    **A**   All five you mean?

    **Q**   Yes.

    **A**   They should have.  I did all five on the same day.

    **Q**   Okay.  So Margaret Sheehan, Steven -- it says

EXHIBIT 21

1

```
 1    UNITED STATES DISTRICT COURT
      NORTHERN DISTRICT OF NEW YORK
 2    -------------------------------------------------------

 3    MARY TROMBLEE,

 4              Plaintiff,

 5    -against-              Civil Action No. 1:19-cv-00638

 6    THE STATE OF NEW YORK,
      NEW YORK STATE OFFICE OF PEOPLE WITH
 7    DEVELOPMENTAL DISABILITIES;
      CHAD DOMINIE, Individually and in his capacity as a
 8    Keyboard Specialist/Secretary for the Office of
      People with Developmental Disabilities at the
 9    Glens Falls Facility;
      LIAM STANDER, Individually and in his capacity as a
10    Treatment Team Leader and Supervisor for the
      Office of People with Developmental Disabilities
11    at the Glens Falls Facility;
      ALEXIS BARLOW, Individually and in her capacity as
12    Treatment Team Leader and Office Supervisor for
      the Office of People with Developmental Disabilities
13    at the Glens Falls Facility;

14              Defendants.

15    -------------------------------------------------------

16

17

18

19              EXAMINATION BEFORE TRIAL of a nonparty

20    witness, ELLEN BERKHEIMER, held at the Law Offices of

21    Harris, Conway & Donovan, PLLC, 50 State Street, Second

22    Floor, on October 8, 2021, at 1:30 p.m.

23
```

(Ellen Berkheimer)                                    59

1    Mr. Dominie was engaging in?

2         A.   No.

3         Q.   You mention in paragraph 11 of your declaration

4    that Mr. Stander and Mr. Dominie would openly view

5    pornographic material in the workplace.

6         A.   Correct.

7         Q.   Did you see that?  Did you actually observe

8    Mr. Stander openly viewing pornographic material at the

9    Glens Falls office?

10        A.   I saw him standing at Mr. Dominie's back,

11   looking at it on the computer.

12        Q.   Whose computer was it on?

13        A.   Chad Dominie's.

14        Q.   And on how many occasions did you observe

15   Mr. Stander in Mr. Dominie's cubical?

16        A.   I don't recall how many, but there were more

17   than one.  It was more than once.

18        Q.   When you made this observation were you inside

19   the cubical?

20        A.   No.  I was in the doorway of it.

21        Q.   And was there any conversation about what was

22   being looked at on the computer?

23        A.   No.  No.  When they realized that I came they

(Ellen Berkheimer)                              60

1    immediately clicked off.  Clad did.

2         Q.   When you say --

3         A.   Chad did.  Chad is the one who was controlling

4    the computer.

5         Q.   When you say pornographic material, are you

6    referring to videos or pictures or what?

7         A.   I only saw pictures.

8         Q.   And how long were you standing there able to

9    see pornographic photos on Mr. Dominie's computer?

10        A.   Very brief.  Extremely brief, because he would

11   click out of it.

12        Q.   Is it your belief that Mr. Stander was

13   participating in the viewing of these pornographic

14   photographs?

15        A.   I believe he was part of it.  He was standing

16   at Chad's shoulder and they were both looking at the

17   screen.

18        Q.   How long was Mr. Stander standing over

19   Mr. Dominie's shoulder on that occasion?

20        A.   I have no idea.  As I say, I came to the area

21   and then they exited it.

22        Q.   You could see Mr. Dominie's computer from the

23   hallway?