```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

**************************************************

MARY TROMBLEE,

                              Plaintiff,

                    -v-    19-cv-638

STATE OF NEW YORK, et al.,

                              Defendants.

**************************************************


            TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE CHRISTIAN F. HUMMEL
              September 11, 2023
         445 Broadway, Albany, New York
```

**A P P E A R A N C E S**

FOR THE PLAINTIFF:

SOLOMON LAW FIRM, PLLC.
BY:  Ariel Solomon, Esq.
     Kathryn Bancroft, Esq.
300 Great Oaks Boulevard
Albany, New York 12203


FOR THE NYS DEFENDANTS:

OFFICE OF NYS ATTORNEY GENERAL
BY:  Mark Mitchell, AAG
     Brittany Haner, AAG
The Capitol
Albany, New York 12224


FOR DEFENDANT DOMINIE

BRENNAN & WHITE, ESQS.
BY:  William White, Esq.
163 Haviland Road
Queensbury, New York  12804


CONWAY, DONOVAN & MANLEY, PLLC.
BY:  Ryan Donovan, Esq.
50 State Street
Albany, New York  12207


CAPEZZA, HILL LAW OFFICES
BY:  Benjamin Hill, Esq.
30 South Pearl Street
Albany, New York  12207

TROMBLEE v NEW YORK STATE, et al. - 19-cv-638

1      COURT CLERK:  Today is Monday, September 11th,
2  2023, it's 1:40 p.m.  The case is Tromblee versus
3  New York State, et al., Docket Number 19-cv-638.
4      Appearances for the record, please.
5      MS. SOLOMON:  Ariel Solomon, on behalf of the
6  plaintiff, Mary Tromblee.
7      MS. BARCROFT:  Kathryn Barcroft, on behalf of
8  the plaintiff, Mary Tromblee.
9      MR. WHITE:  William White, from the law firm
10 of Brennan and White, representing the Defendant Chad
11 Dominie.
12     MR. DONOVAN:  Ryan Donovan, from the law firm
13 of Conway, Donovan and Manley, representing Alexis
14 Barlow.
15     MR. HILL:  Benjamin Hill, from Capezza, Hill,
16 representing the Liam Stander.
17     MR. MITCHELL:  Mark Mitchell, from the AG'S
18 Office, representing New York State and OPWDD.
19     MS. HANER:  Brittany Haner, from the AG's
20 Office, representing the state defendants.
21     MS. ROCK:  Krista Rock, here from OPWDD.
22     MR. BRADY:  Matthew Brady, OPWDD.
23     THE COURT:  Good morning, folks.
24     Ms. Tromblee, can you hear me?
25     MR. TROMBLEE:  Yes, sir.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1   THE COURT:  Ms. Tromblee, if at any point
2   you -- Ms. Tromblee, if at any point you have difficulty
3   hearing me or hearing one of the lawyers, let me know
4   and we will speak more loudly.  All right?
5   MS. TROMBLEE:  Thank you.
6   THE COURT:  Ms. Tromblee, as you know, you and
7   your attorneys and I have had a series of conversations
8   this morning about trying to resolve the case which you
9   have brought in this matter.  It is my understanding --
10   MS. TROMBLEE:  Yes.
11   THE COURT:  -- Ms. Tromblee, that we have
12   reached an agreement in this matter.  I'm going to put
13   on the record my understanding of the terms of the
14   settlement.  Okay?
15   MS. TROMBLEE:  Okay.
16   THE COURT:  When I'm going -- done, I'm going
17   to let Ms. Solomon or Ms. Barcroft or both make any
18   additions or corrections they want to make.  I'm then
19   going to ask each one of the attorneys in time, on
20   behalf of their respective clients, if they wish to make
21   any additions or corrections, and assuming we in fact
22   have an agreement, I'm going to ask you a series of
23   questions to make sure you understand the terms of the
24   agreement.  Do you understand that?
25   MS. TROMBLEE:  Yes, sir.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

———TROMBLEE  v NEW YORK STATE, et al. - 19-cv-638———

1            THE COURT:  If at any point as we go along,
2   Ms. Tromblee, you have a question you'd like to ask the
3   Court or a question you'd like to ask one of your two
4   lawyers, you let me know and I will give you a chance to
5   do that.  Okay?
6            MS. TROMBLEE:  Thank you.
7            THE COURT:  If at some point in time you'd
8   like to have a private conversation with your attorneys,
9   you can do that.  I'll leave the room and bring
10  everybody else with me and give you a chance to talk
11  your lawyers.  Okay?
12           MS. TROMBLEE:  Okay.  Thank you.
13           THE COURT:  It's my understanding, based upon
14  our lengthy settlement discussions this morning, that
15  this matter is going to be settled for the sum of
16  $500,000.  The $500,000 payment will be made on behalf
17  of all of the defendants and is inclusive of attorneys'
18  fees, costs and expenses in this matter.
19           It is further my understanding that the
20  settlement is being made without any admission of any
21  wrongdoing by any party.  It is my understanding that as
22  part of the terms of the settlement the defendants will
23  prepare two separate stipulations of discontinuance
24  reflecting this matter is discontinued on the merits
25  with prejudice.

                    Lisa L. Tennyson, CSR, RMR, FCRR
                 UNITED STATES DISTRICT COURT - NDNY

TROMBLEE  v NEW YORK STATE, et al. - 19-cv-638

1    One of the stipulations of discontinuance will
2 be for Mr. Dominie and I presume will be prepared by
3 Mr. White, and the other stipulation of discontinuance
4 will be on behalf of all of the other defendants.  Each
5 of the stipulations of discontinuance must reflect that
6 the settlement is made on the merits with prejudice, and
7 that no party to the settlement is a minor or an
8 incompetent.
9    The settlement will further particularly
10 indicate that this settlement is being made to
11 compensate Ms. Tromblee for any emotional,
12 psychological, or physical injuries or pain and
13 suffering she has suffered as a result of the incident
14 set forth in the complaint.
15    It's specifically revealed that none of the
16 monies being paid to Ms. Tromblee as part of the
17 settlement of this matter reflects in any way any
18 compensation for lost wages or any monetary benefits
19 flowing from her former employment with OPWDD.
20    It is further my understanding that
21 Mr. Mitchell and/or Ms. Haner will prepare a settlement
22 agreement which will reflect, among others things, that
23 this settlement reflects that Ms. Tromblee is settling
24 this case for the sum of $500,000, and it satisfies any
25 claims she now has, had in the past, or would have in

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

TROMBLEE v NEW YORK STATE, et al. - 19-cv-638

1    the future arising out of her employment at OPWDD and,
2    more specifically, in the allegations set forth in the
3    complaint.
4            The settlement agreement will further reflect
5    that there is no Medicare lien in this matter.  To the
6    extent that there in fact was a Medicare lien,
7    Ms. Tromblee would agree to hold the defendants harmless
8    with respect to this matter.
9            Once the appropriate closing papers have been
10   received, the New York State defendants, on behalf of
11   all of the defendants, will issue a settlement for half
12   the amount of $500,000, payable to Ms. Tromblee and to
13   the Solomon law firm.  In addition, there is certain
14   specific language which must be included because the
15   settlement involves the State of New York, and
16   Mr. Mitchell and Ms. Haner will include that language in
17   the general release, and the record should reflect that
18   in broad terms I have discussed those specific issues
19   directly with the attorneys.
20           As indicated to Ms. Tromblee, if this matter
21   is in fact settled, among other things she would be
22   giving up her right to have a trial in this matter, her
23   right to testify and her right to call and cross-examine
24   witnesses.
25           Ms. Solomon and Ms. Barcroft, I don't know to

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

TROMBLEE   v NEW YORK STATE, et al. - 19-cv-638

1  whom to address this question, but that reflects my
2  general understanding of the settlement, Ms. Solomon.
3  Are there any additions or corrections you wish to make
4  on the record?
5         MS. SOLOMON:  Yes, that's our understanding.
6  We -- with respect to the -- how the damages will be
7  characterized, it's our understanding that the taxes
8  will not be withheld from the settlement amount of the
9  form 1099 or W-2 will not be issued by New York State,
10 and that the amounts paid for purposes of Title 26 are
11 the result of personal physical injuries and resulting
12 pain and emotional harm suffered by the plaintiff.
13        THE COURT:  It's my understanding what will
14 happen is, Miss Solomon, that no 1099 will be issued to
15 the plaintiff but in fact tax documents will be issues
16 to your firm reflecting this is income to your firm.
17        Beyond that, are there any additional
18 corrections or additions you'd like to make Ms. Solomon
19 or Ms. Barcroft?
20        MS. SOLOMON:  Nothing else.  Thank you.
21        THE COURT:  Mr. White, sir, if I go in the
22 order in which you are seated, any additional language
23 you'd like to add to the terms of the settlement?
24        MR. WHITE:  No, your Honor.  Thank you.
25        THE COURT:  Mr. Donovan?

          Lisa L. Tennyson, CSR, RMR, FCRR
        UNITED STATES DISTRICT COURT - NDNY

TROMBLEE  v NEW YORK STATE, et al. - 19-cv-638

1              MR. DONOVAN:  No, your Honor.  Thank you very
2     much.
3              THE COURT:  Mr. Hill?
4              MR. HILL:  No.  On behalf of Leon Stander, no.
5     Thank you, Judge.
6              THE COURT:  Mr. Mitchell and Ms. Haner.
7              MR. MITCHELL:  So, your Honor, just as you
8     discussed, this would be contingent.  We do have to have
9     a written settlement agreement and not everything that
10    we talked about is the entirety of the agreement,
11    although I think the terms are in general known.
12             For example, the payment is conditioned upon
13    and subject to the approval of all appropriate state
14    officials in accordance with Public Officers Law 17.
15    The stipulations shall have no presidential value or
16    effect whatsoever and shall not be admissible in any
17    other action or proceeding and evidence or for any other
18    purpose except to enforce the provisions of the
19    stipulation of settlement in discontinuance.
20             The plaintiff shall represent and warrant that
21    she's not a Medicare recipient, has never been on
22    Medicare or Social Security Disability, no conditional
23    payments have been made by Medicare and that she does
24    not expect to be a Medicare recipient within the next
25    30 months.

                    Lisa L. Tennyson, CSR, RMR, FCRR
                  UNITED STATES DISTRICT COURT - NDNY

TROMBLEE  v NEW YORK STATE, et al. - 19-cv-638

1        There's also going to be provisions about how
2   much time the controller would have to make payment and
3   interest.  And just -- the other thing is we can't agree
4   to anything on behalf of the tax department.  I don't
5   have the authority to do that.
6            THE COURT:  Mr. Mitchell, nobody is looking
7   for you to agree to anything on behalf of the tax
8   department.  Ms. Solomon and Ms. Barcroft are trying to
9   do is just reflect on the record that none of these
10  payments are made for lost wages.
11           As a practical matter, Judge Sannes in her
12  decision to dismiss is my understanding all the lost
13  wage claims.  So this is just lawyers being lawyers, Mr.
14  Mitchell.
15           MR. MITCHELL:  Thank you, your Honor.
16           THE COURT:  Ms. Rock, I don't -- I know you
17  don't officially represent a party but any additions or
18  corrections you'd like to make the record?
19           MS. ROCK:  No, your Honor.  And just, on the
20  record, I'd like to thank you very much for your
21  assistance in helping us come to resolution of this
22  cases.
23           THE COURT:  I appreciate that.
24           Ms. Tromblee, you've been present this morning
25  when you and your lawyer and I have had a series of

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

TROMBLEE v NEW YORK STATE, et al. - 19-cv-638

1   conversations about trying to settlement this case.
2           MS. TROMBLEE:  Yes.
3           THE COURT:  And do you understand that the
4   state has, among other things, agreed to pay $500,000 to
5   settle this case.  Do you understand that?
6           MS. TROMBLEE:  I do understand that.
7           THE COURT:  Out of that $500,000 you will pay
8   any fees which are due and owing to your attorneys as
9   well as any expenses, and the balance of funds will be
10  paid to you.  Do you understand that?
11          MS. TROMBLEE:  I understand.
12          THE COURT:  And as part of this, you're going
13  to have to sign what's called a general release or a
14  settlement agreement which will reflect, among other
15  things, that in settling this case, you are giving up
16  your right to seek additional damages at a late date or
17  any of the things that are set forth in your complaint.
18          Do you understand that?
19          MS. TROMBLEE:  Yes, sir.
20          THE COURT:  That wasn't the best sentence; I
21  apologize.  You understand that, it would have been
22  understandable.  Do you understand as part of this
23  you're giving up your right to have a trial in front of
24  Judge Sannes, your right to call witnesses and your
25  right to testify?

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

TROMBLEE  v NEW YORK STATE, et al. - 19-cv-638

```
 1              MS. TROMBLEE:  I do understand that.
 2              THE COURT:  And do you understand if you agree
 3   to this, this will fully and finally resolve this matter
 4   on the terms set forth on the record.  Do you understand
 5   that?
 6              MS. TROMBLEE:  I do.  Yes, sir.
 7              THE COURT:  And do you understand as part of
 8   this you're going need to sign what's called a
 9   settlement agreement, reflecting what you and I just
10   talked about, and you need to authorize your attorneys,
11   Miss Barcroft and Ms. Solomon to sign two stipulations
12   of discontinuance reflecting the case is settled.  Do
13   you understand that?
14              MS. TROMBLEE:  Yes, sir.
15              THE COURT:  And they will prepare those
16   documents or Mr. Mitchell will for signature by Judge
17   Sannes, who's the district court judge assigned to the
18   case.  Okay?
19              MS. TROMBLEE:  Yes, sir.
20              THE COURT:  Do you have any questions Ms.
21   Tromblee, you'd like to ask the Court?
22              MS. TROMBLEE:  I do not, thank you.
23              THE COURT:  Do you have any questions you'd
24   like to ask your lawyers?
25              MS. TROMBLEE:  I do not.
```

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

TROMBLEE  v NEW YORK STATE, et al. - 19-cv-638

1           THE COURT:  Are you agreeable to the
2   settlement as way to fully and finally resolve this
3   matter?
4           MS. TROMBLEE:  I am agreeable.
5           THE COURT:  Okay.  So, Ms. Tromblee, I'm going
6   to mark this matter settled based upon the terms placed
7   upon the record.  All right?  I think it's good for you
8   to try to resolve this case and at some point try to
9   move forward with your life down South.  It's very
10  important you stay in contact your lawyers because they
11  need you to sign these papers.  Okay?
12          MS. TROMBLEE:  Yes.
13          THE COURT:  Okay.  Unless and until you do
14  that, we can't finalize the settlement for you, okay?
15          MS. TROMBLEE:  Yes, sir.
16          THE COURT:  All right.  Ms. Tromblee, anything
17  else I can do for you other than wish you a good day and
18  wish you good luck in the future?
19          MS. TROMBLEE:  No.  Thank you.
20          THE COURT:  Ms. Tromblee, it was nice meeting
21  you.  Good luck in the future.  All right?  Stay in
22  contacted with your lawyers, all right?  Thank you.
23          MS. TROMBLEE:  Thank you for helping.
24          THE COURT:  Mark the matter settled.  Let me
25  just thanks the lawyers.  I appreciate your efforts this

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

TROMBLEE  v NEW YORK STATE, et al. - 19-cv-638

1  matter in resolving this.  Have a good day.
2          Thank you, Ms. Tromblee.  Good luck.  MS.
3  TROMBLEE, you're done with me.  You don't need to speak
4  anymore, but your lawyers, who are nicer people, want to
5  talk to you for a bit.
6          MS. TROMBLEE:  Okay.
7          THE COURT:  Take care of yourself, all right?
8  Thank you.
9          (Proceeding concluded.)
10              * * * * * * * * * *
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

              Lisa L. Tennyson, CSR, RMR, FCRR
           UNITED STATES DISTRICT COURT - NDNY

C E R T I F I C A T I O N

    I, Lisa L. Tennyson, RMR, CSR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

               /s/ Lisa L. Tennyson
              Lisa L. Tennyson, RMR, RPR, FCRR

              Lisa L. Tennyson, CSR, RMR, FCRR
           UNITED STATES DISTRICT COURT - NDNY