UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARY TROMBLEE,

         *Plaintiff*,

-against-

THE STATE OF NEW YORK, NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES; CHAD DOMINIE, Individually and in his capacity as a Keyboard Specialist/Secretary for the Office for People with Developmental Disabilities at the Glens Falls Facility; LIAM STANDER, Individually and in his capacity as a Treatment Team Leader and Supervisor for the Office for People with Developmental Disabilities at the Glens Falls Facility; ALEXIS BARLOW, Individually and in her capacity as Treatment Team Leader and Office Supervisor for the Office for People with Developmental Disabilities at the Glens Falls Facility,

         *Defendants*.

**STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL PURSUANT TO RULE 41(A)**

1:19-cv-0638

(BKS/CFH)

---

  IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, Mary Tromblee ("Plaintiff"), and the State of New York, the New York State Office for People With Developmental Disabilities ("OPWDD"), Liam Stander, and Alexis Barlow (collectively, "Settling Defendants"), parties to the above-entitled action (the "Action"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Action has an interest in the subject matter of this Action, this Action be and the same hereby is settled on the particular circumstances of this case, on the following agreed-upon terms and conditions:

  1.  Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby dismisses this Action, inclusive of all outstanding claims, with prejudice and without damages,

costs, interest or attorneys' fees, under the conditions described in Paragraph 5 of this agreement, as against the Settling Defendants, including the State of New York's agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the Settling Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2.  The parties agree that no provision of this Stipulation shall be interpreted to acknowledge the validity of any allegations or claims raised during this Action.

3.  This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts, or merits of their respective positions.

4.  The settlement of this Action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated hereto. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

5.  In full consideration of Plaintiff's execution of this Stipulation, her agreement to be bound by its terms, and her undertakings as set forth herein, including the dismissal of the Action with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, following the execution of this Stipulation, and its being so ordered by the Court, the State of New York shall pay Plaintiff the entire gross sum of FIVE HUNDRED THOUSAND

DOLLARS ($500,000.00) in full settlement of any and all claims made in the Action, which amount includes all sums to which Plaintiff is entitled, and Plaintiff understands that taxes will not be withheld from the Settlement Amount, and no W-2 will be issued by the State of New York. The settlement payment is not compensation for lost wages or any monetary benefits flowing from Plaintiff's former employment with OPWDD. Plaintiff represents that Plaintiff's damages are a result of personal physical injuries and resulting pain and emotional harm suffered by the Plaintiff. A certification pursuant to 26 U.S.C. § 104(a)(2) is annexed hereto as Exhibit "A". The payment of said settlement will be made by check payable to Solomon Law Firm, PLLC, 300 Great Oaks Boulevard, Suite 312, Albany, New York 12203.

6. This settlement payment shall be made in full satisfaction of any and all claims, costs or fees related to the Action, including but not limited to damages, costs, and attorneys' fees. In full consideration of the payment of the sum set forth above, the Plaintiff hereby releases and forever discharges Settling Defendants, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, of OPWDD, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York and OPWDD ("Released Parties") from any and all causes of action, claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and liabilities, and demands direct or indirect, known or unknown, discovered or undiscovered, that the releasing parties ever had, now has, or shall have in the future against some, any, or all of the released parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint in this Action and all related filings and proceedings in the Action, including but

3

not limited to claims relating to or arising out of any alleged violation of Plaintiff's constitutional rights, and all other causes of action and claims of liability. Plaintiff does not waive or release any nonwaivable statutory protections. Plaintiff does not waive or release claims that may arise after Plaintiff executes the Stipulation.

7. Plaintiff agrees to indemnify and hold harmless the Defendants, and the State of New York, against any and all tax liability and claims arising therefrom.

8. Payment of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law. Plaintiff agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval effectuating payment.

9. Payment of the amount specified in Paragraph 5 is conditioned on the dismissal of all claims asserted in this Action against Defendant Chad Dominie, with prejudice and without damages, costs, interest or attorneys' fees, pursuant to a stipulation of dismissal signed by all parties in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and entered on the docket by the Clerk of the Court.

10. In the event that the payments referenced in Paragraph 5 of this Stipulation have not been made by the one hundred twentieth (120th) day after the receipt by the Office of the Attorney General of a "So Ordered" copy of this Stipulation, entered on the docket by the Clerk of the Court, together with all other documentation required under Paragraphs 8 and 9 of this Stipulation, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C.

§ 1961, commencing on the one hundred and twenty-first (121st) day, unless the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

11. This Stipulation shall be null and void if the approvals referred to in Paragraph 8 are not obtained, and the Action shall then be placed back on the active docket without prejudice.

12. Plaintiff represents and warrants that she is not a Medicare recipient, that she has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that she does not expect to be a Medicare recipient within the next thirty (30) months. Plaintiff agrees to deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit "B" ("Medicare Affidavit") to the Office of the Attorney General. Plaintiff and Plaintiff's attorneys acknowledge that receipt of the fully executed Medicare Affidavit together with any required attachments is a prerequisite to payment of the settlement amounts referenced in Paragraph.

13. Plaintiff agrees that Plaintiff shall have no claim, right, or cause of action against the State of New York, or any of their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them, for the satisfaction of any liens, or the payment of setoffs, deductions, or recoupments of any kind, including any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens, that may attach to the payments referenced in Paragraph 5 and that Plaintiff shall be responsible for the satisfaction of such liens or setoffs.

14. Other than the Action, Plaintiff represents that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on her own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Settling Defendants to enter into this Stipulation.

15. The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the claims asserted in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

16. Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the claims asserted in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

17. Neither Plaintiff nor Settling Defendants shall be deemed a "prevailing party" for any purpose, including any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

18. Plaintiff represents that she has thoroughly discussed all aspects of this Stipulation, including the General Release, with her counsel, and Plaintiff represents that she has carefully read and fully understands all of the provisions of this Stipulation. Plaintiff represents that she executes and delivers this Stipulation voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she understands its terms, contents, and effect.

19. The parties acknowledge that each party has cooperated in the drafting and

preparation of this Stipulation. The language in all parts of this Stipulation shall be in all cases construed according to its fair meaning and not strictly for or against any party.

20. This Stipulation may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

21. The terms of the Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to the releases and waiver of federal claims.

22. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
~~December __, 2023~~
January 2, 2024

Letitia James
Attorney General of the State of New York

By: /s/ Mark Mitchell
Mark G. Mitchell, Esq.
Brittany M. Haner, Esq.
Assistant Attorneys General
*Counsel for Defendants the State of New York and the New York State Office for People With Developmental Disabilities*
The Capitol
Albany, N.Y. 12224

7

Dated: Albany, New
York December 28, 2023

CAPEZZA HILL, LLP

By: _____
Benjamin W. Hill, Esq.
*Counsel for Defendant Liam Stander*
30 South Pearl Street, Suite P-110
Albany, N.Y. 12207

Dated: Albany, New York
~~December __, 2023~~
January 3, 2024

CONWAY, DONOVAN & MANLEY, PLLC

By: _____
Ryan T. Donovan, Esq.
*Counsel for Defendant Alexis Barlow*
50 State Street, 2nd Floor
Albany, N.Y. 12207

8

Dated: Albany, New York
       December 27, 2023

SOLOMON LAW FIRM, PLLC

By: _____
Ariel E. Solomon, Esq.
Kathryn Lynne Barcroft, Esq.
*Counsel for Plaintiff*
300 Great Oaks Blvd., Ste. 312
Albany, N.Y. 12203

Dated: Albany, New York
       December 27, 2023

_____
Mary Tromblee, Plaintiff

Dated: Syracuse, New York

    January 8, 2024

    SO ORDERED:

_____
**THE HONORABLE BRENDA K. SANNES**
CHIEF UNITED STATES DISTRICT JUDGE

**Exhibit A**

**<u>CERTIFICATION</u>**

I, **MARY TROMBLEE**, certify that the damages suffered, as stated in paragraph 5 of the Stipulation of Settlement and General Release, are a result of personal physical injuries and resulting pain and emotional harm suffered by me as set forth in 26 U.S.C. § 104(a)(2).

Dated: December 27, 2023

_____
Signature

_____
Print Name

**EXHIBIT B**

*Rev Nov 2017*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARY TROMBLEE,

                        Plaintiff,

-against-

THE STATE OF NEW YORK, NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES; CHAD DOMINIE, Individually and in his capacity as a Keyboard Specialist/Secretary for the Office for People with Developmental Disabilities at the Glens Falls Facility; LIAM STANDER, Individually and in his capacity as a Treatment Team Leader and Supervisor for the Office for People with Developmental Disabilities at the Glens Falls Facility; ALEXIS BARLOW, Individually and in her capacity as Treatment Team Leader and Office Supervisor for the Office for People with Developmental Disabilities at the Glens Falls Facility,

                        Defendants.
_____

AFFIDAVIT OF STATUS OF MEDICARE ELIGIBILITY

19-cv-0638

(BKS/CFH)

STATE OF NORTH CAROLINA  )
                                   ) ss.:
COUNTY OF _____  )

      MARY TROMBLEE, being duly sworn, deposes and says:

1.    I am the plaintiff in the above-entitled action, I am a citizen of [INSERT COUNTRY]: _____, and I reside in _____[COUNTY], North Carolina.

2.    I make this affidavit with full knowledge that it will be relied upon by the State of New York, its agents, employees and representatives ("OAG") in connection with the settlement of this action against action against defendants the State of New York, the New York State Office for People With Developmental Disabilities ("OPWDD"), Liam Stander, and Alexis

Barlow (collectively "Settling Defendants") in the matter of *Tromblee v. New York State et al.*, N.D.N.Y. Index No. 1:19-cv-0638, currently pending in the Northern District of New York, and specifically as it relates to the OAG's obligations to comply with the reporting requirements of Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3. I understand that a query will be made pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify my current Medicare status.

4. I hereby acknowledge and understand that, as mandated by CMS and promulgated by and through its rules and regulations including but not limited to the MMSEA and/or MSP, I am required to:

    a. reimburse Medicare from the judgment/settlement herein for *conditional payments* Medicare has made for treatment of injuries alleged in this action; and

    b. utilize the judgment/settlement proceeds to pay for future medical expenses, when those expenses are for care or treatment related to the injuries covered by the allegations in this litigation.

5. I further acknowledge that the information provided herein will be relied upon by defendant and OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 or as deemed necessary or required by the defendant and OAG.

6. I hereby agree to promptly provide OAG with any and all information that OAG deems necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

**PEDIGREE INFORMATION**

7. I have been known by (include all alias name[s], former name[s] and/or maiden name[s]) the following names: [INSERT NAMES: _____].

I hereby acknowledge that I can be identified by this/these name(s) and all these names do, indeed, refer to me.

8.   I consent to allow OAG to verify my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9.   I affirm that:

    a.   my social security number is [SSN: _____];
    b.   my date of birth is [DOB: _____]; and
    c.   my gender is female.

## CURRENT MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable current Medicare eligibility status ✎*

10.   As of the date of this affidavit:

    a.   ✎_____   I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

**OR**

    b.   ✎_____   I am a Medicare Beneficiary, and my Medicare number [HIC #] is _____.  I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action.  I understand that reimbursement directly to Medicare may be made from proceeds I receive from the [judgment/settlement] of this personal injury action; and

        i.   ✎_____   Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. ***(Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter)***; or

        ii.   ✎_____   Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date.  ***(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)***.  In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

        iii.   ✎_____   I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare.  Upon my receipt of the necessary documentation, I will promptly provide it to

3

[assigned AAG] and to OAG's Medicare Compliance Officer via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the [judgment/settlement] in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment, directly from the total proceeds of the judgment in/settlement of the above-captioned litigation, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

## FUTURE MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable future Medicare eligibility status ✎*

11. As of the date of this affidavit:

   a. ✎_____  I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the [judgment/settlement] of the above-captioned litigation. I affirm that I:
   i. I have not applied for social security disability (SSDI);
   ii. have not been denied SSDI and anticipating appealing that decision;
   iii. am not in the process of appealing or re-filing for SSDI;
   iv. am not 62.5 years or older; and
   v. do not have End Stage Renal Disease (a qualifying condition for Medicare);

   **OR**

   b. ✎_____  I am not current a Medicare Beneficiary. However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the [judgment/settlement] of the above-captioned litigation and

   i. ✎_____  I do not require any future treatment for injuries that are the subject of this personal injury action. The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – **specify all applicable documents**]* is attached. The attached certification confirms that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

   ii. ✎_____  I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached

4

    Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medicalexpenses relating to the injuries of this personal injury action; or

  iii. 🖉_____ I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

**OR**

c. 🖉_____ I am currently a Medicare Beneficiary and

  i. 🖉_____ I do not require any future treatment for injuries that are the subject of this personal injury action. The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – **specify all applicable documents**]* is attached. The attached certification confirms that no anticipated future treatment is required for the injuries that are the subject of this personal injury action; or

  ii. 🖉_____ I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this personal injury action; or

  iii. 🖉_____ I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

_____<br>MARY TROMBLEE     

Sworn to before me this
\_\_\_\_ day of _____, 20\_\_.


_____
NOTARY PUBLIC